UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF NEW YORK

# NOTICE

**THE ATTACHED FILING ORDER IS A TIME SENSITIVE DOCUMENT**

This filing order is to be served on all parties to the action along with the complaint or petition for removal within **sixty (60) days** of filing this action.

The attached Civil Case Management Plan must be completed and filed with the clerk no later than **seven (7) days** prior to the conference date referenced below.

CONFERENCE DATE/TIME: **April 25, 2018, at 11:00 AM**

CONFERENCE LOCATION: **All conferences will be conducted by telephone unless the parties are specifically directed to appear. Counsel for the plaintiff is directed to coordinate the initial conference call. Once all parties are on the conference line, Judge Baxter's chambers can be reached at 315-234-8600.**

BEFORE MAGISTRATE JUDGE: **ANDREW T. BAXTER**

CONTENTS:

- General Order #25 (Filing Order)
- Case Management Plan
- Case Assignment/Motion Schedules and Filing Locations
- Consent Form to Proceed before U.S. Magistrate Judge
- Individual Rules and Practices of Hon. Mae A. D'Agostino

**NOTE: ALL CIVIL ACTIONS SHALL BE REFERRED INTO THE NORTHERN DISTRICT'S MANDATORY MEDIATION PROGRAM EXCEPT THOSE CASES THAT HAVE BEEN DESIGNATED AS EXEMPT UNDER SECTION 2.1 (A) OF GENERAL ORDER #47.** If the ADR track below has been checked, this case will be referred into the Mandatory Mediation Program. Counsel are directed to review the Mandatory Mediation Plan prior to the Rule 16 Conference. Please refer to General Order #47 - Mandatory Mediation Program which is available on the Court's website at www.nynd.uscourts.gov.

___X___ ADR Track

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF NEW YORK

### GENERAL ORDER #25

### I. PURPOSE

It is the policy of this court to help litigants resolve their civil disputes in a just, timely and cost-effective manner. To that end, this court has adopted an Expense and Delay Reduction Plan in accordance with the Civil Justice Reform Act of 1990. This will tailor the level of individualized case management needs to such criteria as case complexity, and the amount of time reasonably needed to prepare the case for trial.

### II. SCOPE

This order applies to all civil cases filed in this court except: multi-district litigation, case remanded from the appellate court, reinstated and reopened cases, and cases in the following Nature of Suit (NOS) categories indicated on the JS44 Civil Cover Sheet: Prisoner Petitioners (463,510-560), Forfeiture/Penalty (625,690), Bankruptcy Appeals (422,423), Social Security Appeals (861-865), Contracts (only NOS 150,151,152,153, and other contract actions which involve the collection of debts owed to the United States), and Real Property (only NOS 220).

*Note - When the Court deems it appropriate, Rule 16 Scheduling Conferences will be held in the above excepted actions.

The Court has adopted the guidelines of civility as outlined in the New York State Bar Association Guidelines on Civility in Litigation, a copy of which is available on the courts web-site at www.nynd.uscourts.gov.

### III. SERVICE

**A. Timing:** When serving a Complaint or Notice of Removal, the filing party shall serve on all other parties a copy of this General Order and the attached materials. Service of process should be completed within **Sixty (60)** days from the initial filing date. This expedited service is necessary to fulfill the dictates of the Civil Justice Reform Act Expense and Delay Reduction Plan of this court and to ensure adequate time for pretrial discovery and motion practice. However, in no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4, or any other Rule or Statute which may govern service of process in a given action.

**B. Filing Proof(s) of Service:** Proof(s) of service of process are to be filed with the clerk's office no later than five (5) days after service of the complaint or notice of removal with a copy of this General Order.

**C. Non Compliance with Sixty (60) Day Service Requirement:** In the event that the filing party cannot comply with the Sixty (60) day service requirement, that party shall immediately notify the assigned Magistrate Judge and request an adjournment of the initial Rule 16 case management conference date contained in the attached Civil Case Management Plan.

If an adjournment of the conference date is granted, it shall be the responsibility of the filing party to notify all parties to the action of the new date, time and location for the case management conference. Proof of service of such notice shall then be immediately filed with the clerk's office.

### IV. ADDITIONAL PARTIES

Any party who, after the filing of the original complaint or notice of removal, causes a new party to be joined in the action shall promptly serve on that new party a copy of General Order 25 along with any additional Uniform Pretrial Scheduling Order that has been entered by the court.

## V. REMOVED CASES

In cases removed to this court from a state court, the removing defendant(s) shall serve on the plaintiff(s) and all other parties, at the time of service of the notice of removal, a copy of this General Order with the attached materials. The filing of a motion for remand does not relieve the moving party of any obligation under this General Order unless the assigned judge or magistrate judge specifically grants such relief.

## VI. TRANSFERRED CASES

The clerk shall serve a copy of this General Order on all parties that have appeared in any action transferred to this district. The clerk shall set a return date for the initial Rule 16 case management conference on the form attached to the General Order. It shall be the obligation of the plaintiff or plaintiff's counsel to arrange for completion of the attached Case Management Plan and to file the Plan with the clerk and to serve this General Order upon any party who had not appeared in the action at the time of transfer.

Attorneys appearing in transferred cases are reminded of their obligation to be properly admitted to this district in accordance with Local Rule 83.1. Attorneys must also be registered for electronic filing. Refer to Section XII of this General Order.

## VII. MATERIALS INCLUDED WITH THIS GENERAL ORDER PACKET

A) Notice of Initial Rule 16 Case Management Conference
B) Civil Case Management Plan
C) Case Assignment Form
D) Notice and Consent Form to Exercise of Jurisdiction by a United States Magistrate Judge

## VIII. ADR PROGRAMS

It is the mission of this court to do everything it can to help parties resolve their disputes as fairly, quickly, and efficiently as possible. The Court has adopted a Mandatory Mediation Program - see General Order #47 available on the Court's website. All civil cases that are not exempt under General Order #47 and are filed after January 1, 2014, as well as all cases where a Rule 16 Conference is scheduled after January 1, 2014, will be placed into the Mandatory Mediation Program. The Court may also refer other pending cases into the Mandatory Mediation Program. The parties are directed to review the Mandatory Mediation Plan requirements prior to the Rule 16 Pretrial Conference. At the Rule 16 Pretrial Conference, the assigned Magistrate Judge will set a deadline for the completion of Mediation under General Order #47. The referral of a case to the Mandatory Mediation Program does not delay or defer other dates established in the Scheduling Order and has no effect on the scheduled progress of the case toward trial.

**A) Settlement Conferences:**
The parties are advised that the court will honor a request for a settlement conference at <u>any</u> stage of the proceeding. A representative of the parties with the authority to bind the parties must be present with counsel or available by telephone at any settlement conference.

**B) Consent to Jury or Court Trial Before A United States Magistrate Judge:**
By written stipulation, the parties to any civil action may elect to have a magistrate judge (instead of the assigned Article III judge) conduct all proceedings in any civil case, including presiding over a jury or bench trial. A trial before a magistrate judge is governed by the same procedural and evidentiary rules as trial before a district judge. The right to appeal is automatically preserved to the United States Court of Appeals under the same standards which govern appeals from an Article III judge. Parties often consent to resolution of their civil disputes by magistrate judge bench or jury trial because magistrate judges have less crowded calendars.

## IX. DISCOVERY

**A. Discovery Motions:** Prior to bringing a discovery dispute to a Magistrate Judge, the parties must confer in good faith in accordance with the provisions of Local Rule 7.1(d). In addition, no non-dispositive or discovery motions should be presented to the Court unless authorized by the Magistrate Judge after communication with the Magistrate Judges' chambers.

**B. Filing Discovery:** Parties are directed <u>not</u> to file discovery material unless it is being filed in accordance with

Local Rule 26.2.

For additional information on local requirements related to depositions and discovery please refer to Section V. of the Local Rules of this court.

## X. MOTIONS

**A. Motion Return Dates:** Please refer to the attached case assignment form for a complete listing of the motion return dates for the judges and magistrate judges of this court.

For additional information on local requirements related to motion practice, please refer to Local Rule 7.1.

## XI. CASE MANAGEMENT CONFERENCE

Except in actions exempted under Section II of this order, or when otherwise ordered by the court, the parties shall, as soon as practicable, but no later than **twenty-one (21) days** before the Rule 16 conference, confer to jointly address each item contained in the attached Case Management Plan packet. The completed plan is to be filed with the clerk not later than **seven (7) days** prior to the conference date. The NOTICE setting the date, time, and location for the initial Rule 16 conference with the court is included as part of this filing order. Mandatory disclosures under Fed. R. Civ. P. 26(a) shall be exchanged at least **seven(7) days** prior to the conference date, unless the parties have obtained prior approval from the assigned Magistrate Judge to extend that deadline. The Civil Justice Reform Act Plan of this court requires the court to set ''''early, firm''''' trial dates, such that the trial is scheduled to occur within **eighteen(18) months** after the filing of the complaint, unless a judicial officer certifies that (I) the demands of the case and its complexity make such a trial date incompatible with serving the ends of justice; or (II) the trial cannot reasonably be held within such time because of the complexity of the case or the number or complexity of pending criminal cases.

## XII. ELECTRONIC FILING

As of January 1, 2004, all documents submitted for filing by attorneys admitted to practice in the Northern District of New York shall be filed electronically using the CM/ECF system. Refer to General Order #22 for procedures for filing documents electronically. Attorneys must be registered for both PACER and CM/ECF. Consult the CM/ECF section of the courts web-site at www.nynd.uscourts.gov for PACER registration, CM/ECF registration, CM/ECF training dates, and General Order #22.

**REVISED GENERAL ORDER #25**
**Dated:   June 23, 2016**

  s/  
_____
**Hon. Glenn T. Suddaby.**
**Chief U.S. District Judge**

- The 1/3/2010 revision added Magistrate Judge Andrew T. Baxter.
- The 4/18/2011 revision added U.S. District Judge Mae A. D'Agostino and Magistrate Judge Victor E. Bianchini.
- The 12/16/2011 revision reflects Hon. Gary L. Sharpe as Chief Judge.
- The 2/10/2012 revision added Magistrate Judge Thérèse Wiley Dancks.
- The 9/1/2012 revision added Magistrate Judge Christian F. Hummel.
- The 10/1/2012 revision reflects the retirement of Senior Judge Neal P. McCurn.
- The 10/25/2013 revision includes information on Mandatory Mediation - See Gen.Order #47.
- The 11/4/2013 revision includes changes to deadlines for mandatory disclosures under Fed. Rule 26(a), and changes the date for the filing of the civil case management plan from 14 days prior to the conference to 7 days prior to the conference.
- The 12/29/2014 revision added U.S. District Judge Brenda K. Sannes.
- The 10/1/2015 revision reflects Hon. Glenn T. Suddaby as Chief Judge, added Magistrate Judge Daniel J. Stewart, and reflects the retirement of Hon. Randolph F. Treece.
- The 1/1/2016 revision reflects Hon. Gary L. Sharpe taking senior status.
- The 6/23/2016 revision relates to amended G.O. #47 Mandatory Mediation Program.

CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**Naomi Gonzales**

No. **5:18-CV-235 MAD/ATB**

VS

**Agway Energy Services, LLC**

---

**IT IS HEREBY ORDERED that,** Pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable ANDREW T. BAXTER, United States Magistrate Judge on **April 25, 2018, at 11:00 AM**.  All conferences will be conducted by telephone unless the parties are specifically directed to appear.  Counsel for the plaintiff is directed to coordinate the initial conference call.  Once all parties are on the conference line, Judge Baxter's chambers can be reached at 315-234-8600.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the _____ day of _____, _____.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the _____ day of _____, _____.

**3) DISCOVERY:** All discovery in this action shall be completed on or before the _____ day of _____, _____. **(Discovery time table is to be based on the complexity of the action)**

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the _____ day of _____, _____. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

Page 1

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the _____ day of _____, _____. It is anticipated that the trial will take approximately _____ days to complete. The parties request that the trial be held in _____, N.Y.  **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND:** _____(YES) / _____(NO).

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

**12) DISCOVERY PLAN:**

    A.    <u>**Mandatory Disclosures**</u>

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

    B.    <u>**Subjects of Disclosure**</u>

The parties jointly agree that discovery will be needed to address the following subjects:

    C.    <u>**Discovery Sequence**</u>

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

    D.    <u>**Written Discovery**</u>

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

**E.     Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

_____

_____

_____

**F.     Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

_____

_____

_____

**G.     Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

_____

_____

_____

**H.      Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

_____

_____

_____


**I.      Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

_____

_____

_____


**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

_____

_____

_____

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

_____

_____

_____

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

_____

_____

_____

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

1-----2-----3-----4-----5-----6-----7-----8-----9-----10
(VERY UNLIKELY)➜ ➜ ➜ ➜ ➜ ➜ ➜ ➜ ➜ ➜ ➜ (LIKELY)

CANNOT BE EVALUATED PRIOR TO _____(DATE)

Page 5

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**
_____
_____

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

**COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE - Subject to Mandatory Mediation under General Order #47.**

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:**

   A.  Reviewed General Order #47?     YES / NO

   B.  Reviewed the List of Court Approved Mediators available on the NDNY website?     YES / NO

   C.  Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program?     YES / NO

   D.  Discussed the time frame needed to complete Mandatory Mediation?     YES / NO

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on _____ at _____and was attended by:
                                                                         (Date)                      (Place)

_____for plaintiff(s)

_____for defendant(s)_____
                                                                                                                  (party name)

_____for defendant(s)_____
                                                                                                                   (party name)

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.*

<u>CASE ASSIGNMENT FORM</u>

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

**CIVIL ACTION NUMBER**   <u>  5:18-CV-235, MAD/ATB  </u>

ALL CORRESPONDENCE AND FILINGS SHOULD BEAR THE INITIALS OF THE ASSIGNED JUDGE AND MAGISTRATE JUDGE IMMEDIATELY FOLLOWING THE CIVIL ACTION NUMBER.
(*IE: CIVIL ACTION NO 5:11-CV-0123, NAM-DEP*)

DOCUMENTS SHOULD BE FILED IN ACCORDANCE WITH GENERAL ORDER #22.

ACTION ASSIGNED TO THE JUDGE AND MAGISTRATE JUDGE CHECKED BELOW:

**INITIALS**

<u>   X   </u>       JUDGE MAE A. D'AGOSTINO                    (MAD)

<u>   X   </u>       MAGISTRATE JUDGE ANDREW T. BAXTER          (ATB)

<u>**PRO SE LITIGANTS:**
**SEND ALL ORIGINAL PAPERS TO THE CLERK'S OFFICE LISTED BELOW:**</u>

Clerk, U.S. District Court
James T. Foley U.S. Courthouse
445 Broadway
Albany NY 12207-2936

**All papers filed with the Court must conform to Local Rule 10.1**

**~ COUNSEL ~**

**ALL DOCUMENTS SHALL BE FILED ELECTRONICALLY
ON THE COURT'S CM/ECF SYSTEM**

**PLEASE REFER TO GENERAL ORDER #22
FOR PROCEDURES FOR FILING DOCUMENTS ELECTRONICALLY**

Page 1

ALL **NON-DISPOSITIVE** MOTIONS ARE TO BE MADE RETURNABLE ON A SUBMIT BASIS BEFORE THE ASSIGNED **MAGISTRATE JUDGE**. *PLEASE REFER TO LOCAL RULE 7.1(b)1.* **ALL MOTIONS FILED AND MADE RETURNABLE BEFORE MAGISTRATE JUDGES WILL BE TAKEN ON A SUBMIT BASIS UNLESS:** THE PARTIES REQUEST ORAL ARGUMENT AND/OR THE COURT DIRECTS THE PARTIES TO APPEAR FOR ORAL ARGUMENTS, PROVIDED, HOWEVER, THAT MAGISTRATE JUDGE DAVID E. PEEBLES REQUIRES ORAL ARGUMENT ON ALL MOTIONS UNLESS THE COURT DIRECTS OTHERWISE.

For more specific schedules please visit our website at:
**www.nynd.uscourts.gov**

## MONTHLY MOTION SCHEDULES

| **JUDGE MAE A. D'AGOSTINO** | **MAGISTRATE JUDGE ANDREW T. BAXTER** |
|---|---|
| 10:00 A.M.- 1ST AND 3RD TUESDAY OF EACH MONTH AT ALBANY. No oral argument on scheduled motion return date, unless Judge D'Agostino's chambers sua sponte directs or grants the request of any party for oral argument. | 10:00 A.M.- 2ND AND 4TH THURSDAY OF EACH MONTH AT SYRACUSE. No oral argument on scheduled motion return date, unless Judge Baxter's chambers sua sponte directs or grants the request of any party for oral argument. |

# CONSENT TO THE EXERCISE
# OF CIVIL JURISDICTION BY A MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. Section 636(c), you are hereby notified that the United States Magistrate Judges of this district court, in addition to their other duties, may, upon consent of all the parties in a civil case, conduct any or all proceedings in the case, including a jury or non jury trial, and order the entry of a final judgment.

You should be aware that your decision to consent to the referral of your case to a United States Magistrate Judge for disposition is entirely voluntary and should be indicated by counsel endorsing the attached consent form for the plaintiff(s) and defendant(s). If the form is executed by all counsel for the parties (or by the parties if appearing pro se), it should be communicated solely to the clerk of the district court. ONLY if all the parties to the case consent to the reference to a magistrate judge will either the judge or magistrate judge to whom the case has been assigned be informed of your decision.

Your opportunity to have your case disposed of by a magistrate judge is subject to the calendar requirements of the court. Accordingly, the district judge to whom your case is assigned must approve the reference of the case to a magistrate judge for disposition.

In accordance with 28 U.S.C. Section 636(c) (3), an appeal from a judgment entered by a magistrate judge will be taken to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court. See Also L.R. 72.2(b)(5).

Copies of the consent form are available in any office of the clerk of the court and on the court webpage at
www.nynd.uscourts.gov

**\*\*ATTACHED FOR YOUR CONSIDERATION IS A BLANK CONSENT FORM\*\***

UNITED STATES DISTRICT COURT
for the
Northern District of New York

**Naomi Gonzales**

                v.                Civil Action No.: **5:18-CV-235 (MAD/ATB)**

**Agway Energy Services, LLC**

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.*  The following parties consent to have a United States magistrate judge conduct all proceedings in this case including the trial, the entry of a final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### REFERENCE ORDER

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. §636(c) and Fed. R. Civ. P. 73.

Date: _____                  _____
                                                                                 *District Judge's signature*

                                                              _____
                                                                    *Printed name and title*

NOTE:  Return this form to the clerk of the court only if you are consent to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.

NOTICE TO PARTIES OF COURT-DIRECTED
MANDATORY MEDIATION PROGRAM

You are receiving this Notice because your case has been referred into the Court's Mandatory Mediation Program.

Counsel are directed to carefully review the Mandatory Mediation Plan and the requirements contained therein (General Order #47), prior to the Rule 16 Conference.

All inquiries regarding the Mandatory Mediation Program should be directed to:

Judi McNicholas
ADR Program Administrator
U.S. District Court
James M. Hanley Federal Building
P.O. Box 7367
100 S. Clinton Street
Syracuse, New York 13261
Telephone: 315-234-8573
email: Judi_McNicholas@nynd.uscourts.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
JAMES T. FOLEY U.S. COURTHOUSE
445 BROADWAY, COURTROOM 5
ALBANY, NEW YORK 12207

HON. MAE A. D'AGOSTINO
UNITED STATES DISTRICT JUDGE

### INDIVIDUAL RULES AND PRACTICES OF HON. MAE A. D'AGOSTINO[1]

For all cases filed on or after **May 1, 2016** assigned to Judge D'Agostino shall be conducted in accordance with the following practices unless otherwise ordered by the Court.  **All cases filed prior to May 1, 2016 shall be conducted in accordance with the Local Rules of Practice for the Northern District of New York.**

**1.      Request for Adjournments or Extensions of Time**

Requests for adjournments or extensions of time shall be in writing and shall be made at least 48 hours prior to the scheduled date.  Requests shall state (1) the original date, (2) the number of previous requests for adjournment or extensions, (3) whether previous requests were granted or denied, and (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent.  If the requested adjournment or extension affects any other schedule dates, a proposed scheduling order (reflecting only business days) must be attached.

**2.      Motions**[2]

**A. Pre-Motion Letters and Conferences in Civil Cases.**[3]

> *i. General Provisions* A pre-motion letter and conference with the Court are required before making any of the following motions: (1) motions to dismiss or for judgment on the pleadings; (2) motions for summary judgment; (3) motions for preliminary injunctive relief; and (4) motions for sanctions.  To arrange a

---

[1] To the extent that any of the rules and practices set forth herein conflict with the Local Rules of the Northern District of New York, the rules set forth herein control.

[2] Any motions filed that failed to comply with these rules will be summarily denied by the Court.

[3] Unless otherwise ordered, the Individual Rules and Practices relating to motion practice do not apply to the following types of civil cases: (1) social security appeals; (2) habeas corpus proceedings; (3) bankruptcy appeals; (4) civil rights cases brought by inmates proceeding *pro se*; and (5) student loan cases.

pre-motion conference, the moving party shall submit a letter not to exceed **three** pages in length, double spaced, setting forth the grounds for the anticipated motion.  The opposing part may respond with a letter not to exceed **three** pages, double spaced within three business days of receiving the pre-motion letter.  The opposing party shall briefly describe any anticipated arguments in opposition and applicable defenses.  Upon review, the court will either permit the filing of the proposed motion or issue an order scheduling a conference with the parties to discuss the issues raised.  The proposed motion shall not be filed until the Court enters an order with respect to the pre-motion letter.[4]

***ii.  Motions to dismiss.***  Motions to dismiss and for judgment on the pleadings in civil cases will be decided **"with prejudice"** where the opposing party has been given the opportunity to amend the pleadings after receiving the moving party's pre-motion letter.  The transmittal of a pre-motion letter for a proposed motion under Rule 12(b) of the Federal Rules of Civil Procedure stays the time to answer or move until further order of the Court.

***iii.  Orders to Show Cause.***  Any application presented by order to show cause must include a written explanation (with case and statutory authority) why ordinary motion practice is not available and why the matter is appropriately treated as an order to show cause.

**B.  Courtesy Copies.**

***i.  Motion Papers.***  Courtesy copies of motions and responses thereto are only required when specifically ordered by the Court.  If the Court orders a party to provide courtesy copies of a pending motion or response thereto, any accompanying affidavits, declarations, and attached exhibits shall be printed frm the docket of the Court's electronic filing system (CM-ECF) so that the courtesy copies contain the page and docket numbers assigned by CM-ECF.  Courtesy copies of any accompanying affidavits/declarations with attached exhibits shall be bound, labeled, tabbed, and indexed.

***ii.  Exceptions.***  Unless otherwise ordered, courtesy copies shall not be required in motions or responses submitted by *pro se* litigants, habeas corpus proceedings, social security proceedings, and prisoner civil rights litigation.

**C.  Memoranda of Law.**

***i.  General Provisions.***  Memoranda of law in support of and in opposition to motions may be up to 25 pages (double-spaced), and reply memoranda may be up

---

[4] Among other purposes, the exchange of letters enables the Court to set an appropriate briefing schedule and to explore whether the motion may be (1) obviated by an amendment to the pleadings or by consent to the relief sought; or (2) deferred to a different juncture in the case.

to 10 pages (double-spaced). All memoranda of 10 pages or more shall contain a table of contents and a table of authorities. All memoranda shall be double-spaced with one-inch margins, and 12-point font for text and footnotes (footnotes and block quotations may be single-spaced).

*ii. Multiple parties/joint motions.* All motions shall be filed jointly if there is more than one movant on a side (*i.e.*, plaintiffs or defendants) unless the Court permits otherwise during the pre-motion conference. If the parties wish to file separate/multiple motions seeking the same relief, in their pre-motion letter, those parties must provide the Court with compelling justification as to why a joint motion is inappropriate.

*iii. Opposition/Cross-Motion.* All parties opposing a motion shall file a joint opposition. Any cross-motion shall be included in the opposition brief.

*iv. Reply.* One reply may be filed in support of a motion. Replies shall include any opposition to a cross-motion.

*v. Sur-reply.* Sur-replies are not permitted without prior authorization of the Court. A party wishing to file a sur-reply must submit a letter request, not to exceed **one** page, setting forth the reasons it believes a sur-reply is necessary.

**D. Oral Argument on Motions.** Most motions will be resolved "on submission." The Court will order oral argument only when it deems it necessary for the resolution of the motion.

**E. Electronic Filing of Motions.** When filing a motion or response which includes exhibits, each exhibit shall be filed as a separate docket sub-entry/attachment to the corresponding motion. Each docket entry shall indicate the exhibit number and provide a brief description of the exhibit.

**F. Confidentiality Orders and Sealing.** Litigants should assume that all pleadings and documents will appear on the public docket, with very limited exceptions. No pleadings, motions or other documents may be filed under seal without prior authorization frm the Court. The request to file a document or documents under seal shall include a declaration setting forth good cause or compelling reasons why the documents should be sealed, in addition to a proposed confidentiality order. Proposed confidentiality orders submitted to the Court shall include the following language:

> "The Court retains discretion whether to afford confidential treatment to any confidential document submitted to the Court in connections with any motion, application, or proceeding that may result in an order and/or decision by the Court."

**G. Default Judgment.** In addition to the requirements set forth in the Federal and Local Rules of Civil Procedure, a party moving for default judgment must include a certificate of service demonstrating that it has served the motion no the party against whom default is sought.

3. **Cases Removed from State Court**

All parties removing actions to this Court pursuant to 28 U.S.C. § 1441 shall, no later than seven (7) days after filing a notice of removal, file and serve a signed statement that sets forth the following information

(a). The date on which each defendant first received a copy of the summons and complaint in the state court action.

(b). The date on which each defendant was served with a copy of the summons and complaint, if any of those dates are different from the dates set forth in item (a).

(c). In diversity cases, whether any defendant who has been served is a citizen of New York. Also, if any party is a partnership, limited liability partnership or limited liability company or corporation, the citizenship of each partner, general partner, limited partner and member, and if any such partner, general partner, limited partner or member is itself a partnership, limited liability partnership or limited liability company or corporation, the citizenship of each member.

(d). If removal takes place more than thirty (30) days after any defendant first received a copy of the summons and complaint, the reasons why removal has taken place at this time.

(e). The name of any defendant served prior to the filing of the notice of removal who has not formally joined in the notice of removal and the reasons why any such defendant did not join in the notice of removal.