# Exhibit 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

JANET ROLLAND, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

SPARK ENERGY, LLC,

    Defendant.

Civil Action No. 17-2680 (MAS) (LHG)

**ORDER**

This matter comes before the Court upon Defendant Spark Energy, LLC's ("Defendant") motion to dismiss Plaintiff Janet Rolland's ("Plaintiff") Complaint. (ECF No. 17.) Plaintiff opposed (ECF No. 20), and Defendant replied (ECF No. 21). The Court heard oral argument on the motion on November 28, 2017 and placed its decision on the record during a telephone conference on December 7, 2017. For the reasons set forth on the record and for other good cause shown,

**IT IS** on this 7th day of December 2017, **ORDERED** that:

1. Defendant's motion to dismiss (ECF No. 17) Plaintiff's New Jersey Consumer Fraud Claim is granted.

2. Plaintiff may file an amended complaint, by January 7, 2018, as to the New Jersey Consumer Fraud Claim.

3. Defendant's motion to dismiss Plaintiff's Breach of Contract Claim is denied.

4. Defendant's motion to dismiss Plaintiff's Breach of the Implied Covenant of Good Faith and Fair Dealing claim is denied.

                                                             s/Michael A. Shipp
                                                              **MICHAEL A. SHIPP**
                                                              **UNITED STATES DISTRICT JUDGE**

1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____

JANET ROLLAND, individually
and on behalf of all others
similarly situated,                    CIVIL ACTION NUMBER:

       Plaintiff,                     3:17-cv-02680-MAS-LHG

       -vs-                            **TELEPHONE**
                                       **CONFERENCE/DECISION**
SPARK ENERGY, LLC,

       Defendant.
_____

    Clarkson S. Fisher United States Courthouse
    402 East State Street
    Trenton, New Jersey  08608
    December 7, 2017

**B E F O R E:**     HONORABLE MICHAEL A. SHIPP
                  UNITED STATES DISTRICT JUDGE

**A P P E A R A N C E S:**

MAZIE, SLATER, KATZ & FREEMAN, LLC
BY:  D. GREG BLANKINSHIP, ESQUIRE
     and
   ADAM M. EPSTEIN, ESQUIRE
On behalf of the Plaintiff.

MORGAN, LEWIS & BOCKIUS, LLP
BY:  ERZA D. CHURCH, ESQUIRE
     and
   MICHELLE PECTOR
On behalf of the Defendant.


Certified as True and Correct as required by Title 28,
U.S.C., Section 753
   /S/ Cathy J. Ford, CCR, CRR, RPR

2

1               THE COURT:  Good morning, Counsel.
2               COUNSELS:  Good morning, your Honor.
3               THE COURT:  We are here and we're on the
4     record in the matter of Janet Rolland v. Spark Energy,
5     Docket Number 17-2680.
6               Who's on the line for the Plaintiff?
7               MR. BLANKINSHIP:  Greg Blankinship is here
8     from Finkelstein, Blankinship, Frei-Pearson and
9     Garber.
10              MR. EPSTEIN:  And Adam Epstein from Mazie,
11    Slater, Katz and Freeman.  Good morning, your Honor.
12              THE COURT:  Good morning.
13              Who's on for the Defendant?
14              MR. CHURCH:  Good morning, Judge.  Erza Church
15    from Morgan Lewis on behalf of Spark Energy, LLC.
16              MS. PECTOR:  Good morning, your Honor.
17    Michelle Pector also on behalf of Spark Energy, LLC
18    for Morgan Lewis.  Good morning.
19              THE COURT:  Good morning.
20              Is there anyone else on the line today?
21              Okay.  Look, as you folks are aware the Court
22    heard oral argument on Defendant's motion to dismiss
23    last week and the Court scheduled a telephone
24    conference this morning to place the decision on the
25    record.

1          Please note that for ease of reference, I am
2   not going to reference any citations or any footnotes
3   that may be in the opinion.  Those will be included in
4   the transcript if you should so choose to order it.
5          Here, Defendant seeks to dismiss Plaintiff's
6   New Jersey Consumer Fraud Act, breach of contract, and
7   breach of implied covenant of good faith and fair
8   dealing claims.
9          On a motion to dismiss for failure to state a
10  claim, the "defendant bears the burden of showing that
11  no claim has been presented."  *Hedges v. United*
12  *States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation
13  omitted).  A district court is to conduct a three-part
14  analysis when considering a Rule 12(b)(6) motion to
15  dismiss.  *See Malleus v. George*, 641 F.3d 560, 563 (3d
16  Cir. 2011).  "First, the court must 'tak[e] note of
17  the elements a plaintiff must plead to state a
18  claim.'"  *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S.
19  662, 675 (2009)) (alteration in original).  Second,
20  the court must "review[] the complaint to strike
21  conclusory allegations[.]"  *Id*.  The court must accept
22  as true all of the plaintiff's well-pleaded factual
23  allegations and "construe the complaint in the light
24  most favorable to the plaintiff."  *Fowler v. UPMC*
25  *Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation

4

1  omitted).  Finally, the court must determine whether
2  "the facts alleged in the complaint are sufficient to
3  show that the plaintiff has a 'plausible claim for
4  relief.'"  *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556
5  U.S. at 679).
6       Where a plaintiff pleads fraud, however, the
7  plaintiff "must meet a heightened pleading standard
8  under Federal Rule of Civil Procedure 9(b)."  *Zuniga*
9  *v. Am. Home Mortg.*, No 14-2973, 2016 WL 6647932, at *2
10 (D.N.J. Nov. 8, 2016).  "In alleging fraud . . . , a
11 party must state with particularity the circumstances
12 constituting fraud . . . ."  Fed. R. Civ. P. 9(b).  "A
13 plaintiff alleging fraud must therefore support its
14 allegations 'with all of the essential factual
15 background that would accompany the first paragraph of
16 any newspaper story — that is, the who, what, when,
17 where and how of the events at issue.'"  *U.S. ex rel.*
18 *Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812
19 F.3d 294, 307 (3d Cir. 2016) (quoting *In re*
20 *Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d
21 198, 217 (3d Cir. 2002)).
22      So first, with respect to Plaintiff's New
23 Jersey Consumer Fraud Act claim —
24      To state a claim under the New Jersey Consumer
25 Fraud Act, a plaintiff must plausibly allege: "(1)

5

unlawful conduct by defendant; (2) an ascertainable loss by plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable loss." *Hamlen v. Gateway Ener. Servs. Corp.*, No. 16-3256, 2017 WL 892399, at *3 (S.D.N.Y. Mar. 6, 2017) (citing *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543, 557 (2009)).

"Simple breach of contract is insufficient to state a NJCFA claim; plaintiff must allege 'substantial aggravating circumstances.'" *Hamlen*, *2017 WL 892399, at *3* (citing *Windley v. Starion Ener., Inc.*, 2016 WL 197503, at *2 (S.D.N.Y. Jan. 8, 2016) (quoting *Suber v. Chrysler Corp.*, 104 F.3d 578, 587 (3d Cir. 1997)). The Terms and Conditions in the present case do not provide that Defendant may set its rates based on a number of factors. Similarly, the Terms and Conditions do not contain the type of discretionary language contained in the contracts in other cases in which courts found that plaintiffs could not sustain NJCFA claims. The Court, therefore, declines to adopt the reasoning in the line of cases cited by Defendant. Rather, the Court finds the line of cases cited by Plaintiff more persuasive. In particular, the Court finds *Melville v. Spark Energy, Inc., Melville v. Spark Ener.*, 15-8706, 2016 WL

6775635 (D.N.J. Nov. 15, 2016) and *Vitale v. U.S. Gas & Electric, Inc., Vitale v. U.S. Gas & Elec., Inc.*, 14-4464, 2016 WL 1060807 (D.N.J. Mar. 16, 2016) persuasive.  The facts alleged in both cases with respect to those plaintiffs, however, were more specific than the facts alleged with respect to Plaintiff in the current case.  Here, the Court finds that Plaintiff did not satisfy Rule 9(b)'s pleading standards as to the New Jersey Consumer Fraud claim. Accordingly, the Court grants Defendant's motion to dismiss the New Jersey Consumer Fraud claim.  The Court will grant Plaintiff leave to amend this claim.

Second, with respect to Plaintiff's breach of contract claim —

In order to state a valid breach of contract claim under New Jersey law, a plaintiff must allege that: "(1) a valid contract existed between the plaintiff and the defendant, (2) the defendant breached the contract, (3) the plaintiff performed her obligations under the contract, and (4) the plaintiff incurred damages as a result of that breach." *Melville*, 2016 WL 6775635, at *5.  Here, the Court finds the analysis with respect to the breach of contract claim in *Melville v. Spark Energy* persuasive. Accordingly, the Court adopts the reasoning in

*Melville* for the purposes of this decision and denies Defendant's motion to dismiss the breach of contract claim.

Third, with respect to Plaintiff's breach of the implied covenant of good faith and fair dealing claim —

In order to state a claim for breach of the implied covenant of good faith and fair dealing, a Plaintiff must demonstrate that: "(1) a contract exists between the plaintiff and the defendant; (2) the plaintiff performed under the terms of the contract . . . (3) the defendant engaged in conduct, apart from its contractual obligations, without good faith and for the purpose of depriving the plaintiff of the rights and benefits under the contract; and (4) the defendant's conduct caused the plaintiff to suffer injury, damage, loss or harm." *Melville*, 2016 WL 6775635, at *5 (citing *Wade v. Kessler Inst.*, 778 A.2d 580, 586 (N.J. Super. Ct. App. Div. 2001), *aff'd as modified*, 798 A.2d 1251 (N.J. 2002)). A plaintiff, however, "may not maintain a separate action for breach of the implied covenant of good faith and fair dealing [where] it would be duplicative of [its] breach of contract claim." *Melville*, 2016 WL 6775635, at *5 (citing *Hahn v. Onboard LLC*, No. 09-3639, 2009

8

WL 4508580, at *6 (D.N.J. Nov. 16, 2009)). Plaintiff argues that her claim should survive because "Plaintiff asserts that Defendant's bad faith conduct was part of its premeditated scheme to price gouge its customers, and thus implicates conduct that preceded the formation of the contract." (Pl.'s Opp'n Br. 33, ECF No. 20.) Plaintiff additionally argues that even assuming that the implied covenant of good faith and fair dealing claim arises from the same alleged duties as her breach of contract claim, she may plead such claims in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2). (*Id.*)

Defendant asserted during oral argument that "may" could mean "may" or "may not." (Rough Uncertified Trial Tr. 5:17-18.) Hence, Defendant argues that Spark had the discretion to change its rates. "New Jersey law recognizes the validity of claims for breach of the implied covenant [of good faith and fair dealing] when the claim is based on allegations the defendant abused discretion the contract expressly granted." *Hamlen*, 2017 WL 892399, at *4 (citing *Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 244 (2001)). Here, "[P]laintiff has sufficiently alleged [D]efendant acted in bad faith by exercising its discretion to charge unreasonable rates to

9

1 profiteer off its customers, who reasonably expected
2 to pay [D]efendant competitive prices for [energy].
3 Defendant's rates were substantially higher than its
4 competitor's rates. . . . That [D]efendant's rates
5 varied from the competition so significantly and did
6 not react to other indicators of market conditions
7 suggests [for purposes of pleading standards] that
8 [D]efendant exercised its discretion in bad faith or
9 with improper motive." *Hamlen*, 2017 WL 892399, at *5.
10 The Court agrees that Plaintiff may not ultimately
11 maintain both breach of contract and breach of implied
12 covenant of good faith and fair dealing claims.  The
13 Court, nevertheless, will permit both claims to
14 survive as alternative claims at this stage of the
15 proceedings.
16         So with that, the Court will issue an order
17 that is consistent with this bench decision and that
18 is my decision on the motion that was pending.
19         And with that, that's all that I have for the
20 record for today.  Thank you very much, Counsel.
21         MR. CHURCH:  Thank you.
22         MR. BLANKINSHIP:  Thank you, your Honor.
23         THE DEPUTY COURT CLERK:  All rise.
24         (Court concludes at 10:39 a.m.)
25