# Exhibit 3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID FRITZ, : | |
|     Plaintiff, : | |
| : | |
| v. : | 3:14cv634 (WWE) |
| : | |
| : | |
| NORTH AMERICAN POWER & GAS, : | |
| LLC, : | |
|     Defendant. : | |

**RULING ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff David Fritz brings this putative class action against defendant North American Power & Gas, alleging breach of the New Jersey Consumer Fraud Act ("NJCFA"), breach of contract and unjust enrichment. Plaintiff asserts federal jurisdiction pursuant to the Class Action Fairness Act.

Defendant has filed a motion to dismiss. For the following reasons, the motion to dismiss will be denied.

**BACKGROUND**

For purposes of this ruling, the Court assumes that the allegations are true.

Defendant is an energy supplier and a limited liability company organized under the laws of Delaware with a principal place of business in Connecticut. Plaintiff is a citizen of New Jersey who became a customer of defendant in March 2013.

As a result of the 1999 restructuring of the electric and natural gas utility industry in New Jersey, the New Jersey electric and natural gas industry is open to competition and consumers may choose their suppliers

After defendant offered plaintiff a rate that was slightly lower than his then-rate, he agreed to engage defendant's services.

Electricity Rates

Defendant sent plaintiff a letter informing him that after the initial rate expired, the electric plan would provide a "market based variable rate." Defendant's Terms of Service stated that defendant "offers a variable rate for electricity which may be adjusted on a monthly basis" and that the rate may "increase or decrease to reflect price changes in the wholesale power market."

However, plaintiff asserts that there were periods of time in which the market price of electricity declined or remained steady while defendant's prices rose; and that defendant's rate would rise or remain steady while wholesale power prices fell. Plaintiff alleges that defendant's statements regarding its electricity rates are materially misleading to a reasonable consumer.

Natural Gas

Defendant markets natural gas using uniform and non-negotiable contracts that represent to consumers that the price for natural gas defendant charges "will fluctuate on a monthly basis, based on the market price of natural gas, and will consist of the sum of a variable energy charge plus retail service charge and any applicable taxes." The contract provides further that the "rate may increase or decrease to reflect price changes in the wholesale natural gas market, and is always subject to change at the discretion of NAP." However, during the time relevant to this action, the market price declined or remained steady but defendant's prices rose. Plaintiff alleges that

defendant's statements with respect to its natural gas rates are materially misleading because consumers do not receive a price based on a market price of natural gas.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss for failure to state a claim, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### NJCFA

Defendant argues that plaintiff fails to state a prima facie case under the NJCFA because he has not alleged substantial aggravating circumstances or that the alleged unlawful business practice is beyond normal reasonable business practices such that it victimized consumers. Defendant maintains that the NJCFA allegations are also deficient because the alleged misstatements are belied by the explicit terms of the written agreements with defendant and the independent third-party verification. Finally, defendant asserts that plaintiff's claim should have been pleaded with particularity in compliance with Federal Rule of Civil Procedure ("FRCP") 9.

To state a claim pursuant to the NJCFA, a plaintiff must allege: (1) unlawful conduct, (2) an ascertainable loss, and (3) a causal relationship between the defendant's unlawful conduct and the plaintiff's ascertainable loss. International Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co., 192 N.J. 372, 389 (2007). The NJCFA defines "unlawful practice" as "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact ... in connection with the sale or advertisement of any merchandise ...." N.J.S.A. section 56:8-2. In order for conduct to be unconscionable, it must be misleading and stand outside the norm of reasonable business practice in that it will victimize the average consumer and will involve a matter of public concern. Turf Lawnmower Repair, Inc. v. Bergen Record Corp., 139 N.J. 392, 416 (1995). Generally, a claim under the NJCFA requires that a plaintiff allege "substantial aggravating circumstances." See Suber v. Chrysler Corp., 104 F.3d 578, 587 (3d Cir. 1997). Where the claim of unlawful conduct under the NJCFA is based upon written statements, the court must determine whether a practice is unfair in light of the written statements. Hassler v. Sovereign Bank, 374 Fed. Appx. 341, 344 (3d Cir. 2010) (dismissal appropriate where agreement contained the information that was allegedly misrepresented, suppressed or concealed). However, the unlawful conduct prohibited by the NJCFA is generally marked by its "capacity to mislead." Cox v. Sears Roebuck & Co., 138 N.J. 2, 18 (1994)

Defendant maintains that plaintiff takes the contractual terms out of context and that references to the market are "caveats" to potential customers of rate changes in future months. However, the Court finds plaintiff has stated a plausible NJCFA claim

4

based on defendant's allegedly deceptive promise of a "variable rate for electricity" that "may increase or decrease to reflect price changes in the wholesale powermarket," and of a gas rate that would "fluctuate on a monthly basis, based on the market price of natural gas...." Construing the allegations in favor of the plaintiff, a reasonable consumer could understand defendant's terms to offer rates that would vary based on the market and changes in the wholesale costs. Plaintiff's complaint sets forth tables and charts demonstrating that defendant's gas and electricity rates were, at times, higher than the alleged comparable market rates.

On this motion, the Court considers that the contractual terms are at least ambiguous. Schor v. FMS Financial Corp., 357 N.J. Super. 185, 191 (App. Div. 2002) (ambiguity exists if the terms of the contract are susceptible to at least two reasonable alternative interpretations). Defendant's position cuts against principles of contractual construction by arguing that the terms of the contract be construed against the plaintiff, a non-drafter. Devcon Intern. Corp. v. Reliance Ins. Co., 609 F.3d 214, 218 (3d Cir. 2010). Accordingly, the Court finds that the alleged affirmative representations or omissions may be construed as misleading and outside of reasonable business practices.

Further, the complaint alleges that the consumer suffered an ascertainable loss, which has been defined by the New Jersey state courts as occurring "when a consumer receives less than what was promised." See Arcand v. Brother Intern. Corp., 673 F. Supp. 2d 282, 300 (D.N.J. 2009) (citing cases). The consumer should be able to quantify or measure what loss he has suffered or will suffer as a result of the unlawful conduct. Perkins v. DaimlerChrysler Corp., 383 N.J. Super 99, 106 (App. Div. 2006).

5

Here, plaintiff alleges that he was promised a rate based on the market price of natural gas and electricity but that he was charged rates higher than the market and higher than his previous rates prior to switching to defendant. Accordingly, plaintiff has alleged an ascertainable, quantifiable loss that is the result of defendant's alleged conduct.

### FRCP 9

In order to satisfy Rule 9(b), a complaint must: (1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements or omissions were made; and (4) explain why the statements or omissions were fraudulent. Antian v. Coutts Bank (Switzerland) Ltd., 193 F.3d 85, 88 (2d Cir. 1999). Plaintiff may make general allegations of malice, intent, knowledge or other state of mind, but the facts must give rise to a strong inference of fraudulent intent. Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). The purpose of the specificity requirement is: (1) to ensure that a complaint provides defendant with fair notice of plaintiff's claim; (2) to safeguard defendant's reputation from improvident charges; and (3) to protect defendant from a strike suit. O'Brien v. Nat'l Prop. Analysts Partners, 936 F.2d 674, 676 (2d Cir. 1991).

In this instance, the complaint has alleged the specific dates and terms of defendant's misrepresentations, provided a comparison of the relevant rates, and asserted the loss sustained. Accordingly, plaintiff has satisfied Rule 9(b).

### Breach of Contract

Plaintiff alleges that defendant failed to perform its obligations because it charged a rate for natural gas and electricity that was not based upon the agreed upon

rate of the market price and wholesale costs of gas and electricity. Defendant maintains that plaintiff's breach of contract should be dismissed because defendant never agreed to charge rates that matched local utility rates, tracked a particular commodity exchanged, or rose and fell in accordance with a set formula.

A plaintiff asserting a breach of contract claim must demonstrate that a valid contract existed and that defendant failed to perform under the contract causing injury. Murphy v. Implicito, 392 N.J. Super 245, 265 (App. Div. 2007). Here, defendant's argument depends upon the interpretation of the contractual terms. As discussed relevant to the NJCFA claim, for purposes of this motion, the Court considers that the contractual terms are ambiguous. The Court will leave plaintiff to his proof.

Unjust Enrichment

Plaintiff has withdrawn his unjust enrichment claim because defendant has admitted to the existence of a valid contract. Van Orman v. Am. Ins. Co., 680 F.2d 301, 310 (3d Cir. 1982) (unjust enrichment recovery is not viable where a valid contract governs the rights of the parties).

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss [doc. #15] is DENIED. Within 10 days of this ruling's filing date, plaintiff is instructed to file an amended complaint that omits the unjust enrichment claim.

                                   /s/
                           WARREN W. EGINTON
                           SENIOR UNITED STATES DISTRICT JUDGE

Dated this 29th day of January, 2015 at Bridgeport, Connecticut.