# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS SOBIECH**, on behalf of himself and all others similarly situated, : : : **Plaintiff**, : : v. : : **U.S. GAS & ELECTRIC, INC.**, i/t/b/d/a **PENNSYLVANIA GAS & ELECTRIC**, **ENERGY SERVICES PROVIDERS, INC.**, i/t/d/b/a **PENNSYLVANIA GAS & ELECTRIC**, and **PENNSYLVANIA GAS & ELECTRIC**, : : : : : : : : : **Defendants**. : | **CIVIL ACTION** No. 14-4464 |

## ORDER

This 4th day of February, 2015, upon consideration of Defendants' Motion to Dismiss, Plaintiff's Response thereto, and Defendants' Reply Brief, **IT IS HEREBY ORDERED:**

1. Defendants' request to dismiss Plaintiff's breach of contract claim (Count I) is **DENIED** without prejudice to Defendants to reassert their arguments on a more fully developed record at summary judgment.[1]

2. Defendants' request to dismiss Plaintiff's claim for breach of the covenant of good faith and fair dealing (Count II) is also **DENIED** without prejudice to Defendants to reassert their arguments on a more fully developed record at summary judgment.[2]

---

[1] In construing the Amended Complaint and all inferences drawn therefrom in the light most favorable to Plaintiff, he has alleged enough at this stage of the litigation to proceed forward to discovery. See Ocasio v. Prison Health Servs., 979 A.2d 352, 355 (Pa. Super. Ct. 2009) ("To prevail on a breach of contract, a party must demonstrate: (1) existence of a contract, including essential terms, (2) breach of a duty imposed by the contract and (3) resultant damages . . . while not every term of a contract must be stated in complete detail, every element must be specifically pleaded."); Pennsy Supply, Inc. v. Am. Ash Recycling Corp. of Pennsylvania, 895 A.2d 595, 600 (Pa. Super. Ct. 2006).

1

3. Defendants' request to dismiss Count III of Plaintiff's Amended Complaint seeking declaratory relief is **DENIED** without prejudice.  Defendants cite non-binding precedent to the effect that resolution of Plaintiff's contract claim will serve the same purpose as a declaratory judgment, but the Third Circuit has held that declaratory relief remains "available where appropriate even though other remedies are also available."  Davis v. Romney, 490 F.2d 1360, 1370 (3d Cir. 1974).  Defendants further cite non-binding authority in support of their argument that a declaratory judgment should not be employed to address past conduct, but I conclude that on its face Plaintiff's Complaint sets forth "a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941).  At this stage of the litigation, it is too early to preclude the availability of declaratory relief altogether.[3]

    /s/ Gerald Austin McHugh
United States District Court Judge

---

[2] See Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 617 (3d Cir. 1995) ("a court may use the duty [of good faith and fair dealing] to impose a standard of conduct in a requirements or output contract, to ensure that the parties' actions conform to their reasonable expectations.").

[3] My conclusion takes into account the admonition of the Supreme Court in Maryland Cas. Co. that the "difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy."  312 U.S. at 273.