# Exhibit 9

# SUPERIOR COURT OF NEW JERSEY

## CIVIL DIVISION
### ESSEX VICINAGE



Chambers of
James S. Rothschild, Jr., J.S.C.

Historic Court House
470 Dr. MLK Jr. Blvd
Newark, New Jersey 07102

September 19, 2014

Matthew R. Mendelsohn, Esq.
Mazie, Slater, Katz & Freeman
10-3 Eisenhower Parkway
Roseland, NJ 07068

Joseph P. LaSala, Esq.
McElroy, Deutsch...
1300 Kemble Avenue
Morristown, NJ 07962

    Re: Komoda v. Palmco Energy
       Docket No. L-3263-14

Dear Counsel:

The court has before it motions by defendant Palmco Energy NJ, LLC, and Palmco Power, NJ, LLC ("Palmco") to dismiss the complaint of plaintiff Kurt Komoda ("Komoda")[1] or alternatively, for a stay pending the outcome of a separate enforcement action brought against Palmco by the Attorney General of New Jersey, the BPU, and the Director of the New Jersey Division of Consumer Affairs (the "Government Acton"). The Government Action, commenced on May 23, 2014, is pending in the Superior Court of New Jersey, Chancery Division, Mercer County, docket number MER-C-33-14.

The court will not address Komoda's factual allegations herein other than to note that his main charge is that he signed a contract with Palmco which provided, inter alia, that Palmco's

---

[1] The court is aware that Komoda seeks to have a class action certified. Since that issue is not before the court at this time, and since the question of whether Konoda states a cause of action does not hinge on the existence or not of a class, the court will refer solely to Komoda herein.

1

gas rates were to be based "on the applicable monthly NYMEX closing price for natural gas, applicable interstate transportation costs ... and other prevailing market conditions" (Complaint, ¶14), and that the electricity rates "will be based on a monthly zonal locational marginal price ("MP") ... and other prevailing market conditions" (Complaint ¶19). Komoda goes on to assert that the rates actually charged bore little or no relation to the referenced wholesale market indexes. To give just one specific example, Komoda claims that at one point Palmco's gas rate was almost six times higher than PSE&G's rate (Complaint, ¶18). With this brief factual background as a predicate, the court will now address the two motions.

## I. The Motion to Dismiss

The court will not grant the motion to dismiss the complaint. Basically, the court believes that Komoda has a right to bring a cause of action under the Electric Discount and Energy Competition Act ("EDECA") N.J.S.A. 48:3-49 et seq. The court agrees with Komoda that "the EDECA explicitly provides that the statute does not preclude any statutory or common law claims" (See Plaintiff's Brief, p.4) This is not to say that Komoda necessarily will prevail on any claims arising out of the New Jersey Common Fraud Act ("NJCFA") or the common law. It is merely to state that those claims were not precluded by the EDECA. See in addition, N.J.S.A. 48:3-50(8). In this regard, the court is convinced that Komoda is correct when he asserts:

> ... none of the cases Palmco cites even remotely support its radical attempt to extend the filed rate doctrine to deregulated energy markets; instead they all concern utilities which are explicitly regulated by the BPU and required to file and receive approval from the BPU for the rates they charge. (Plaintiff's Brief, p. 5)[2]

---

[2] On Palmco's closely related argument that the "Complaint Calls for This Court To Improperly Engage In Ratemaking" (Defendant's Brief, p. 3) is ingenious, but is not accurate. While Palmco is correct that the Legislature has decided "to permit third party supplies to charge unregulated ... market based rates" (Defendant's Brief, p. 5) the three omitted words on page 5 of Defendant's Brief between "unrelated" and "market-based", which are "and thus unlimited", do not necessarily follow. There is no legislature history which indicates that the Legislature intended to preclude the judiciary from deciding that thirds party suppliers overcharged their customers. To determine that the Legislature intended to so limit the judiciary, one would need clear-cut Legislature history. Palmco's argument as to legislative intent impermissibly leaps from a correct assertion - - that the Legislature did

2

Palmco argues that, as a matter of substantive law, Komoda will not prevail under the NJCFA. On that issue, the court is impressed by Palmco's argument that exceedingly high pricing does not, in and of itself, constitute a violation of the NJCFA. See Defendant's Brief. p. 7, and cases such as Quigley v. Esquire Deposition Servs. LLC, 409 N.J. N.J. Super, 69, 78 (2009) ("charging five or five hundred dollars more for an item than the price charged by a nearby competitor does not violate the Consumer Fraud Act".) Nevertheless, the court feels obligated at this early stage of the proceedings to give Palmco an opportunity to attempt to elicit enough evidence to prove his claim under the NJCFA. This is clearly the correct course of action in a State where the consumer protection act "was intended to be one of the strongest consumer protection laws in the nation... [and] should be construed liberally in favor of protecting consumers". Homa v. Am. Express Co., 558 F.3d 225, 232 (3d Cir. 2009) (quoting Huffman v. Robinson, 221 N.J. Super. 315 (L. Div. 1986)

On the breach of contact claim. Komoda does assert the existence of a contract and a failure to perform by Palmco. This seems to satisfy its burden, at least at this time. The court must also deal with Palmco's argument that Komoda did not live up to his contractual or bligations to contact Palmco directly with any questions or complaints about the service and then to contact the BPU. See Defendant's Brief, p. 12-13. On the other hand, the court realizes that Komoda was not required to contact Palmco or utilize administrative remedies if it would have been futile to do so. See Plaintiff's Brief, p. 22, and Ashley v. Ridge, 288 F. Supp. 2d 662 (D.N.J. 2003) ("Courts have found that the exhaustion of administrative remedies may not be required when available remedies provide no opportunity for adequate relief [or] an

---

not want the BPU to limit third party supplier rates - - to a further, and unproven assertion - - that the Legislature also did not want the judiciary to intervene in cases alleging improper third party supplier rates.

administrative appeal would be futile.") The court's ruling on this issue is buttressed by the imprecise, unclear language at issue; if the contract had clearly stated that Komoda must resort to arbitration pursuant to the American Arbitration Association, for example, Palmco could have convinced the court that Komoda has failed to live up to his contractual obligations.

Palmco's next argument is that the complaint fails to state a claim for unjust enrichment (Defendant's Brief, p. 13). Palmco is correct that Komoda may **not recover** under **both** his breach of contract claim **and** his unjust enrichment claim. But at this stage of the proceeding, Komoda is correct when he asserts:

> Palmco then asserts that the Plaintiff pleads his unjust enrichment claim in the alternative. "It is inherent in a claim for unjust enrichment that it is pled in the alternative to a claim for recovery on the contract." complaint fails to state a claim under the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act (TCCWNA), N.J.S.A. 56:12-14-18 or the Plain Language Act, N.J.S.A. 56:12-2-13. Palmeri v. LG Electronics USA, Inc., 2008 WL 2945985, at *7 (D.N.J. July 30, 2008). (Plaintiff's Brief, p. 25)

Plaintiff is also correct when he argues:

> At the pleading stage, a plaintiff "need only allege facts sufficient to show: 1) Plaintiff conferred a benefit on Defendant; and 2) circumstances are such that to deny recovery would be unjust." Palmeri, 2008 WL 2945985, *5 (citing Weichert Co. Realtors v. Ryan, 128 N.J. 427, 437 (1992). Plaintiff meets his burden. Palmco received a benefit from charging exorbitant gas and ele4ctricity prices that were contrary to Palmco's representations, and it would be unjust to allow Palmco to retain such benefit. Such an allegation is all that is required at the pleading stage and Plaintiff sufficiently pled his unjust enrichment claim. (Plaintiff's Brief, p. 25)

While the propriety of the unjust enrichment cannot be established by plaintiffs' assertion in the Government Action, it is instructive to note that three well-respected government entities sough very similar relief: an Order directing Palmco "to restore to any affected person, whether or not named in this Complaint, any money or real or personal property acquired by means of any alleged practice... found to be unlawful".

4

Palmco's argument that Komoda Fails to State A Claim for Breach of Duty of Good Faith and Fair Dealing" (Defendant's Brief, p. 17) is met by Komoda as follows:

> Plaintiff and Palmco entered into a valid agreement. The fruits of the contract were that Plaintiff's gas rates and electricity rates will be based on the NYMEX closing price, LMP and the prevailing market conditions. Plaintiff did not agree to Palmco's ability to unilaterally inflate its rates based on any other factors, and he certainly did not to the agree that Palmco's gas rates could be six times higher than the rates of PSE&G. The specific act of charging Plaintiff gas and electricity rates that were not determined by the factors in the agreement destroys Plaintiff's rights under the contract and is a breach of a party's duty of good fail and fair dealing.
>
> Palmco's argument that its rates are justified by its right to make a profit proves Plaintiff's good faith and fair dealing claim. Plaintiff does not dispute that Palmco can make a profit (although Palmco never identifies the "statutory and contractual" source of its right to profit.) However, Palmco cannot use the right to make a profit as an excuse to gouge consumers by charging up to six times more for electricity than local utilities, particularly when the reasonable expectations of the parties is that Palmco will charge a rare commensurate with wholesale costs and prevailing market conditions.
>
> In *Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 244 (2001) the single case to which Palmco cites), the Supreme Court of New Jersey held:
>
>> Although the implied covenant of good faith and fair dealing cannot override and express term in a contract, a party's performance under a contract may breach that implied covenant even though that performance does not violate a pertinent express term. Unlike many other states, in New Jersey, a party to a contract may breach the implied covenant of good faith and fair dealing in performing its obligations even when it exercises an express and unconditional right to terminate.
>
> *Wilson*, 168 N.J. 236,244 (internal citations omitted). Thus, even if the Court finds that Defendant' actions did not violate the contract Plaintiff agreed to (which they do), Plaintiff has a claim of breach of implied duty of good faith and fair dealing when Palmco charged Plaintiff rates that Plaintiff did not agree to or of which he ws unaware. (Plaintiff's Brief, pp. 23-24)

On balance, at least at the stage of the proceedings, Komoda has asserted enough to state a cause of action for the violation of the covenant of good faith and fair dealing, particularly since the contract, unlike the contract at issue in Faistl, infra, does not unambiguously preclude any claim based on price.

5

The court is aware that certain of the above rulings - - if not all - - are arguably inconsistent with the recent decision by the United State District Court for the Division of New Jersey in Faistl v. Energy Plus Holdings, LLC, 2012 U.S. Dist. LEXIS 125334, (D.N.J. Sept. 4, 2012). That case mirrored this case in many respects, amongst which is the identity of plaintiff's counsel. On the other hand, the contract at issue in Faistl specifically disclaimed any promise of savings: "[t]he price may be lower or higher than your [local distribution utility's price." Id. at 3. Here, Palmco allegedly promised to charge rates "based on the NYMEX closing price, LMP, and prevailing market conditions when its rates are not based on those specified factors". (Plaintiff's Brief, p. 14) With all due respect to Judge Linares, this court is not bound to follow his unpublished opinion, especially when there are at least arguably inconsistent facts.

On the subject of unpublished United States District Court opinion in 2012, the court is not bound by the opinion cited in Plaintiff's Brief, Wise v. Energy Plus Holdings, LLC, No. 11-7345 (S.D.N.Y. March 23, 2012) which also involved somewhat similar facts and at least one of the lawyers appearing on behalf of the plaintiff herein. In that case, Judge Pasley dismissed certain of plaintiff's claims without prejudice and allowed others to remain. Since he never even cited New Jersey law, his rulings have no affect herein.

In sum, the court respects the opinions of Judge Linares and Pasley, but does not believe that it is bound by either.

Palmco finally moves to dismiss the claim for violating the New Jersey Truth-In-Consumer Contract Warrant and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14-18 and the Plain Language Act ("PLA"), N.J.S.A. 56:12-2-13. Since Palmco's arguments are compelling (see Defendant's Brief, p-p. 14-17) and Komoda concedes same (see Plaintiff's Brief, p. 29, n. 10) these claims will be dismissed.

6

## II. The Stay

Komoda argues that:

> In order to obtain a stay, the defendants must satisfy all of the factors established by our Supreme Court in Crowe v. DeGioia, 90 N.J. 126, 133 (1982); (1) a showing of substantial irreparable harm in the event that the requested relief is not granted; (2) the applicant's claim rests on settled law and has a substantial likelihood of success on the merits; and (3) a balancing of the relative hardships to the parties in granting and denying the relief. Defendants have the burden to prove each of the Crowe factors by "clear and convincing evidence". Garden State Equality v. Dow, 216 N.J. 314 (2013). (Plaintiff's Brief, p. 26)

Komoda correctly states the law. The problem with Komoda's argument, however, is that Palmco easily meets two of the Crowe standards, and at least arguably meets the other standard.

First, there is a real chance of irreparable harm of inconsistent judgments and rulings. As Palmco explains:

> The instance case and the Government Action involve substantially similar allegations related to Palmco's consumer-oriented conduct and the price Palmco charged for gas and electricity. Even the relief is similar. For example, the plaintiffs in the Government Acton are seeking, among other things, an Order directing Palmco "to restore to any affected person, whether or not named in this Complaint, any money or real or personal property acquired by means of any alleged practice herein to be unlawful and found to be "unlawful". If this action is not stayed, there is a very real possibility that Palmco may be faced with inconsistent judgments and inconsistent legal holdings on matters crucial to the operation of Palmco's business. (Defendant's Brief, pp. 18-19)

Secondly, a balancing of the hardships definitely favors Palmco. To quote the Palmco Brief again:

> If this case is not dismissed and a stay is not granted, Palmco will be forced to defend two simultaneous lawsuits that seek to redress virtually the same alleged conduct and substantially similar relief. Not only will this place an undue burden on Palmco, it will waste precious judicial resources. For instance, although Komoda's Complaint purports to seek relief on behalf of a class of New Jersey consumers, it is unknown at this juncture whether the putative class will ever be certified. By contrast, there is no question as to whether the Attorney General has standing – right now – to represent the very same consumers. Indeed the Supreme Court of New Jersey has observed that "[w]hen the Attorney General sues for a class, there may be no need for a private class action if the class is the same and the relief sought by the Attorney General will adequately deal with the grievance alleged by the private suitor." Olive v. Graceland Sales Corp., 61 N.J. 182,

186 (1972). Such is the case here. As a plaintiff in the Government Action, the Attorney General is seeking to represent the same class of New Jersey consumers and vindicate the same (alleged) rights under the CFRA and other statues. In addition, the BPU, the administrative agency charged with overseeing third-party suppliers like Palmco (N.J.S.A. 48:3-50), is a plaintiff in the Government Action as well. In sum, both private and public interests weigh in favor of affording the Government Action primacy. (Defendant's Brief, pp. 20-21)

The only Crowe standard which does not clearly favor either Komoda or Palmco, is the question of "settled law and substantial likelihood of success on the merits". It would be presumptuous of the court to prematurely opine as to the law in this complex and rapidly emerging area. Suffice it to say, Palmco has presented a relatively credible argument that it may prevail on some or all of the Komoda's claims, at least if one agrees with Judge Linares' Fastil decision.[3] Combined with Palmco's clear showing that it prevails on the other two Crowe standards, a stay is appropriate.

There is an obvious reason for the court not to overly weigh the "settled law and substantial likelihood of success on the merits" Crowe factor: the existence of another litigation which will presumably give Komoda relief if he is correct. In the typical injunctive relief case, one party will suffer harm if not granted the stay, since there is no other avenue open to protect that party. To give an obvious example, when homeowner asserts that construction next door to him is destroying his foundation, the homeowner would have no other recourse if the court does not grant an injunction. In that case, a court should grant an injunction if the homeowner's legal rights were settled and he had a substantial likelihood of success on the merits. Similarly, when a creditor asserts that her debtor is secreting or dissipating her assets, the creditor would have no recourse if the court does not grant an injunction. In that case, a court should grant an injunction

---

[3] Of course, the fact that the Attorney General of New Jersey, BPU and the Director of the New Jersey Division of Consumer Affairs have all sued Palmco over its rates may well indicate that this matter presents a serious queston for the judiciary.

if the creditor legal rights were settled and she had a substantial likelihood of success on the merits. Conversely, in the case at hand, Komoda will not necessarily be harmed by this court's decision not to allow him to go forward at this time, since there is another avenue for relief.

There is yet another convincing reason to stay this matter: judicial and legal economy. The Attorney General of New Jersey, the BPU, and the Director of the Division of Consumer Affairs are **all** plaintiffs in the Government Action.[4] They, presumably, have a great deal of expertise which they can bring to bear in the Government Action.[5] That case will, presumably, be extensively if not exhaustively litigated. Why should the judicial system and Palmco be subjected to a second case being fought simultaneously? Why should there be expensive, duplicative litigation? There is no logical answer to these questions other than in the negative. Combining that factor with Palmco's superiority on at least two of the Crowe criteria even more clearly tips the balance in favor of a stay.

The court is aware of course, that in footnote 7, pager 26 of his Brief, Komoda argues that his action asserts causes of action which "are not identical" to those in the Government Action. Mr. Komoda is apparently correct when he asserts that "In fact, the only overlapping cause of action between the two cases concern Palmco's alleged violations of the NJCFA". This is true because the Attorney General, the BPU, and the Director of the New Jersey Division of Consumer Affairs, do not normally sue (or have the authority to sue) to vindicate breach of contract, or common law, rights of individual private parties. Thus, while the discovery in the

---

[4] The court is not persuaded by the fact that in this proverbial "race to the courthouse", Komoda beat the Attorney General of New Jersey, the BPU, and the Director of the New Jersey Division of Consumer Affairs by three weeks. The court assumes that it takes three large bureaucracies longer to decide to file a lawsuit than it takes an individual plaintiff. Nor is the court convinced that enough has happened in the three weeks to make an argument that Komoda's case should go ahead of the Government Action. Indeed, nothing has happened in the three weeks but this motion.

[5] Needless to say, the expertise of these parties should help the Mercer County judiciary reach an informed decision in this complex area of the law.

Government Action will almost certainly encompass virtually everything Komoda may need in this action, the judge in the Government Action may make a determination on an issue which will not control Komoda's suit: the judge could dismiss the Government Action because there is no cognizable violation of the NJCFA. If that occurs, Komoda will still have a great deal of discovery available to him, and can proceed with this suit, having lost only some time. If, on the other hand, it is established in the Government Acton that Palmco violated the NJCFA, that would presumably help Komoda because (a) the NJCFA calls for greater penalties than either contract law or common law in New Jersey and (b) it is highly unlikely that a party like Palmco could be found to have violated the NJCFA but not its contracts or the common law since the standards for violating the NJCFA are generally higher than the tests for violating the common law or NJCFA. Thus, this court cannot see how any outcome in the Government Action could harm Komoda, despite the fact that the issues are not coterminous. [6]

Having said the above, the court's ruling is without prejudice to Komoda's rights to (a) move to vacate the stay if the Government Action appears to be moving too slowly or not addressing Komoda's rights in an appropriate manner, (b) seek to consolidate the two actions, or (c) seek to intervene on the Government Action. The court is certain that the very experienced and competent counsel for Komoda will adequately protect his rights.

Very truly yours,

/JAMES S. ROTHSCHILD, JSC

JSR:afc

---

[6] The above analysis takes into account the rules of res judicata and collateral estoppel. Those rules would typically **not** preclude Komoda (assuming he does not consolidate the two actions or join the Government Action, two possibilities discussed in the last paragraph of this opinion) from prevailing on any cause of action in this case regardless of any result in the Government Action since he was not a party. Conversely, those rules **could** preclude Palmco since it was a party. See, e.g. Winter v. North Hudson Reg. Fir, 212 N.J. 67 (2012) (collateral estoppel) and Brunetti v. Borough of New Milford, 62 NM.J. 576 (1975) (res judicata). In sum, Komoda may well be better of if there is no stay.