# Exhibit 10

**REED SMITH LLP**
*Formed in the State of Delaware*
Diane A. Bettino, Esq. (033241991)
Deepa J. Zavatsky, Esq. (008182012)
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540
Tel. (609) 987-0050
Fax (609) 951-0824

Attorneys for Defendant IDT Energy, Inc.

NOV - 6 2014

| | |
|---|---|
| DEBORAH AKS, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>IDT ENERGY, INC.,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>CIVIL PART, LAW DIVISION<br>ESSEX COUNTY<br><br>Docket No. L-04936-14<br><br>*Civil Action*<br><br>**ORDER GRANTING DEFENDANT IDT ENERGY, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

THIS MATTER having been opened to the Court by Reed Smith LLP, attorneys for Defendant IDT Energy, Inc. ("Defendant"), and on notice to Plaintiff, on a Motion to Dismiss the Complaint against Defendant, pursuant to R. 4:6-2, for failure to state a claim; and the Court having reviewed the moving and responding papers and the arguments of counsel, if any; and for good cause shown,

**IT IS** on this 6 day of Nov, 2014, **ORDERED;**

1. Defendant's Motion to Dismiss Plaintiff's Complaint shall be and hereby is ~~GRANTED~~. *Denied*

2. ~~Plaintiff's claims against Defendant~~ IDT Energy, Inc. are **DISMISSED WITH PREJUDICE.**

3. Counsel for Defendant shall serve a copy of this Order on all parties within 7 days of its receipt hereof.

_____
HON. [signature]

*see written opinion*

[✓] Opposed

[ ] Unopposed



Case 7:15-cv-01261-BKG Document 21-4 Filed 06/11/15 Page 4 of 8
Case 5:18-cv-00235-MAD-ATB Document 33-10 Filed 03/19/18 Page 4 of 8    1/5
36450                                                02:56:46 a.m.  11-13-2014

# SUPERIOR COURT OF NEW JERSEY

## CIVIL DIVISION
### ESSEX VICINAGE



**Chambers of**
**James S. Rothschild, Jr., J.S.C.**

**Historic Court House**
**470 Dr. MLK Jr. Blvd**
**Newark, New Jersey 07102**

November 6, 2014

Deepa J. Zavatsky, Esq.
Reed Smith LLP
136 Main Street
Princeton, NJ 08540

Matthew R. Mendelsohn, Esq.
Mazie, Slater, Katz
103 Eisenhower Parkway
Roseland, NJ 07068

   Re: Aks v. IDT Energy
      Docket No. L-4936-14

Dear Counsel:

  The court has before it a motion by defendant IDT Energy, Inc. ("IDT"), an independent energy supply company ("ESCO") to dismiss all five counts of the Complaint of plaintiff Deborah Aks.[1] Ms. Aks claims that she was "lured by ... IDT ... into switching from [her] existing energy supplier to IDT under the guise of energy savings. To the detriment of Plaintiff... IDT charged energy rates that exceeded similarly situated ... ESCO's and public utilities by a whopping 100% to 255%".[2] Aks asserts claims under the New Jersey Consumer

---

[1] The court is aware that Aks will seek to have a class action certified. Since that issue is not before the court at this time, and since the question of whether Aks states a cause of action does not (with the possible exception of the fifth Count) hinge on the existence or not of a class, the court will refer solely to Aks herein.

[2] The court does not know the exact legal definition of "whopping". Presumably, it means something like "very large" or "humongous".

Case 7:15-cv-01261-BKG Document 21-4 Filed 06/11/15 Page 5 of 8
Case 5:18-cv-00235-MAD-ATB Document 33-10 Filed 03/19/18 Page 5 of 8
9736936450                                                02:56:58 a.m.   11-13-2014   2/5

Fraud Act ("NJCFA"), breach of contract, and unjust enrichment, as well as a request for injunctive and declaratory relief.[3]

To put the motion into perspective, the court notes that it decided a similar motion on September 19, 2014 with claims that are described by plaintiff as "nearly identical to those alleged herein", in a case Komoda v. Palmco Energy, Docket No. L-3263-14. In that case, the plaintiff, presented by the same counsel who is representing Aks herein, and similarly seeking class certification, similarly sought recovery under the NJCFA, breach of contract, and unjust enrichment. (Similarly, Komoda originally pled, and then dismissed a claim under the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act.)[4] This court denied Palmco's motion to dismiss, and simultaneously granted Palmco's motion to stay in favor of a separate informant action brought against Palmco by the Attorney General of New Jersey, the BPU, and the Direction of the New Jersey Division of Consumer Affairs in the Superior Court of New Jersey, Chancery Division, Mercer County.

This court realizes that unpublished trial court decisions are not binding on any court. Nevertheless, it is difficult for this court - - and would presumably be difficult for any court - - to rule inconsistently with a decision it rendered two months previously in a very similar case. That difficulty is exacerbated by the fact that IDT cannot point out material differences between the factual scenarios presented by the two cases. (In fairness to IDT, the Komoda complaint alleges that Palmco at one point charged a gas rate almost six times higher than PSE&G's; here the strongest allegation is that IDT charged 255% more than the ESCO's and local utilities.)

---

[3] Aks ends her Brief in Opposition to Plaintiff's Motion by stating that "Plaintiff does not pursue... claims for violation of this New Jersey Truth-in Consumer Contract, Warranty and Motive Act, N.J.S.A. 56:12 et seq. at this time. Accordingly, the court will not discuss same herein.

[4] One difference between her two complaints is that Komoda asserted a breach of the covenant of good faith and fair dealing, but Aks does not. That distinction is not relevant to this motion.

2

Case 7:15-cv-01261-BKG Document 21-4 Filed 06/11/15 Page 6 of 8
Case 5:18-cv-00235-MAD-ATB Document 33-10 Filed 03/19/18 Page 6 of 8
3/5
9736936450

The court will not repeqat anything written in the Komoda opinion. Rather, it will move on the two arguments which could arguably prevail even in the face of Komoda.

One argument that IDT makes which causes the court a great deal of concern is that IDT's Terms and Conditions specifically state:

> **3. RATES. Variable Price.** The variable price for all electricity and natural gas sold under this Agreement and established on an approximately monthly basis based upon electricity and natural gas market pricing, transportation or transmission, and other market and business price related factors. **This price may be higher or lower than your utility's price in any particular month.**

It is not unconceivable that such language could doom Aks' cause of action on the breach of contract claim, as well as the claim under NJCFA and the claim for unjust enrichment. Why should Aks not be bound by language she knew about when she agreed to use IDT? IDT could well prevail on a motion for summary judgment if Aks cannot explain why this language does not doom her case.

On the other hand, the court would be even more concerned about the viability of Aks' claim if there were **contract** language supporting its right to charge higher or lower prices than the utility's prices, as was the case in Feistl v. Energy Plus Holdings, LLC, No. 12-2879, 2012 WL 3835815 (D.N.J. Sept. 4, 2012). Apparently, that is not the case herein.

The court cannot dismiss, based on the Terms and conditions, for another reason: There is language in the Terms and Conditions that supports Aks. As she points out:

> The Terms and Conditions state that the "variable price for all electricity and natural gas sold under this Agreement and established on an approximately monthly basis [is] based upon *electricity and natural gas market pricing*, transportation or transmission, and other market and business price related factors."

This language is at least arguably contradictory with the "higher or lower" language quoted above, because it implies that IDT will charge **less** (or no more than) that the prevailing

3

Case 7:15-cv-01261-BKG Document 21-4 Filed 06/11/15 Page 7 of 8
Case 5:18-cv-00235-MAD-ATB Document 33-10 Filed 03/19/18 Page 7 of 8
9736936450                                                                02:57:24 a.m.   11-13-2014           4/5

market price - - not that IDT may charge higher than the market price. In a case based on price, and in a factual setting in which Aks claims she was charged "100% to 255%" more than similarly situated ESCO's, Ask should not be barred from asserting that this language is contradictory to, or inconsistent with, the "higher or lower" language.

As Aks further explains, any ambiguity in language must be construed against the non-drafter. See St. George's Dragons, L.P. v. Newport Real Estate Group, LLC, 407 N.J. Super. 464 (App. Div. 2009). To summarize, the court believes Aks has a difficult task ahead of her on account of the "higher or lower" Terms and Conditions language quoted above, but could prevail because (a) the Terms and Conditions did not constitute a contract, and (b) there is contradictory or at least ambiguous language in the Terms and Conditions.

The court is also concerned about Aks' request for injunctive and declaratory relief. At this point, the court tends to agree with IDT that Aks will almost certainly not be able to obtain injunctive relief. What IDT says on page 17 of its Memorandum of Law appears to make sense:

> Plaintiff admits that she has cancelled her electric service and, thus, is no longer an electricity customer of IDT. Compl. ¶ 21. As such, Plaintiff cannot allege the existence of irreparable harm, and the requested injunction would have no effect as to her.

In addition, Aks would have a difficult time convincing this court that it should issue an injunction:

> ... requiring Defendant to provide appropriate curative notice to all Class members[5] of the material information that was omitted and/or misstated, entry of a declaratory judgment that Defendant's marketing materials are material misleading, and ... **requiring Defendant to correct any such marketing materials going forward.**

That type of injunction would seemingly be extraordinarily difficult for any court to order. Indeed, it involves the type of affirmative intervention into a business operation that

---

[5] Arguably, Aks may be placing the cart before the horse, as there is no class action certified at this time.

4

Case 7:15-cv-01261-BKC Document 21-4 Filed 06/11/15 Page 8 of 8
Case 5:18-cv-00235-MAD-ATB Document 33-10 Filed 03/19/18 Page 8 of 8
02:57:37 a.m. 11-13-2014
5/5
9736936450

courts are normally reluctant to conduct. If Aks cannot demonstrate why her request for injunctive relief should be allowed to stand, the court will view a motion for summary judgment on this Count in a favorable light.

At this stage in the proceedings, however, given the liberality with which it must address such motions, the court is not prepared to dismiss the complaint.

Very truly yours,

JSR:afc

JAMES S. ROTHSCHILD, JSC