# Exhibit 11



SUPREME COURT-STATE OF NEW YORK
IAS PART-ORANGE COUNTY

Present: HON. ELAINE SLOBOD, J.S.C.

SUPREME COURT : ORANGE COUNTY
-----------------------------------------x
MEGAN BUERMEYER and DAN HENDRICKSON,
individually, and on behalf of all
others similarly situated,

                            Plaintiffs,     To commence the statutory time period for appeals as of right (CPLR 5513 [a]), you are advised to serve a copy of this order, with notice of entry, upon all parties.

    -against-

SUBURBAN PROPANE, L.P.,

                            Defendant.     Index No. 5367-2011
                                             Motion Date: Nov. 2, 2011
-----------------------------------------x

The following papers numbered 1 to 10 were read on this motion by defendant for an order dismissing the complaint [CPLR 3211] and these motions by plaintiffs for admission of counsel *pro hac vice*:

Notice of Motion-Affidavit-Exhibits 1-12-Affirmation-Exhibit 1....1-5
Memorandum of Law in Support......................................6
Memorandum of Law in Opposition-Affidavit-Exhibit A.............7-9
Reply Memorandum of Law in Support...............................10
Notice of Motion-Affidavit-Exhibits A-B.......................11-13
Notice of Motion-Affidavit-Exhibits A-B.......................14-16

    Upon the foregoing papers it is ORDERED that this motion by defendant to dismiss is granted and the motions by plaintiffs for *pro hac vice* admission of counsel are denied as moot.

    The complaint to which this motion is addressed is styled as a class action complaint although an order pursuant to CPLR 902 has not been sought since issue has not been joined.

    Plaintiffs are alleged to be property owners in Orange County

who had business dealings with defendant, a retailer of propane gas for residential use headquartered in Whippany, New Jersey. The gravamen of the complaint is that defendant misleads consumers with deceptive practices. The complaint seeks compensatory and treble damages.

The complaint alleges that the sale and distribution of propane in New York is not regulated by a public utilities commission or a state agency. It further alleges that although residential customers accounted for forty-four percent of defendant's propane gas sales by volume they accounted for sixty-one percent of defendant's margins on sales. This is because, the complaint claims, defendant charges residential customers more for propane than its non-residential customers.

Defendant requires new residential consumers of its product to enter into "Residential Customer Service Agreements" (hereinafter "RCSAs") which are form contracts drafted by defendant. The complaint alleges that the RCSAs are sometimes presented to customers for signature after delivery of a propane tank and require a three year contractual relationship. If the consumer refuses to sign or attempts to negotiate the contractual period, the complaint claims, defendant threatens to lock the tank.

Plaintiffs complain that defendant's advertisement of its rates is deceptive. It quotes a more competitive price per gallon than it charges to its existing customers and does not disclose that the "introductory" rate will be raised. The RCSAs only disclose the

initial rate and do not caution the consumer that defendant has the discretion to set future prices. The prices set, plaintiffs allege, are determined by a secret and individualized formula which penalize consumers who use less propane. Moreover, plaintiffs complain, once in a contractual relationship with defendant, defendant charges inflated fees to terminate the relationship. Furthermore, defendant does not pro rate its tank rental fee when the relationship ends.

Plaintiffs also claim that defendant charges a "REG fee" which suggests it is some kind of charge imposed by a government agency, "REG" presumably being an abbreviation of "regulatory". In fact, they claim, the REG fee is an arbitrary surcharge imposed by defendant disguised as a governmental fee.

Based upon these factual allegations, plaintiffs state two causes of action: breach of contract and violation of Article 22-A of the General Business Law (General Business Law §§ 349 et seq.) which is designed to protect consumers from deceptive business acts or practices.

Defendant now moves to dismiss the complaint pursuant to CPLR 3211. It heavily relies upon decisions made in 2010 by the United States District Court for the District of New Jersey in an action brought in that court for similar relief to the relief sought here, based upon similar allegations (<u>Slack, et al.</u>, v <u>Suburban Propane Partners, L.P., et al.</u>, Civil Action No. 10-2548[JLL]).

Plaintiffs' breach of contract cause of action invokes section 2-305 of the Uniform Commercial Code which requires that when a

3

contract for sale does not fix a price the vendor must fix the price in good faith. Defendant moves to dismiss the claim on the ground that UCC 2-607, which requires a buyer who has accepted goods to give notice within a reasonable time of any breach of contract or "be barred from any remedy" [UCC 2-607(3)(a)], precludes recovery. In this regard, defendant argues that neither of the named plaintiffs allege that they gave notice of any breach of the good faith price fixing standard within a reasonable time. Defendant further points out that there is no allegation that plaintiff Dan Hendrickson ever signed an RCSA. During the thirteen year relationship between Hendrickson and defendant, the complaint alleges only one occasion, in April, 2010, when Hendrickson complained about the price of the product and defendant agreed to reduce the price for that delivery. Plaintiff Buermeyer voiced a complaint in November, 2008 that she was not told when the relationship began that the introductory rate was not the rate over the period of the entire contract. This fact was, however, disclosed in the RCSA. Neither plaintiff alleges, however, that it notified defendant that it was not fixing the price in good faith. This lack of UCC 2-607 notice requires dismissal of the breach of contract claim (see Cafaro v Emergency Services Holding, Inc., 11 AD3d 496 [2004]; B/R Sales Co., Inc. v Krantor Corp., 226 AD2d 328 [1996]; Tabor v Logan, 114 AD2d 894 [1985]).

The court rejects plaintiffs' argument that "New York law clearly establishes that the notice requirement of § 2-607(3)(a) does not apply to section 2-305 claims" which is based upon one unreported

4

decision of the United States District Court for the Eastern District of New York (Atronic International GmgH v SAI Semispecialists America. Inc., 2006 WL 2654827) which is not binding on a trial level New York State court and which, in any event, does not stand for that "clear" proposition. Instead, the case stands for the proposition that the UCC 2-607 notice requirement is inapplicable if goods were never received. Plaintiffs' other arguments on this point are without merit.

The court also grants defendant's motion insofar as the complaint alleges violations of Article 22-A of the General Business Law. General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business [General Business Law § 349(a)] and provides a private cause of action [General Business Law § 349(h)] to those injured by deceptive practices. In order to successfully sustain a claim under the statute, the claim must be predicated on a deceptive act or practice that is "consumer oriented" and misleading in a material way and that the claimant has been injured by reason thereof. (see Gaidon v Guardian Life Insurance Company of America, 94 NY2d 330, 344 [1999]).

The fact, if true, that defendant charges excessive rates for its propane is not actionable under the statute. The statute does protect consumers from excessive prices, nor does it empower the courts to set price policies (see Super Glue Corp. v Avis Rent A Car Sys., 132 AD2d 604 [1987], after remand 159 AD2d 68 [1990]).

The court finds, moreover, that the complaint, insofar as it

alleges deceptive practices regarding the "REG fee" cannot withstand defendant's motion.

It is true that the RCSA signed by plaintiff Buermeyer merely states "[a]dditionally, Suburban reserves the right to charge a REG fee, Transportation Fuel Surcharge, Emergency/Special Delivery Fee and other fees, under appropriate circumstances and when not prohibited by law". The nature of the "REG fee" is not described in the initial contract. After formation of the contractual relationship, however, defendant discloses on the back of every invoice that:

> The Regfee is charged to recover regulatory compliance costs for implementing policies and procedures, employee training, and equipment purchases to comply with federal and state requirements. The Regfee is being charged instead of including it in the price per gallon of propane. The Regfee is not being collected on behalf of any governmental agency.

As defendant contends, "the voluntary payment doctrine bars recovery of payments made with full knowledge of the facts" (see Pike v New York Life Insurance Company, 72 AD3d 1043, 1050 [2010], quoting Dillon v U-A Columbia Cablevision of Westchester, 292 AD2d 25, 27 [2002]; see also Westfall v Chase Lincoln First Bank, 258 AD2d 299 [1999]. There is no allegation that these plaintiffs protested the REG fee.

Contrary to plaintiffs' contention, a motion pursuant to CPLR 3211 may be premised upon documentary evidence [CPLR 3211(a)(1). Defendant's advancement of the voluntary payment doctrine based upon their invoices is permitted by the statute.

6

Inasmuch as the complaint seeks, in part, a declaratory judgment, defendant is directed to settle a judgment declaring the rights of the parties accordingly (see <u>Lanza</u> v <u>Wagner</u>, 11 NY2d 317, <u>app. dsmd.</u>, 371 US 74, <u>cert. den.</u>, 371 US 901).

The foregoing constitutes the decision and order of the court.

Dated: January 3, 2012    E N T E R
      Goshen, New York

*Claire Slobod*
HON. ELAINE SLOBOD, J.S.C.

TO: THOMAS & SOLOMON, PLLP
    Attorneys for Plaintiffs
    693 East Avenue
    Rochester, New York 14607

    PROSKAUER ROSE, LLP
    Attorney for Defendant
    Eleven Times Square
    New York, New York 10036