# Exhibit 12

```
                    STATE OF NEW YORK
                 PUBLIC SERVICE COMMISSION
```

At a session of the Public Service Commission held in the City of Albany on October 19, 2017

COMMISSIONERS PRESENT:

John B. Rhodes, Chair
Gregg C. Sayre
Diane X. Burman, dissenting
James S. Alesi

CASE 12-M-0476 - Proceeding on Motion of the Commission to Assess Certain Aspects of the Residential and Small Non-Residential Retail Energy Markets in New York State.

CASE 98-M-1343 - In the Matter of Retail Access Business Rules.

CASE 06-M-0647 - In the Matter of Energy Service Company Price Reporting Requirements.

CASE 98-M-0667 – In the Matter of Electronic Data Interchange.

ORDER DENYING AGWAY ENERGY SERVICES, LLC'S PETITION FOR WAIVER OF THE PROHIBITION ON SERVICE TO LOW-INCOME CUSTOMERS BY ENERGY SERVICE COMPANIES

(Issued and Effective October 20, 2017)

BY THE COMMISSION:

                    INTRODUCTION

In the Order Adopting a Prohibition on Service to Low-Income Customers by Energy Service Companies issued on December 16, 2016 in these proceedings (December Order), in furtherance of its statutory obligation to ensure continuance of just and reasonable rates in the market for gas and electric commodity, the New York State Public Service Commission (Commission) directed a prohibition on energy service company (ESCO) enrollments and renewals of customers who are

CASE 12-M-0476, et al.

participants in utility low-income assistance programs (Assistance Program Participant, or APP).[1]  Further, the December Order provided that any ESCO that could provide guaranteed savings to APP customers could petition the Commission for a waiver of the December Order by demonstrating: (a) an ability to calculate what the customer would have paid to the utility; (b) a willingness and ability to ensure that the customer will be paying no more than what they would have been paid to the utility; and (c) appropriate reporting and ability to verify compliance with these assurances.

Following the issuance of the December Order, Agway Energy Services, LLC (Agway) petitioned the Commission for waiver of the prohibition.  For the reasons that follow, and by this Order, the Commission denies Agway Energy Services, LLC's Petition for Waiver of Order Adopting a Prohibition on Service to Low-Income Customers by Energy Service Companies.

### NOTICE OF PROPOSED RULE MAKING

Pursuant to the State Administrative Procedure Act (SAPA) §202(1), a Notice of Proposed Rulemaking was published in the State Register on April 5, 2017 [SAPA No. 12-M-0476SP26]. The time for submission of comments pursuant to the SAPA Notice expired on May 22, 2017.  Comments were received by several consumer advocate groups in response to each low-income petition.  The Utility Intervention Unit (UIU) of the New York State Department of State's Division of Consumer Protection concludes that Agway's petition does not indicate the low-income customers will pay no more than what they would have paid for utility bundled service and urges the Commission to reject

---

[1] Case 12-M-0476, et al., Retail Access, Order Adopting a Prohibition on Service to Low-Income Customers by Energy Service Companies (issued December 16, 2016).

CASE 12-M-0476, et al.

Agway's waiver request.  In addition, the New York Office of the Attorney General (NYAG) asserts that Agway does not even attempt to prove that it can guarantee savings to low-income consumers.

DISCUSSION

On January 30, 2017, Agway filed with the Secretary, a request for waiver of the December Order.  The entirety of Agway's petition for waiver request describes the benefits of its EnergyGuard value-added service for all customers, including low-income customers, that ensures continued safe operation of the customers heating and cooling systems, coupled with commodity, for one monthly price.  Agway's petition states that its EnergyGuard service covers the full cost of most major parts and labor to install them for home heating systems for natural gas customers, and up to $1,000 each calendar year for covered parts and labor for home central air conditioning repair and home electric line repair for residential electric customers, all at a single monthly cost to the customer.  Agway's petition argues that forbidding low-income customers from taking advantage of the benefits offered by their EnergyGuard program is inappropriate because it treats low-income customers in a manner different from higher-income customers.  Agway's waiver petition did not provide any details of its actual rate calculations, methodologies, or the proposed compliance reporting of guaranteed savings.

To clarify the details of Agway's petition, Staff requested additional information by letter dated May 12, 2017.  More specifically, Staff requested that Agway provide: specific documentation, including spreadsheet analysis with supporting calculation to verify and support the three requirements outlined in the December Order; samples of Agway's proposed contracts and associated marketing materials including

-3-

CASE 12-M-0476, et al.

brochures, pamphlets, and marketing scripts, including specific reference to exactly what the guaranteed savings are in either percentages, dollars, or otherwise; information regarding how Agway proposes to handle their existing APP customers; and a sample of Agway's proposed reporting that will be used to support and verify its guaranteed saving claims.

Staff sent additional questions to Agway via email on July 11, 2017, requesting the following information: the utility service area(s) in which the ESCO intended to offer a guaranteed savings plan; how the ESCO intended to ensure the customer would pay no more than what they would have paid to the utility; how the ESCO intended to measure and demonstrate that it can and will be able to offer and monitor guaranteed savings offering; and, how the guarantee savings would be calculated (monthly or annually). On this final point, Staff asked, if calculated annually, how the refund be credited to the customer; and, if the customer moves out of the service territory, how the credit/refund (if any) will be provided.

Agway did not respond to either of Staff's requests for additional information. The Commission was therefore unable to verify Agway's ability and willingness to provide the proposed and required guaranteed savings. The Commission thus concludes that Agway's petition did not demonstrate that it meets the criteria set forth in the December Order.

CONCLUSION

Agway's Petition for Waiver did not definitively establish that it could provide guaranteed savings to APP customers. We therefore find that Agway's Request for Waiver to the Order Adopting a Prohibition on Service to Low Income Customers by Energy Service Companies[2] submitted on January 30,

---

[2] By Notice Further Extending Deadlines on a Limited Basis,

-4-

CASE 12-M-0476, et al.

2017 is deficient and does not comply with the Commission's requirements outlined in the December Order.  Accordingly, the Request for Waiver by Agway Energy Services, LLC is denied.  Consequently, based upon the Commission's denial of Agway's petition for waiver, Agway is required to de-enroll their APP customers.

The Commission orders:

    1.  Agway Energy Services, LLC's request for waiver to serve low income customers is denied, as set forth in the body of this Order.

    2.  Electric and gas distribution utilities that have tariffed provisions providing for retail access and which have Agway Energy Services, LLC operating in their service territory are directed to, within 10 days of the effective date of this Order, place a block on all assistance program participant accounts served by Agway Energy Services, LLC, preventing those accounts from being enrolled with an energy service company in the future.

    3.  The same electric and gas distribution utilities identified in Ordering Clause 2 are directed to, within 10 days of the effective date of this Order, communicate to Agway Energy Services, LLC which accounts the ESCO is no longer eligible to serve.

    4.  The same electric and gas distribution utilities identified in Ordering Clause 2 shall, on a rolling basis, communicate to Agway Energy Services, LLC an updated list of ineligible accounts.

---

issued July 18, 2017, the Commission granted, to those ESCOs seeking a petition for waiver of the prohibition to serve APP customers, an extension to implement the prohibition until the Commission took action on each company's waiver petition.

-5-

CASE 12-M-0476, et al.

      5.    Agway Energy Services, LLC, within 30 days of receiving the communication from the electric and gas distribution utilities pursuant to Ordering Clause 3 and 4, shall de-enroll any customer accounts identified by the electric and gas distribution utilities, provided that existing contracts will continue until their expiration.

      6.    The Secretary in her sole discretion may extend the deadline set forth in this Order. Any requests for an extension must be in writing, must include a justification for the extension and must be filed at least one day prior to the deadline.

      7.    These proceedings is continued.

                                    By the Commission,

(SIGNED)                                KATHLEEN H. BURGESS
                                          Secretary