

Avant Building - Suite 900 | 200 Delaware Avenue | Buffalo, NY 14202-2107 | bsk.com

SHARON M. PORCELLIO, ESQ.
sporcellio@bsk.com
P: 716-416-7044
F: 716-416-7344

March 22, 2018

Hon. Andrew T. Baxter
U.S. Magistrate Judge
United States District Court
Northern District of New York
100 South Clinton Street
Syracuse, New York  13261

Re:   *Naomi Gonzales v. Agway Energy Services, LLC*
        Civil Action No. 5:18-CV-235 MAD/ATB

Dear Judge Baxter:

I am writing on behalf of Defendant Agway Energy Services, LLC ("Defendant" or "Agway") pursuant to Local Rule 7.1 (b)(2) to request a telephone conference with Your Honor to discuss extending indefinitely the current deadlines to hold the initial Rule 16 Conference in this case on April 25th along with all of the related deadlines (Dkt. No. 25).  Before sending this letter, co-counsel, William Mosca (pro hac vice admission pending), and I had a conversation with Attorney Blankinship, counsel for Plaintiff, to request an extension of the deadlines in a good faith effort to resolve the issue.  Plaintiff did not consent to our request.

By way of procedural background, Plaintiff commenced this putative class action case in December 2017 in the United States District Court for the District of Delaware (Dkt. No. 1).  On January 29, 2018, Defendant filed a comprehensive Motion to Dismiss the Complaint for lack of subject matter jurisdiction, to transfer venue of the case, and to dismiss the complaint in its entirety (Dkt. Nos. 12-14).  By stipulation of February 12, 2018, the parties agreed to transfer the case to this court (Dkt. No. 19).  The court ordered the transfer (Dkt. No. 22), and the transfer took place on February 26, 2018 (Dkt. No. 23).

Prior to the transfer, on February 20, 2018 (Dkt. No. 20), the parties entered into a stipulation extending the time for plaintiff to respond to our motion to dismiss.  The Delaware District court ordered that stipulation on February 23, 2018 (Dkt. No. 21). Plaintiff filed her opposition papers on March 19, 2018 (Dkt. Nos. 32-33).  By Order entered March 21, 2018 (Dkt. No. 35), Judge D'Agostino granted Defendant's requests to extend the time for its reply by one week and to exceed the standard page limit by five pages.

1300498.2 3/22/2018

Attorneys At Law | A Professional Limited Liability Company

Hon. Andrew T. Baxter
March 22, 2018
Page 2

After the transfer, this court set the schedule that the Defendant now seeks to extend (Dkt. No. 25).

By way of factual background, Agway is an energy service company ("ESCO") that provides competitive electricity and gas supply to residential, commercial and industrial customers. Agway and other ESCOs provide an important alternative to the incumbent regulated local utilities' services. Plaintiff alleges that she was enrolled as an Agway customer from February of 2016 through October of 2017, during which time she purchased electricity (Dkt. No. 1 Complaint at ¶5). As established in Agway's pending motion papers, the allegations in her complaint are barred by the doctrine of voluntary payment and fail to state claims for deceptive practices, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment.

More fundamentally, the court may lack jurisdiction of this case and through its opposition papers, Plaintiff seems to have put venue in issue. The sole named Plaintiff here, Naomi Gonzales, is a citizen of New York. The sole Defendant, Agway, is also a citizen of New York (Dkt. No. 1 Complaint at ¶ ¶ 5 and 6). Thus, even under liberalized diversity requirements of the Class Action Fairness Act ("CAFA"), the jurisdictional basis alleged here, there is no minimal diversity, and this matter must be dismissed for lack of subject matter jurisdiction (Dkt. No. 1 Complaint at ¶10). Put succinctly, since both Plaintiff and Defendant are New York citizens, no diversity exists. Federal jurisdiction is therefore improper.

Plaintiff is trying to salvage its claimed jurisdictional argument by alleging a class that includes Pennsylvania customers even though it does not name one. As will be discussed in Defendant's Reply, if Plaintiff is permitted to proceed with a class including Pennsylvania customers that raises venue issues because the Agway Pennsylvania contracts include a clause setting venue in Pennsylvania. In addition, on March 13, 2018, a similar putative class action was commenced against Agway in the United States District Court for the Western District of Pennsylvania. *Brown v. Agway*, 18-cv-00321. The existence of two actions with the possibility of including the same plaintiffs raises other issues such as consolidation.

Accordingly, Defendant submits this request because this court should have time to consider the pending motion before the parties and the court embark on the discovery path and its concomitant motion practice, which places an unnecessary burden on both the courts and Agway. It would waste not only the parties' time and resources but those of the court (possibly two different federal district courts) to proceed to set a likely unrealistic schedule and begin down the discovery route when the court has set the submission date for the motion to dismiss for April 3, 2018.

Thank you for your consideration of this request.

Hon. Andrew T. Baxter
March 22, 2018
Page 3

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

*Sharon M. Porcellio*

Sharon M. Porcellio

SMP/es

cc: All Attorneys of Record *(via ECF)*
William K. Mosca, Esq. *(via e-mail)*
Kenneth J. Sheehan, Esq. *(via e-mail)*
John D. Coyle, Esq. *(via e-mail)*