# FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

March 23, 2018

Via ECF
Honorable Andrew T. Baxter
United State Magistrate Judge
United States District Court – Northern District of New York
100 South Clinton Street
Syracuse, NY 13261

Re:   ***Gonzales v. Agway Energy Services, LLC*, No. 5:18-cv-00235-MAD-ATB**

Dear Judge Baxter:

By letter dated March 22, 20018, Defendant asked this Court to set a telephone conference to discuss discovery.  But there is already a telephonic Rule 16 conference scheduled for April 25 during which Defendant can raise any discovery issues appropriate under the Federal Rules.  There is no need to burden the Court and the Parties with another conference.

Moreover, the request Defendant seeks to make in the requested additional conference, seeking to suspend discovery until the motion to dismiss is decided, lacks merit.  Stays of discovery pending motions to dismiss are highly disfavored.  In fact, where "the Court cannot conclude on the present record before it that dismissal of the complaint is inevitable," the court should deny the motion to stay.  *In re WRT Energy Secs. Litig.*, No. 96-3610, 1996 WL 580930, at *1 (S.D.N.Y. Oct. 9, 1996); *accord OMG Fid., Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 305 (N.D.N.Y. 2006) (denying stay where court was skeptical that the complaint would be dismissed in its entirety based on the facial sufficiency of the pleadings); *In re Chase Manhattan Corp. Sec. Litig.*, No. 90-6092, 1991 WL 79432, at *1 (S.D.N.Y. May 7, 1991) (holding that staying discovery is not appropriate unless the complaint's dismissal is "inevitable").  Even if the Court thinks that the arguments for both sides are strong, a stay is not warranted.  *See Guiffre v. Maxwell*, No. 15-7433, 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016) ("Plaintiff has pled concrete facts and law to support all of her arguments. With strong arguments on both sides, Defendant's argument does not rise to a level of the requisite 'strong showing' that Plaintiff's claim is unmeritorious.").

Defendant does not meet its high burden supporting a stay.  To the contrary, it is extremely unlikely that Defendant's motion to dismiss will be granted.  In nine cases brought in U.S. District Courts by plaintiffs represented by Finkelstein, Blankinship, Frei-Pearson & Garber, LLP against ESCOs for the same deceptive conduct, district courts have denied the motion to dismiss eight times.  *See Rolland v. Spark Energy, LLC*, No. 17-02680, ECF No. 28 (D.N.J. Dec. 7, 2017); *Hamlen v. Gateway Energy Services Corp.*, No. 16-3526, 2017 WL

{00291323 }   Newburgh • Albany • Binghamton • Kingston • Middletown • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • White Plains
1279 ROUTE 300, PO BOX 1111
NEWBURGH, NY  12551

Phone: (914) 298-3281    Fax: (845) 562-3492
www.fbfglaw.com

445 HAMILTON AVE, SUITE 605
WHITE PLAINS, NY  10601

892399 (S.D.N.Y. Mar. 6, 2017); *Claridge v. N. Am. Power & Gas, LLC*, No. 15-1261, 2015 WL 5155934 (S.D.N.Y. Sept. 2, 2015); *Tully v. N. Am. Power & Gas, LLC,* No. 14-634, ECF No. 68 (D. Conn. Oct. 29, 2015); *Fritz v. North American Power & Gas, LLC*, No. 14-634, ECF No. 42 (D. Conn. Jan. 29, 2015); *Edwards v. N. Am. Power & Gas, LLC*, 120 F. Supp. 3d 132 (D. Conn. 2015); *Chen v. Hiko Energy, LLC*, No. 14-1771, 2014 WL 7389011 (S.D.N.Y. Dec. 29, 2014); *Wise v. Energy Plus Holdings, LLC*, No. 11-7345, Hearing Transcript (S.D.N.Y. March 23, 2012).  Only the court in *Zahn v. N. Am. Power & Gas, LLC* dismissed the plaintiff's complaint, and that decision was reversed by the Seventh Circuit following a certified question to the Illinois Supreme Court.  No. 14-8370, 2015 WL 2455125 (N.D. Ill. May 22, 2015), *rev'd and vacated*, 847 F.3d 875 (7th Cir. 2017).

At least a dozen other courts have denied motions to dismiss in substantially similar cases, demonstrating that it is far from inevitable that the Court will dismiss the complaint outright.  *See Mirkin v. Viridian Energy, Inc.*, No. 15-1057, 2016 WL 3661106 (D. Conn. July 5, 2016); *Todd v. XOOM Energy Maryland, LLC*, No. 15-0154, 2017 WL 667198 (D. Md. Feb. 16, 2017); *Melville v. Spark Energy, Inc.*, No. 15-8706, 2016 WL 6775635 (D.N.J. Nov. 15, 2016); *Vitale v. U.S. Gas & Elec.*, Inc., No. 14-4464, 2016 WL 1060807 (D.N.J. Mar. 16, 2016); *Landau v. Viridian Energy PA LLC*, 223 F. Supp. 3d 401 (E.D. Pa. 2016); *Oladapo v. Smart One Energy, LLC*, No. 14-7117, 2016 WL 344976 (S.D.N.Y. Jan. 27, 2016); *Gruber v. Starion Energy, Inc.*, No. 14-01828, ECF No. 46-1 (D. Conn. Apr. 7, 2015); *Sobiech v. U.S. Gas & Electric, Inc.*, No. 14-04464, ECF No. 24 (E.D. Pa. Feb. 4, 2015); *Sanborn v. Viridian Energy, Inc.*, No. 14-1731, ECF No. 26-1 (D. Conn. Apr. 1, 2015); *Steketee v. Viridian Energy, Inc.*, No. 15-585, ECF No. 46 (D. Conn. Apr. 14, 2016); *Komoda v. Palmco Energy,* No. L-3263-14 (N.J. Super. Ct. Civ. Div. Sept. 19, 2014); *Aks v. IDT Energy*, No. L-4936-14 (N.J. Super. Ct. Civ. Div. Nov. 6, 2014).

Defendant's contention that the Court "may" lack subject matter jurisdiction is frivolous and foreclosed by Second Circuit precedent cited in Plaintiff's opposition to Defendant's motion to dismiss and not a reason to delay discovery.  Pursuant to the Class Action Fairness Act, a district court has original jurisdiction over class actions in which the matter in controversy exceeds $5 million and in which "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]"  28 U.S.C. § 1332(d)(2)(A).  "CAFA embodies Congress's judgment that complete diversity is not essential in class actions that meet its requirements." *F5 Capital v. Pappas*, 856 F.3d 61, 81 (2d Cir.), *cert. denied*, 138 S. Ct. 473 (2017).  Plaintiff alleges that Agway has customers in both New York and Pennsylvania that were subject to substantially similar customer agreements.  Compl. ¶¶ 2-3.  Plaintiff thus proposed a class comprised of Defendant's New York and Pennsylvania customers.  *Id.* at ¶ 42.  Therefore, Plaintiff has sufficiently pleaded diversity under CAFA.  *F5 Capital v. Pappas*, 856 F.3d 61, 77 (2d Cir.), *cert. denied*, 138 S. Ct. 473 (2017) (holding that "the fact that the court subsequently determined that the case could not proceed as a class action under CAFA did not deprive it of

subject matter jurisdiction" and that Circuit Courts uniformly hold that "federal jurisdiction under [CAFA] does not depend on certification.").

Defendant contends that the lack of a named Plaintiff who is a Pennsylvania customer precludes a finding of diversity. But CAFA diversity is determined, at least at this stage, by the class proposed in the complaint. Indeed, CAFA defines "class members" as "persons (named or unnamed) who fall within the definition of the *proposed* or certified class in a class action." 28 U.S.C. 1332(d)(1)(D) (emphasis added); *accord In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 962 F. Supp. 2d 606, 628 (S.D.N.Y. 2013) (explaining that minimal diversity is satisfied where "at least one member of the putative class is diverse from at least one defendant"). Because the proposed class includes Pennsylvania customers (at least one of whom is a Pennsylvania citizen), CAFA diversity is satisfied. Thus, when determining whether the court can exercise jurisdiction under the diversity statute, the court looks to the entire proposed class, not just the named plaintiffs. There is no authority for the proposition that CAFA diversity at the outset of a case hinges on whether a plaintiff can ultimately certify the entirety of the proposed class. *F5 Capital v. Pappas*, 856 F.3d at 77 (2d Cir.).

Nor does Defendant's contention that there might be venue issues justify a stay. Defendant invokes a clause in its Pennsylvania contract concerning venue, but Plaintiff is not bound by the terms of the Pennsylvania contract. Whether Plaintiff can represent similarly situated Pennsylvanian victims who may otherwise be subject to a forum selection clause is presently of no moment, as the class' geographic scope is an issue to be determined at the class certification stage. *See, e.g.*, *Jimenez v. Allstate Indem. Co.*, No. 07-14494, 2010 WL 3623176, at *4 (E.D. Mich. Sept. 15, 2010) (deferring the defendant's forum selection clause arguments until class certification) (collecting cases). Indeed, prohibiting named plaintiffs from representing class members in other states, thereby requiring separate cases for each state, would bring back the problems CAFA was enacted to solve: similar, overlapping actions in multiple courts, with no way to coordinate the cases, leading to tremendous redundancy (and possibly conflicting outcomes) caused by multiple judges in different courts adjudicating the same issues. *See In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 269 (D. Mass. 2004) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615-17 (1997)).

Finally, Defendant's argument that the copy-cat suit (*Brown v. Agway Energy Services, LLC* ) belatedly filed in Pennsylvania will create issues of consolidation likewise lacks merit. Under the first-filed rule, any consolidation will occur in this Court, and therefore there is no reason to delay discovery while that occurs. Indeed, it is entirely likely that the Western District of Pennsylvania will either stay or dismiss *Brown* under the first-filed rule. *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) ("The first-filed rule states that, in determining the proper venue, '[w]here there are two competing lawsuits, the first suit should have priority.'") (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir.

2006)).  The first-filed rule is particularly applicable here as substantial portions of Pennsylvania complaint are nearly identical to Plaintiff's Complaint filed four months prior.  *Compare Gonzales* Complaint ¶¶ 1-4, 14-15, 21-22, 24-25, and 35-37 *with Brown* Complaint ¶¶ 1-6, 20-21, 36-37, and 42-46.  Thus, a stay would be unnecessary and prejudicial to class members.

Defendant's motion to stay is an unwarranted attempt to delay discovery and the ultimate resolution of this case.  Not only will a stay of discovery result in a delay of compensation to tens of thousands of exploited Agway customers, but it will allow Agway to victimize countless more.  A stay is particularly unwarranted here given the legion of cases that have denied almost identical motions to dismiss based on almost identical complaints.  Accordingly, Plaintiff respectfully requests that this Court deny Defendant's request for a pre-motion conference and instead require that this action proceed as required under the Federal Rules, the Local Rules, and Your Honor's February 26 Order.

Respectfully Submitted,

*s/ D. Greg Blankinship*
D. Greg Blankinship
Todd S. Garber
Chantal Khalil
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
445 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
gblankinship@fbfglaw.com
tgarber@fbfglaw.com
ckhalil@fbfglaw.com

{00291323 }                    4