# FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

April 9, 2018

**Via ECF**
Honorable Mae A. D'Agostino, U.S. District Judge
James T. Foley U.S. Courthouse
U.S. District Court for the Northern District of New York
445 Broadway, Courtroom 5
Albany, NY 12207

Re:   ***Gonzales v. Agway Energy Services, LLC***, No. 5:18-cv-00235-MAD-ATB

Dear Judge D'Agostino:

We represent Plaintiff Naomi Gonzales.  Pursuant to Your Honor's Individual Rules of Practice, we write to request a conference to respectfully request that Your Honor strike portions of Defendant's Reply Memorandum of Law in Support of its Motion to Dismiss (ECF No. 48) (the "Reply") or, alternatively, grant Plaintiff leave to file a sur-reply.  In its Reply, Defendant advances several new arguments that it failed to raise in its opening memorandum and new misstatements of fact concerning relevant case law, thereby depriving Plaintiff of an opportunity to respond to Defendant's arguments.[1]

First, Defendant states that its transfer argument "is very much alive as to the purported class of Pennsylvania customers," and asserts that the forum selection clause in the Pennsylvania agreement requires transfer of the putative class members' claims to a Pennsylvania court. Reply at 11-12.  Defendant did not advance any arguments in its opening brief concerning transfer of a portion of the proposed class to Pennsylvania, even though Plaintiff's proposed class is plainly stated in the Complaint, as is Plaintiff's incorporation of Agway's Pennsylvania contract.  ECF No. 1, ¶¶ 21, 42.  To the contrary, Defendant's opening memorandum argued that

---

[1]  Perhaps the reason Defendant made so many new arguments was that it had additional space owing to its use of an 11.5 font size throughout its 17 page brief.

{00291765 }   Newburgh • Albany • Binghamton • Kingston • Middletown • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • White Plains
1279 ROUTE 300, PO BOX 1111          Phone: (914) 298-3281    Fax: (845) 562-3492          445 HAMILTON AVE, SUITE 605
NEWBURGH, NY  12551                              www.fbfglaw.com                              WHITE PLAINS, NY  10601

venue for the proposed class is only proper in New York.  ECF No. 13 at 21-23.[2]

Second, in further support of its new venue argument, Defendant raises the existence of a copycat class action belatedly filed against Agway in Pennsylvania and argues, for the first time, that the existence of a later-filed case weighs in favor of transfer.  Reply at 11-12 (referencing without citation *Brown v. Agway*, 18-cv-00321 (W.D. Pa. 2018)).[3]

Third, Defendant argues for the first time that the home state exceptions to the Court's Class Action Fairness Act ("CAFA") jurisdiction apply.  Reply at 10 n.15.  Defendant's opening memorandum only argued that Plaintiff did not satisfy CAFA's minimal diversity standard "since both Plaintiff and Defendant are New York citizens."  ECF No. 13 at 20-21.[4]

Lastly, Defendant misstates the facts involved in relevant case law, incorrectly stating, for example, that "Plaintiff's cite to *Viridian* for a damages measurement fails because Defendant here did not limit variable rate determinations to 'wholesale market conditions.'"  Reply at 20 n.42.  To the contrary, like Agway, Viridian Energy represented that its variable rate would fluctuate based on wholesale market conditions, "*plus* any applicable fees, charges or

---

[2] Moreover, whether Plaintiff can represent similarly situated Pennsylvanian victims who may otherwise be subject to a forum selection clause is presently of no moment, as the class' geographic scope is an issue to be determined at the class certification stage.  *See, e.g.*, *Jimenez v. Allstate Indem. Co.*, No. 07-14494, 2010 WL 3623176, at *4 (E.D. Mich. Sept. 15, 2010) (deferring the defendant's forum selection clause arguments until class certification) (collecting cases).

[3] Notwithstanding, this position is foreclosed by the first-filed doctrine.  *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) ("The first-filed rule states that, in determining the proper venue, '[w]here there are two competing lawsuits, the first suit should have priority.'") (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)).

[4] Of course, the home state exceptions to CAFA are inapplicable here because this action was originally filed in Delaware, and the exceptions are only applicable where the Defendant is a citizen, and more than a third of the class reside, in the District in which the action was originally filed.  28 U.S.C. §§ 1332(D)(3), 1332(D)(4)(A)(i), and 1332(D)(4)(B).  Because more than one third of the proposed class does not reside in Delaware, the home state exceptions do not apply.

taxes." *Mirkin v. Viridian Energy, Inc.*, No. 15-1057, 2016 WL 3661106, at *3 (D. Conn. July 5, 2016) (emphasis added).

It is well-established that "[a]rguments may not be made for the first time in a reply brief." *Diaz v. U.S.*, 633 F. App'x 551, 556 (2d Cir. 2015) (quoting *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) (striking reply brief containing new arguments)); *AP Links, LLC v. Russ*, No. 09-5437, 2017 WL 3394599, at *6 (E.D.N.Y. Aug. 7, 2017) (striking argument raised for the first time in reply brief). Accordingly, "[n]ew arguments first raised in reply papers in support of a motion will not be considered." *Domino Media, Inc. v. Kranis*, 9 F. Supp. 2d 374, 387 (S.D.N.Y. 1998) (collecting cases and refusing to entertain new arguments raise in reply papers); *accord Kommer v. Ford Motor Co.*, No. 117-296, 2017 WL 3251598, at *4 n.3 (N.D.N.Y. July 28, 2017) ("The Court will not consider these arguments because a defendant may not introduce arguments for the first time in its reply brief.") (citations omitted);.[5] Alternatively, Plaintiff is amenable to submitting a sur-reply. *Lee v. Coughlin*, 26 F. Supp. 2d 615, 617 n.2 (S.D.N.Y. 1998) (allowing sur-reply instead of striking new arguments presented on reply).

For the foregoing reasons, Plaintiff respectfully requests that this Court strike Defendant's new and improper arguments or, alternatively, grant leave to file a sur-reply.

Respectfully Submitted,

*s/ D. Greg Blankinship*
D. Greg Blankinship

---

[5] Plaintiff recognizes that "reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000). However, Defendant's new arguments do not address new issues raised in Plaintiff's response, thus, the exception does not apply in the instant case.