UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NAOMI GONZALES,

                Plaintiff,              5:18-cv-00235 (MAD/ATB)

      v.

AGWAY ENERGY SERVICES, LLC,

                Defendant.

## CONFIDENTIALITY ORDER

The Court enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1.    Findings:  The Court finds that the parties to this case may request or produce information involving (i) trade secrets, (ii) competitively sensitive technical, marketing, financial, sales or other confidential business information, (iii) private or confidential personal information, or (iv) which otherwise is entitled to protection under Federal Rule of Civil procedure 26(c)(1)(G), the disclosure of which is likely to cause harm to the party producing such information.

2.    Definitions:

    a)   (i)    "Action" means Gonzales v. Agway Energy Services, LLC, No. 5:18-cv-00235 (MAD/ATB);

       (ii)   "Party" means a named party in this Action or any putative or named member of any class designated or certified in this Action;

       (iii)  "Person" means an individual or an entity;

    (iv) "Producer" means a person who produces information via the discovery process in this Action;

    (v) "Recipient" means a person who receives information via the discovery process in this Action.

  b) "Confidential" information is information concerning a person's personal or private information, business operations, practices, processes, and/or technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

  c) "Highly Confidential" information refers to information within the scope of Rule 26(c)(1)(G) that is more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.  All pricing methodology will be deemed Highly Confidential.

  d) Information is not Confidential or Highly Confidential if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, is or becomes known to the recipient by means not constituting a breach of this Order, or is lawfully obtained independently of this Action.

  3. <u>Designation of Information as Confidential or Highly Confidential</u>:

  a) A producer may designate information in a document or thing as Confidential by clearly and prominently marking it on its face "CONFIDENTIAL."

b)	A producer may designate information in a document or thing as Highly Confidential by clearly and prominently marking it on its face "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

c)	By making documents or things available, the producer does not forfeit a claim of confidentiality, so long as the producer causes copies of the documents or things to be designated as confidential before providing them to the recipient.

d)	If there is a claim that particular testimony is or will be Confidential or Highly Confidential, the party asserting this claim must state on the record at the deposition that the information is either Confidential or Highly Confidential, or advise the opposing party and the stenographer and videographer in writing, within fourteen (14) days after receipt of the deposition transcript, that the information is Confidential or Highly Confidential.

e)	A producer's failure to designate a document, thing, or testimony as Confidential or Highly Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

f)	A producer who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all parties in the case.

g)	If a party disputes a producer's designation of information as Confidential or Highly Confidential, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document(s) or thing(s) as to which the designation is disputed.  The party and the producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court.  If they cannot resolve the dispute, the producer may file a motion with the Court to maintain the producer's confidentiality designation.  In the event such an application is made, the information shall remain subject to the producer's confidentiality

designation until the Court rules on the dispute. A party's failure to contest a designation of information as confidential is not an admission that the information was properly designated as such.

    4.    <u>Use and Disclosure of Confidential or Highly Confidential Information</u>:

    a)    Confidential and Highly Confidential information may be used exclusively for purposes of this Action, subject to the restrictions of this Order.

    b)    Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel, including paralegal, secretarial and clerical personnel assisting such counsel; (iii) the parties which, in the case of party that is not a natural person, means that party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(d) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; (vi) the Court and personnel assisting the Court, including court-appointed mediators and their staffs; (vii) a vendor retained by or for the party to perform or assist the party in performing electronic discovery tasks in this Action; (viii) a vendor retained by or for the party to assist in preparing for pretrial discovery, trial and/or hearings in this Action. In the case of Highly Confidential information, subsection (ii) is amended as follows: the categories of persons in (ii) shall not see the Highly Confidential information of any other party or person, including corporate persons.

      c)      A party may not disclose Confidential or Highly Confidential information to an expert, consultant, or vendor pursuant to paragraph 4(b) of this order until after the expert, consultant, or vendor has signed an undertaking in the form of Appendix 1 to this Order.  Thus, marking a document "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" does not preclude disclosure of any such designated information to experts, consultants, or vendors described in paragraph 4(b).

      d)      Notwithstanding paragraph 4(b)-(c), a party may also disclose Confidential or Highly Confidential information to: (i) any person, no longer affiliated with the producer, who authored the information in whole or in part; (ii) any person who received the information before this case was filed; and (iii) any party deponent in this Action.

5.      <u>Inadvertent Disclosure</u>:

      a)      To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Highly Confidential material that should have been designated as such, shall not be deemed a waiver in whole or in part of such designation, either as to the specific information, document(s) or thing(s) disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Highly Confidential within a reasonable time after such disclosure.  Such notice shall constitute a designation of the information, document(s) or thing(s) as Highly Confidential.

      b)      When the inadvertent or mistaken disclosure of any information, document(s) or thing(s) protected by privilege or work-product immunity is discovered by the producer and brought to the attention of the recipient, the recipient's treatment of such material

shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent or mistaken disclosure of such information, document(s) or thing(s) shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity.  However, nothing herein restricts the right of the recipient to challenge the producer's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

6. <u>Filing with the Court</u>:

a) This protective order does not, by itself, authorize the filing of any document under seal.  Notwithstanding any other provision of this Order, documents and things may not be filed under seal with the Clerk of this Court unless such sealing is authorized by a separate order upon an express finding that the documents or things, or portions thereof to be sealed, satisfy the requirements for sealing under the applicable Local Rule and <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110 (2d Cir. 2006).

b) If a party wishes to file in the public record a Confidential or Highly Confidential document, the party must advise the producer of the document no later than five (5) business days before the document is due to be filed, so that the producer may move the Court, if it so desires, to require the document to be filed under seal.

7. <u>Document Disposal</u>:  Promptly upon the conclusion of this Action, each party must return to the producer all documents and copies of documents containing the producer's Confidential or Highly Confidential information, and must destroy via secure shredding all notes, memoranda, or other materials in any way revealing Confidential or Highly Confidential information.  Alternatively, the party may destroy all documents and copies of documents containing the producer's Confidential or Highly Confidential information.  The party returning

and/or destroying the producer's Confidential and Highly Confidential information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this order.

8. <u>Survival of Obligations</u>: This Order's obligations regarding Confidential and Highly Confidential information survive the conclusion of this Action.

9. The Court retains discretion whether to afford confidential treatment to any confidential document or information contained in any confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

So Ordered:

Dated:_____, 2018

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge

APPENDIX I

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NAOMI GONZALES,

                Plaintiff,                5:18-cv-00235 (MAD/ATB)

      v.

AGWAY ENERGY SERVICES, LLC,

                Defendant.

      I, _____ state the following under penalties of perjury as provided by law:

      I have been retained by _____ as an expert, consultant, or vendor in connection with this case. I will be receiving Confidential or Highly Confidential information that is covered by the Court's protective order, dated _____ (the "Protective Order").  I have read the Protective Order and understand that the Confidential or Highly Confidential information is provided pursuant to the terms and conditions therein.

      I agree to be bound by the Protective Order. I agree to use the Confidential or Highly Confidential information solely for purposes for which I have been retained in this Action. I understand that neither the Confidential or Highly Confidential information, nor any notes concerning that information, may be disclosed to anyone that is not bound by the Protective Order. I agree to return the Confidential or Highly Confidential information and any notes concerning that information to the attorney for _____, or to destroy the information and any related notes, at that attorney's request.

I submit to the jurisdiction of the Court that issued the Protective Order for purposes of enforcing that order.  I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

                                                                                                        _____
                                                                                                         [signature]

Subscribed and sworn to before me
this ____ day of _____, 20___.

_____
Notary Public