# FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

July 16, 2018

<u>Via ECF</u>
Honorable Andrew T. Baxter
United State Magistrate Judge
United States District Court – Northern District of New York
100 South Clinton Street
Syracuse, NY 13261

Re:   ***Gonzales v. Agway Energy Services, LLC***, No. 5:18-cv-00235-MAD-ATB

Dear Judge Baxter:

Plaintiff reluctantly writes pursuant to Federal Rule of Civil Procedure 37(a) to seek this Court's assistance to compel Defendant to attend an oft-noticed and discussed Rule 30(b)(6) deposition. Notwithstanding that Plaintiff served the first version of this notice on May 15, 2018, and that Plaintiff has since agreed to extend the time and date for such a deposition to accommodate Defendant's purported inability to find the time to prepare for a 30(b)(6) deposition, Defendant contumaciously refuses to make a witness available. This refusal is plainly intended for the purpose of delay and to make the discovery process as onerous and expensive as possible for both parties. This Court should not countenance such sharp practice.

By way of background, Plaintiff's counsel explained to Defendant's counsel at the Rule 26(f) conference on May 15, 2018 that Plaintiff intended on holding an early Rule 30(b)(6) deposition to obtain testimony regarding such basic topics as how Defendant goes about marketing its variable rate products, how it sets its variable rates, and what related data and documents exist and in what form. Plaintiff's counsel also explained that they required a minimal document production in advance of that deposition, namely a representative sampling of the following documents from the relevant time period (*i.e.*, December 6, 2011 to present): data and documents related to Ms. Gonzales; the different iterations of Agway's customer contracts; the different iterations of Agway's welcome letters; examples of marketing materials; examples of pricing models and costs spreadsheets (to the extent that they are separate from pricing spreadsheets); and policy and procedure documents related to pricing. Later that same day, Plaintiff issued a Rule 30(b)(6) deposition notice. *See* Exhibit A, May 15, 2018 Notice of Rule 30(b)(6) Deposition.

At Defendant's request, the parties had several telephonic conferrals and exchanged approximately two-dozen emails regarding that notice. In response to Defendant's counsel's professed inability to timely prepare a witness given the scope of the notice, Plaintiff's counsel agreed to limit the time scope of the deposition to three years prior to the initiation of this action

to the present and to delay the deposition by a month.  *See* Exhibit B, June 11, 2018 Amended Notice of Rule 30(b)(6) Deposition.  Nonetheless, Defendant's counsel continued to profess an inability to prepare a witness.  Yet, despite Plaintiff's repeated requests that Defendant suggest ways to narrow the scope or otherwise address Defendant's concerns, Defense counsel simply repeated the contention that it was just too broad.  When it became plain that this was nothing more than dilatory conduct intended to prevent fulsome discovery, Plaintiff issued a final Rule 30(b)(6) notice, and her counsel informed Defendant that it was incumbent on Defendant to produce a witness or seek a protective order.  *See* Exhibit C, June 14, 2018 Second Amended Notice of Rule 30(b)(6) Deposition;[1] Exhibit D, June 14, 2018 Email from D. Greg Blankinship

Instead, Defendant agreed to produce the documents Plaintiff requested in advance of the deposition, and even asked for several extensions beyond the date it agreed to make a production, requests to which Plaintiff agreed.  *See, e.g.*, Exhibit E & F, Email Chains Between Counsel.  Not surprisingly, that production -- which was not made until July 9, 2018 -- was incomplete.  On July 11, 2018, when Plaintiff's counsel was finally able to reach Defendant's counsel to discuss the production, Defendant's counsel summarily declared for the first time that Defendant would not be producing a witness.

Defendant's contention that it is too difficult to prepare a witness for the Rule 30(b)(6) deposition is meritless.  The topics themselves are narrow, seeking only basic information about marketing and rate setting and the identification of the form and location of pertinent documents and date.  Furthermore, Defendant has had more than 60 days since Plaintiff first issued the notice to prepare its designee.

Moreover, Defendant is flouting the Federal Rules of Civil Procedure.  As Plaintiff's counsel explained to Defendant's counsel, it is incumbent on Defendant to seek a protective order to prevent a properly noticed deposition.  *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 09-3701, 2013 WL 6439069, at *2 (S.D.N.Y. Dec. 9, 2013) ("While it is indeed good practice to discuss any issues respecting a 30(b)(6) deposition notice with the party which noticed the deposition in an attempt to work out an agreement, in the absence of an agreement, a party cannot decide on its own to ignore the notice.") (quoting *New England Carpenters Health Benefits Fund v. First Databank, Inc.*, 242 F.R.D. 164, 166 (D. Mass. 2007)); *Robinson v. Quicken Loans, Inc.*, No. 12-00981, 2013 WL 1776100, at *3 (S.D.W. Va. Apr. 25, 2013) ("[O]nce a Rule 30(b)(6) deposition notice is served, the corporation bears the burden of demonstrating to the court that the notice is objectionable or insufficient.  Otherwise, the corporation must produce an appropriate representative prepared to address the subject matter described in the notice.") (collecting cases); *U.S., ex rel. Fry v. Health All. of Greater Cincinnati*,

---

[1] The Second Amended Notice of Rule 30(b)(6) Deposition corrected a discrepancy on Plaintiff's part immediately after it was pointed out by defense counsel, namely, that the scope included the proposed Pennsylvania class.

No. 03-167, 2009 WL 5227661, at *2 (S.D. Ohio Nov. 20, 2009) ("[A] failure [to attend a properly noticed deposition] is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).") (citation omitted); *New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, 242 F.R.D. 164, 166 (D. Mass. 2007) ("What is not proper practice is to refuse to comply with the notice, put the burden on the party noticing the deposition to file a motion to compel, and then seek to justify non-compliance in opposition to the motion to compel.  Put simply and clearly, absent agreement, a party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order.").

Discovery in this case began on May 15, 2018, and yet to date Defendant has only produced a handful of documents, and it has refused to cooperate so that orderly discovery can take place.  Plaintiff therefore seeks an Order compelling Defendant to produce the remaining requested documents by July 23 and a witness on or before July 30, 2017 pursuant to the Rule 30(b)(6) notice.  Plaintiff also seeks sanctions for the attorney time expended in having to bring this motion.  *See, e.g.*, *Alli v. Steward-Bowden*, No. 11-4952, 2013 WL 6633192, at *4 (S.D.N.Y. Dec. 17, 2013) (granting fees to party moving to compel Rule 30(b)(6) deposition); *Miles v. Elliot*, No. 94-4669, 2011 WL 5524842, at *7 (E.D. Pa. Nov. 14, 2011) (awarding Plaintiff's counsel attorneys' fees and costs in conjunction with the defendant's failure to prepare designees for their Rule 30(b)(6) depositions, and in conjunction with defendant's failure to appear at another noticed Rule 30(b)(6) deposition).  Plaintiff may also be forced to pay a cancellation fee for the conference room her counsel reserved for the deposition, a cost Defendant should bear.

For the foregoing reasons, Plaintiff respectfully requests that this Court compel Defendant to timely produce the requested documents and a witness pursuant to  the noticed Rule 30(b)(6) deposition and award Plaintiff's counsel attorneys' fees and costs.

Respectfully Submitted,

*s/ D. Greg Blankinship*
D. Greg Blankinship
Todd S. Garber
Chantal Khalil
**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
445 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
gblankinship@fbfglaw.com

tgarber@fbfglaw.com
ckhalil@fbfglaw.com