# Exhibit A

| | |
|---|---|
| **From:** | Chantal Khalil |
| **To:** | "sporcellio@bsk.com"; John D. Coyle; "William Mosca"; "bsheehan@bsk.com" |
| **Cc:** | Greg Blankinship; Todd Garber |
| **Subject:** | Gonzales v. Agway Energy - Discovery Requests, Initial Disclosures, & Email Service Confirmation |
| **Date:** | Tuesday, May 15, 2018 6:46:00 PM |
| **Attachments:** | Gonzales v. Agway Energy - Plaintiff"s Rule 26(a) Initial Disclosures (00292553xD84C7).pdf |
| | Gonzales v. Agway - 30(b)(6) Notice (00292552xD84C7).pdf |
| | Gonzales v. Agway - Plaintiff"s First Set of Interrogatories (00292551xD84C7).pdf |
| | Gonzales v. Agway - Plaintiff"s First Set of RFPs (00292550xD84C7).pdf |

Counsel,

Please find enclosed Plaintiff's First Sets of Interrogatories and Requests for Production, Rule 30(b)(6) Deposition Notice, and Rule 26(a)(1) Initial Disclosures. Also, I ask that you please confirm that you consent to email service pursuant to Rule 5(b)(2)(E).

Feel free to contact us with any questions.

Best,
Chantal

Chantal Khalil, Esq. | Associate Attorney
FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP
445 Hamilton Avenue, Suite 605
White Plains, NY 10601
Tel: 914-298-3294 | Fax: 914-298-3329

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAOMI GONZALES,<br><br>        Plaintiff,<br><br>    v.<br><br>AGWAY ENERGY SERVICES, LLC,<br><br>        Defendant. | No. 5:18-cv-235 (MAD/ATB) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, and Local Rule 26.1, Naomi Gonzales ("Plaintiff" or "Ms. Gonzales"), by her attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, hereby requests that Defendant Agway Energy Services, LLC ("Defendant" or "Agway")  answer the following interrogatories within thirty (30) days.

### DEFINITIONS & INSTRUCTIONS

The following definitions and instructions apply to these interrogatories:

1.      Communication.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.      Document.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

3.      Identify (with respect to persons).  The term "identify" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment. Once a

person has been identified, only the person's name need be listed in response to subsequent discovery requesting the identification of that person.

4. Identify (with respect to documents). The term "identify" (with respect to documents) means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipients(s).

5. Parties. The terms "Plaintiff" and "Defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or predecessors. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6. Person. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business, governmental entity, or association.

7. Concerning. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

8. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9. Number. The use of the singular form of any word includes the plural and vice versa.

10. All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

11. Local Utility. The term "local utility" is defined as the regulated companies that engage in the generation, transmission, or distribution of electricity, such as Central Hudson.

12. ESCO. The term "ESCO" is defined as an energy supplier, such as Agway, that is eligible to sell energy services to end-use customers using the transmission or distribution system of a local utility.

13. If any interrogatory cannot be answered in full, it shall be answered to the extent possible, with an explanation as to why full compliance is not possible. With respect to any information responsive to any of these interrogatories that is withheld based on a claim of privilege or for any other reason, state in detail the legal and factual basis for the claim of privilege or each other claimed ground for nondisclosure, and describe the nature of the withheld information.

14. These interrogatories are continuing in nature. If at any time prior to trial of this action you obtain additional information responsive to any of these interrogatories, pursuant to Federal Rule of Civil Procedure 26(e), you shall seasonably serve upon the undersigned amended and supplemental sworn written answers as required by that Rule.

15. In the event that any information called for by these interrogatories is withheld on the basis of a claim of attorney-client privilege, work product immunity, or any other grounds, identify:

    a. the nature of the privilege which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked;

    b. for documents: (a) the type of document, *i.e.*, letter or memorandum; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document for a subpoena duces tecum, including the author of the document, the addressees of the document, and any other recipients shown in the

        document, and the relationship of the author, addressees, and recipients to each other;

    c. for oral communications: (a) the names of the person making the communication and the person(s) present while the communication was made and the relationship of the person making the communication to the person(s) present; (b) the date and place of communication; and (c) its general subject matter.

16. In the event that any document called for by these requests is no longer in your possession, custody, or control, that document is to be identified by stating the following:

    a. the contents of the document;

    b. each person to whom the document was sent and each person who in fact received a copy of the document;

    c. the date of the document;

    d. the subject matter of the document; and

    e. the present custodian of the document, or the person otherwise responsible for the document's safekeeping, storage, or filing.

17. Unless otherwise specified, these interrogatories seek information concerning the period December 6, 2011 to the present (the "relevant time period").

## INTERROGATORIES

1. Identify all documents and databases that contain information concerning Agway electricity customers, including but not limited to such documents and databases that contain the following information:

    a. Customer Name

b. Account number

c. Service address, including but not limited to city and ZIP code

d. Billing address(es), if different from service address

e. Whether the customer is identified as a commercial or residential customer

f. Whether the customer received a variable rate

g. The applicable local utility rate

h. Meter reading dates for electricity

i. The cents (or dollars) per kWh Agway charged for each billing period

j. The total kWh used during each billing period

k. Date customer signed up to be a Agway electricity customer

l. Whether the customer signed up or enrolled through a Agway website or by telephone

m. Whether the customer was initially contacted or solicited by a mailing, on a website, by door to door contact, telemarketing, or by some other means (and if by some other means, identify that means)

n. First billing period for electricity

o. Date customer cancelled or terminated Agway electricity service or supply (if any)

p. Last billing period for electricity (if any)

q. Whether the customer redeemed a gift card or other promotional offer, and if so, the type and amount of the promotion.

2. Identify all persons who exercised responsibility to develop or implement all techniques, policies, procedures, practices, and materials relating to the marketing, advertising, and sale of electricity to New York or Pennsylvania consumers.

3. Identify all persons who exercised responsibility for drafting, creating, publishing, mailing, or otherwise disseminating all communications you made to current, former, or prospective customers, or to the public, concerning your sale or marketing of electricity to consumers.

4. Identify all persons responsible for setting your variable rates for electricity.

5. Identify all data and documents you rely upon or reference in determining or setting your variable rates for electricity.

6. Identify all witnesses whom you will call at the trial of this action.

Dated: May 15, 2018
White Plains, New York

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**

By: s/ D. Greg Blankinship
D. Greg Blankinship
Todd S. Garber
Chantal Khalil
445 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
gblankinship@fbfglaw.com
tgarber@fbfglaw.com
ckhalil@fbfglaw.com

*Attorneys for Plaintiff and Putative Class*

## CERTIFICATE OF SERVICE

I certify that on May 15, 2018, I caused a true copy of Plaintiff's First Set of Interrogatories be served by email upon the following:

Sharon M. Porcellio
**BOND, SCHOENECK & KING, PLLC**
Avant Building
200 Delaware Avenue, Suite 900
Buffalo, NY 14202
Tel: (716) 566-2844
Fax: (716) 566-2845
Email: sporcellio@bsk.com

Brendan M. Sheehan
**BOND SCHOENECK & KING, PLLC**
One Lincoln Center
Syracuse, NY 13202
Tel: (315) 218-8276
Fax: (315) 218-9816
Email: bsheehan@bsk.com

William K Mosca , Jr
**BEVAN, MOSCA & GIUDITTA, P.C.**
222 Mount Airy Road, Suite 200
Basking Ridge, NJ 07920
Tel: 908-753-8300
Fax: 908-753-8301
Email: wmosca@bmg.law

John D. Coyle
**BEVAN, MOSCA & GIUDITTA, P.C.**
222 Mount Airy Road, Suite 200
Basking Ridge, NJ 07920
Tel: 908-753-8300
Fax: 908-848-6422
Email: jcoyle@bmg.law

s/ Chantal Khalil
Chantal Khalil