# FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

July 27, 2018

Via ECF
Honorable Andrew T. Baxter
United States Magistrate Judge
United States District Court – Northern District of New York
100 South Clinton Street
Syracuse, NY 13261

      Re:    *Gonzales v. Agway Energy Services, LLC*, No. 5:18-cv-00235-MAD-ATB

Dear Judge Baxter:

My office represents Plaintiff Naomi Gonzales in the above-referenced action. We write to ask that Your Honor reconsider its June 7, 2018 ruling prohibiting discovery regarding Agway's Pennsylvania customers (who are part of the proposed class Ms. Gonzales, a New York resident, seeks to represent). ECF No. 1, ¶ 42. The Second Circuit recently made clear in *Langan v. Johnson & Johnson Consumer Companies, Inc.*, No. 17-1605, 2018 WL 3542624 (2d Cir. July 24, 2018) that a plaintiff from one state can represent a putative class that includes residents of other states:

> The question in this case is whether there is a standing problem when a plaintiff attempts to sue on behalf of those who may have claims under different states' laws that generally prohibit the same conduct. Although we have not expressly resolved this question, we have previously assumed that this is an issue best addressed under Rule 23, rather than as a standing issue. *See In re Foodservice*, 729 F.3d at 112. For example, in *In re Foodservice*, we considered a consumer class action against a food distributor that, the plaintiffs alleged, fraudulently overbilled its customers. *See id.* The defendants appealed the district court's certification of the class, claiming that certification was improper because the class action implicated the distinct contract laws of multiple states. *See id.* at 126. We rejected that argument and affirmed the certification, reasoning that "putative class actions involving the laws of multiple states are often not properly certified *pursuant to Rule 23(b)(3)* because the variation in the legal issues to be addressed overwhelms the issues common to the class." *Id.* at 126–27 (emphasis added). This approach of considering variations in state laws as questions of predominance under Rule 23(b)(3), rather than standing under Article III, makes sense. For one, it acknowledges the obvious truth that class actions necessarily involve plaintiffs litigating injuries that they themselves would not have standing to litigate. *See In re Bayer Corp.*, 701 F.Supp.2d at 377 ("Whether the named plaintiffs have standing to bring suit under each of the state laws alleged is 'immaterial' because they are

{00293985 }   Newburgh • Albany • Binghamton • Kingston • Middletown • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • White Plains

1279 ROUTE 300, PO BOX 1111      Phone: (914) 298-3281  Fax: (845) 562-3492      445 HAMILTON AVE, SUITE 605
NEWBURGH, NY  12551      www.fbfglaw.com      WHITE PLAINS, NY  10601

not bringing those claims on their own behalf, but are only seeking to represent other, similarly situated consumers in those states."). Since class action plaintiffs are not required to have individual standing to press any of the claims belonging to their unnamed class members, it makes little sense to dismiss the state law claims of unnamed class members for want of standing when there was no requirement that the named plaintiffs have individual standing to bring those claims in the first place. *See id.* This approach also accords with the Supreme Court's preference for dealing with modest variations between class members' claims as substantive questions, not jurisdictional ones. *See Gratz*, 539 U.S. at 266, 123 S.Ct. 2411 (explaining that differences in use of race between transfer- and freshman-admissions policies "clearly ha[d] no effect on petitioners' standing to challenge the [policies]" but "might be relevant to a narrow tailoring analysis"); *see also Lewis v. Casey*, 518 U.S. 343, 358 n.6, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) ("The standing determination is quite separate from certification of the class."). Finally, the only other circuit to have addressed this issue has reached the same conclusion. *See Morrison*, 649 F.3d at 536 (explaining that whether plaintiff could bring putative class action on behalf of out-of-state class members "ha[d] nothing to do with *standing*, though it may affect whether a class should be certified—for a class action arising under the consumer-fraud laws of all 50 states may not be manageable, even though an action under one state's law could be"). We are not convinced by the reasoning of those district courts that have addressed the issue we confront as a standing issue. For example, in *Richards v. Direct Energy Servs., LLC*, the district court concluded that a Connecticut plaintiff that alleged that the defendant energy company had attracted customers with misleading promises of low rates lacked standing to sue on behalf of Massachusetts consumers who were injured by the same defendant. 120 F.Supp.3d at 151. The court reasoned that "[w]ithout an allegation that [the named plaintiff] personally was injured in Massachusetts," the plaintiff's claim was essentially that, like the plaintiffs in Massachusetts, he had "suffered in some indefinite way in common with people generally." *Id.* at 155 (internal quotation marks and alteration omitted). This reasoning falters upon its premise: the harm the plaintiff alleged was not a general grievance common to people generally; it was a specific grievance based on the defendant's falsely advertised rates, suffered by specific people (Connecticut and Massachusetts customers of the defendant), under a specific set of circumstances. *See id.* We fail to see how the fact that the defendant's wrongful conduct impacted customers in two states rendered the injuries of the Massachusetts consumers somehow more indefinite than the identical injuries of the Connecticut consumers. Accordingly, we conclude that whether a plaintiff can bring a class action under the state laws of multiple states is a question of predominance under Rule 23(b)(3), not a question of standing under Article III.

*Langan v. Johnson & Johnson Consumer Companies, Inc.*, No. 17-1605, 2018 WL 3542624, at

\*5-\*6 (2d Cir. July 24, 2018).

Because Plaintiff has standing to represent Pennsylvania customers and New York customers, Plaintiff respectfully requests that Your Honor reconsider its decision to prevent Plaintiff from presently taking discovery relating to Pennsylvania consumers. Given that the variable rate terms in Agway's customer agreements for both New York and Pennsylvania consumers are materially the same, ECF No. 32 at 8 n.4, Plaintiff is confident that the Court will ultimately certify a class containing both New York and Pennsylvania consumers, and Plaintiff should be afforded to take discovery accordingly.

The Second Circuit's Opinion is attached as Exhibit A for the convenience of the Court. We thank the Court for its attention to this matter.

Respectfully Submitted,

*s/ D. Greg Blankinship*
D. Greg Blankinship
Todd S. Garber
Chantal Khalil
**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
445 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
gblankinship@fbfglaw.com
tgarber@fbfglaw.com
ckhalil@fbfglaw.com