# TABLE OF CONTENTS

                                                                                                                                         **Page**

PROCEDURAL BACKGROUND ........................................................................................................ 1

STANDARD FOR RECONSIDERATION ........................................................................................ 2

ARGUMENT ........................................................................................................................................ 3

    I.    CAFA Jurisdiction Exceptions ............................................................................................ 3

    II.   Lack of Notice under the U.C.C. ......................................................................................... 5

    III.  Voluntary Payment Doctrine ............................................................................................... 6

    IV.  The *Brown v. Agway* Court Analysis ................................................................................. 6

CONCLUSION ................................................................................................................................... 10

CERTIFICATE OF SERVICE .......................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**  Page(s)

*Abdale v. North Shore-Long Island Health Sys., Inc.*,
   No. 13-1238, 201 U.S. Dist. LEXIS 88881, 2014 WL 2945721 (E.D.N.Y.
   June 30, 2014) ................................................................................................................5

*Brown v. Agway*
   case pending at ................................................................................................2, 3, 6, 9

*Brown v. Gonzales*,
   No. 18-321, 2018 U.S. Dist. LEXIS 156077 (E.D. Pa., Sept. 13, 2018) .......................3, 7

*Buermeyer v. Suburban Propane, L.P.*,
   Index No. 5367 (N.Y. Supreme Ct. 2011) ................................................................5, 6

*Cohen v. Lee Maher & Solarblue, LLC*,
   No. 16 ............................................................................................................................8

*Cooper v. Federal Reserve Bank*,
   467 U.S. 867 (1984) ......................................................................................................7

*Douglas v. New York State Adirondack Park Agency*,
   2012 U.S. Dist. LEXIS 155100 (N.D.N.Y. Oct. 30, 2012) ...........................................2

*Grefer v. Frank*,
   No. 9:17-CV-1299, 2018 U.S. Dist. LEXIS 13451 (N.D.N.Y. Jan. 29, 2018) ...............2

*Hart v. FedEx Ground Package Sys., Inc.*,
   457 F.3d 675 (7th Cir. 2006) ........................................................................................5

*New York v. Hendrickson Bros., Inc.*,
   840 F.2d 1065 (2d Cir. 1988) .....................................................................................10

*NLRB v. United Tech. Corp.*,
   706 F.2d 1254 (2d Cir. 1983) .......................................................................................7

*Scholastic, Inc. v. Stouffer*,
   2000 U.S. Dist. LEXIS 11516 (S.D.N.Y. Aug. 14, 2000) ............................................9

*In re Titanium Dioxide Antitrust Litig.*,
   962 F. Supp. 2d 840 (D. Md. 2013) ............................................................................10

*Wu v. Pearson Educ., Inc.*,
   277 F.R.D. 255 (S.D.N.Y. 2011) ................................................................................10

**Statutes**

28 U.S.C. § 1404(a) ...........................................................................................................6, 7, 8, 9

CAFA ...............................................................................................................................2, 3, 4, 7

U.C.C. ...............................................................................................................................2, 3, 5, 6

**Other Authorities**

Fed. R. Civ. P. 21 ...........................................................................................................................10

Local Rule 7.1(g) ..........................................................................................................................1, 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAOMI GONZALES,<br><br>        Plaintiff,<br><br>v.<br><br>AGWAY ENERGY SERVICES, LLC,<br><br>        Defendant. | No. 5:18-cv-235 (MAD/ATB) |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
### MOTION TO RECONSIDER COURT ORDER

Defendant Agway Energy Services, LLC ("Defendant" or "Agway"), respectfully moves this Court under N.D.N.Y. Local Rule 7.1(g) to reconsider its Order dated October 22, 2018, which granted in part and denied in part Defendant's Motion to Dismiss.

### PROCEDURAL BACKGROUND

On January 29, 2018, Defendant filed a Motion to Dismiss and Memorandum in Support in the United States District Court for the District of Delaware, where Plaintiff had filed her putative class action lawsuit. (Mosca Declaration at ¶¶2 -3) That Motion challenged jurisdiction and venue, and also moved for dismissal based on substantive grounds. (*Id.* at ¶3) The District Court in Delaware transferred this matter to this Court on February 26, 2018. Plaintiff stipulated to the transfer after reviewing Defendant's venue argument and the relevant authorities. (*Id.* at ¶ 4). The Order preserved all jurisdictional and other issues for consideration by this Court. (*Id.* at ¶5).

1

On October 22, 2018, this Court issued its Memorandum Decision and Order ("MDO") granting in part and denying in part the Defendant's Motion to Dismiss. *See* Dkt. No. 81. In doing so, the Court failed to address four key issues that Defendant raised and briefed in its moving papers. The first issue deals with the exceptions to CAFA jurisdiction. The second issue deals with the lack of notice defense under the U.C.C., and the related *Erie v. Tompkins* considerations that the Court should consider in rendering a decision on this defense. The third issue deals with the voluntary payment doctrine. The fourth issue, raised to the Court after the briefing was completed but before the MDO was issued, is the effect of the *Brown v. Agway* Court's dismissal of the breach of contract claims under Pennsylvania law.

## STANDARD FOR RECONSIDERATION

A court order that grants in part and denies in part a motion to dismiss is considered a non-final order, and a party seeking reconsideration of that order in the Northern District must file a motion under Local Rule 7.1(g).[1] A court justifiably may reconsider its previous ruling under Rule 7.1 (g) if (i) there has been an intervening change in law; (ii) there is new evidence; or (iii) there is a need to correct a clear error of law or to prevent manifest injustice.[2] The test for reconsideration is met when a court enters a decision that does not consider one or more arguments that a party has raised in the pleadings. *See Voss v. Bank of Am.*, N.A., No. 5:15-cv-0232 (LEK/TWD), 2016 U.S. Dist. LEXIS 88424, at *5 (N.D.N.Y. July 8, 2016) (the court on reconsideration addressed arguments overlooked in the initial decision on motion to dismiss); *see also Grefer v. Frank*, No. 9:17-CV-1299 (MAD/TWD), 2018 U.S. Dist. LEXIS 13451, at *3

---

[1] *Douglas v. New York State Adirondack Park Agency,* 2012 U.S. Dist. LEXIS 155100 (N.D.N.Y. Oct. 30, 2012).

[2] *Id.* at p. 15 [citations omitted].

(N.D.N.Y. Jan. 29, 2018) (the court granted reconsideration of initial order based on a contention that it had overlooked arguments in the initial motion). A party may not seek reconsideration solely to relitigate a matter already decided.[3]

Defendant seeks reconsideration only as set forth in this motion, and because the Court has failed to address certain of Defendant's arguments for dismissal. The CAFA exceptions argument is vitally important to assess the Court's subject matter jurisdiction, and Defendant believes that the exceptions to CAFA warrant dismissal at this stage. The U.C.C. lack of notice and voluntary payment doctrine arguments are each, individually, sufficient to warrant dismissal at this stage, and the Court has not addressed either argument. Additionally, the Court has not addressed the effect of the ruling in *Brown v. Gonzales*, No. 18-321, 2018 U.S. Dist. LEXIS 156077 (E.D. Pa., Sept. 13, 2018), a Pennsylvania federal district court decision that disposes of identical litigation (via outright dismissal, *with prejudice*) for a named Pennsylvania Plaintiff under Pennsylvania law.[4]

**ARGUMENT**

I. **CAFA Jurisdiction Exceptions**

The fact that a Court may have technical jurisdiction under CAFA's relaxed standards does not end the inquiry into the Court's ultimate exercise of subject matter jurisdiction. There are three well-known exceptions to CAFA jurisdiction set forth in the statute, and Defendant raised these exceptions in its briefing papers for the Court to consider in the event the Court

---

[3] *Id.*

[4] This Court accepted Defendant's filing of the *Brown* decision as part of the record in this matter. *See* Dkt. Nos. 74 and 75.

found that it could have jurisdiction under the relaxed CAFA standards.[5] The Court did not address any of the exceptions to CAFA and how they could (or in fact, should) cause the Court to decline jurisdiction. All of the exceptions deal with the Court's ability and/or obligation to decline CAFA jurisdiction where the case at bar essentially is a matter between citizens of the same state, and therefore implicates no compelling interest for a district court to invoke or retain federal jurisdiction.[6]

The instant matter involves a dispute between a potential class of plaintiffs that overwhelmingly live in New York (the place where they took service), and the Defendant, which is also a New York citizen by reason of having its principal place of business in this state. Under any of the exceptions, this case should be dismissed in favor of adjudication in state court. Also, in case the Court has any doubts about the citizenry of the potential class of plaintiffs, it could order limited discovery on this issue to confirm what is almost certainly true: the potential plaintiffs are overwhelmingly New York citizens, even if a few have moved out of state over time and subsequent to the circumstances which give rise to this action. This fact goes to the heart of the very reason for the existence of the CAFA exceptions: they are designed to enable

---

[5] *See* Reply Memorandum of Law In Support of Motion to Dismiss by Defendant Agway Energy Services, LLC, at p. 5, and in related footnote 15; Correspondence to Court dated August 3, 2018, at pp. 2, 3. See Dkt. Nos. 48 and 72.

[6] This case most certainly falls within the "interests of justice" exception outlined in sec. 1332 (d)(3), which provides that a court "may" decline jurisdiction where the ratio of proposed class members falls far below the much higher ratio that likely exists in this matter. This case also most likely falls within the exceptions outlined in (d)(4)(A) and (B), which state that the court "shall" decline jurisdiction at potential class member ratios that, again, likely will fall far below the much higher ratios that exist in this matter. Because this case was never brought properly in the District of Delaware federal court (it lacked subject matter jurisdiction and also was improperly venued), the state where the action is originally filed must be deemed to be New York. To hold otherwise would permit class action plaintiffs knowingly to file in the incorrect state, but then avoid the CAFA exceptions by claiming that the exception requirements did not apply by reason of having "originally" filed in the wrong state. The CAFA exceptions were not meant to be so easily nullified by such strategies.

state courts to retain cases when the controversy is strongly linked to that state, and lacks the character of a genuinely interstate or national litigation that would favor a federal forum.[7]

In any event, this matter remains unaddressed by this Court, and Defendant respectfully requests the Court to consider addressing this key aspect of subject matter jurisdiction and either granting dismissal outright, or at a minimum, ordering the parties to undertake discovery to ascertain the appropriate ratio of the purported class of New York plaintiffs.[8]

## II. Lack of Notice under the U.C.C.

If the sale of electric power is the sale of a "good" under the U.C.C., then Art. 2, sec. 2-607(3)(a) requires the Plaintiff to give Defendant timely notice of any complaint prior to filing suit. The intent of this notice is to permit Defendant an opportunity to address and settle a dispute before it ripens into a lawsuit.[9] Lack of proper notice prior to filing suit would be fatal to Plaintiff's lawsuit.[10] New York's highest state court has yet to rule definitively on the issue of whether electric power should be categorized as a "good" under the U.C.C., thus implicating the *Erie v. Tompkins* issue that Defendant briefed extensively in its moving papers.[11] Plaintiff did not plead notice in her Complaint, and it is this lack of notice that should prove fatal to her

---

[7] *Abdale v. North Shore-Long Island Health Sys., Inc.,* No. 13-1238, 201 U.S. Dist. LEXIS 88881, 2014 WL 2945721 (E.D.N.Y. June 30, 2014); *Hart v. FedEx Ground Package Sys., Inc.,* 457 F.3d 675 (7th Cir. 2006).

[8] Should the Court order discovery on this issue relating to its jurisdiction, it should stay discovery of the substantive aspects of this case.

[9] *See Buermeyer v. Suburban Propane, L.P.,* Index No. 5367 (N.Y. Supreme Ct. 2011)(the sale of propane is the sale of a good under the U.C.C., and a plaintiff must give the defendant company proper notice of an issue before filing suit).

[10] *Id.*

[11] *See* Memorandum of Law In Support of Defendant's Motion to Dismiss at pp. 17-23; Reply Memorandum of Law In Support of Motion to Dismiss at pp. 9-11. See Dkt. Nos. 12 and 48.

5

Complaint, and at this stage of the pleadings. The Court did not raise or discuss the U.C.C. issue in the MDO. Although this issue could be raised again at the summary judgment phase, it remains ripe (though unaddressed by the Court) at this time.

### III.     Voluntary Payment Doctrine

Enshrined in New York law, the voluntary payment doctrine provides that a person who receives monthly bills for utility service and pays them on a timely basis without objection is barred from maintaining suit; that person cannot contest the correctness or adequacy of the bills for the first time as part of a court proceeding.[12] Defendant moved to dismiss under the voluntary payment doctrine, which would act as separate grounds for dismissing the entirety of this Complaint. Defendant briefed this issue fully as part of its moving papers.[13] Although it could be raised as part of a summary judgment motion, the issue is also ripe for decision now. The Court has not addressed this defense in the MDO.

### IV.     The *Brown v. Agway* Court Analysis

The Court's Order suggests that the issue of where a potential class of Pennsylvania plaintiffs properly should be venued is not yet ripe for decision, as Defendant has failed to bring a sec. 1404 (a) motion to transfer venue to a Pennsylvania court.[14] The Court, however, failed to address in the MDO the effect of the District Court's assertion of jurisdiction and its final decision in the *Brown v. Agway* matter, decided in the Western District of Pennsylvania, and accepted by this Court as part of the record in the instant case. Also, the Court overlooked the

---

[12] *See Buermeyer v. Suburban Propane, L.P.,* Index No. 5367 (N.Y. Supreme Ct. 2011).

[13] See Memorandum of Law In Support of Defendant's Motion to Dismiss at pp.15, 16; Reply Memorandum of Law In Support of Motion to Dismiss at pp. 7-9. See Dkt. Nos. 12 and 48.

[14] MDO at 5, 6.

fact that Defendant had properly filed a sec. 1404 (a) Motion to Transfer, which was pending at the time of the MDO.

### Brown v. Agway Decision

The *Brown* matter was properly venued in Pennsylvania federal district court, having been brought by a properly-named Pennsylvania plaintiff, both individually and on behalf of a putative class of Pennsylvania customers who took service from Defendant under a nearly-identical agreement.[15] The *Brown* Court asserted jurisdiction, and dismissed the Complaint with prejudice under Pennsylvania law.[16] That case should control the outcome as to the potential Pennsylvania class.[17] There is no remaining case for a Pennsylvania class of plaintiffs in either

---

[15] Plaintiff Brown was the named Plaintiff for the purported class of Pennsylvania plaintiffs, all of whom were Agway customers at the relevant time stated in the Complaint. The Agway Pennsylvania agreement specified venue in a Pennsylvania court and the applicability of Pennsylvania law. This Court has accepted the Pennsylvania agreement as part of the record – it was certified and attached to Defendant's Reply Brief. The *Brown* Court discusses the Pennsylvania Agway Agreement in great detail. There is no reason to have this matter re-litigated on behalf of a purported class of Pennsylvania plaintiffs by a New York plaintiff in a New York court under New York law. The matter has already been decided under Pennsylvania law by a federal district court of competent jurisdiction with proper venue.

[16] Defendant did not contest CAFA subject matter jurisdiction in the *Brown* case. Unlike in the *Gonzales* matter, the plaintiff in *Brown* (both individually and on behalf of the purported class) and Defendant Agway were completely diverse – Agway is a citizen of both Delaware and New York, but not Pennsylvania – so there existed no reason to invoke any CAFA exceptions. Defendant also did not contest personal jurisdiction in Pennsylvania, recognizing that it had sufficient contacts with the state to support such jurisdiction.

[17] *See NLRB v. United Tech. Corp.*, 706 F.2d 1254, 1259-60 (2d Cir. 1983) (explaining that under "[t]he basic principles of res judicata," a "valid, final judgment on the merits is a bar to a subsequent action between the same parties, or those in privity with them, upon the same claim or demand," and that the doctrine of collateral estoppel bars "the relitigation of an issue of law or fact that was raised, litigated, and actually decided by a judgment in a prior proceeding between the parties, if the determination of that issue was essential to the judgment ,regardless of whether or not the two proceedings are based on the same claim"); *see also Cooper v. Federal Reserve Bank*, 467 U.S. 867, 874 (1984) (holding that a judgment in a class action "in favor of the defendant extinguishes the claim, barring a subsequent action on that claim").

7

New York or Pennsylvania, as their rights effectively have been decided by a federal district court (with proper jurisdiction and venue) in Pennsylvania.[18] Defendant respectfully requests this Court to clarify that a sec. 1404 (a) motion is therefore unnecessary, either because (i) a Pennsylvania court of competent jurisdiction and venue has already asserted jurisdiction over Pennsylvania claims, and it is therefore unnecessary for this Court to assert any jurisdiction or venue over Pennsylvania claims; and/or (ii) that this matter effectively has been adjudicated as to the putative Pennsylvania class.

### § 1404(a) Motion to Transfer Venue

The Court's MDO overlooked Defendant's arguments in favor of transfer and declined to consider same, stating that "no section 1404(a) motion is before the Court, and the issue has not been briefed." (MDO at 6). To the contrary, the issue of transfer was raised and fully briefed, and the Court's decision on this point therefore warrants reconsideration.[19]

Defendant moved to transfer as part of its larger motion to dismiss, and it should be construed as such. *See Cohen v. Lee Maher & Solarblue, LLC*, No. 16 CV 265 (VB), 2017 U.S. Dist. LEXIS 23027, at *16 (S.D.N.Y. Feb. 17, 2017) ("the substance of each side's argument addresses whether this case should be transferred to federal court in Florida under Section 1404(a), and therefore the Court construes defendants' motion to dismiss as a motion to transfer

---

[18] Plaintiff Brown has filed a notice of appeal from the District Court's Order. (Mosca Declaration at ¶8) As a practical matter, however, if the Pennsylvania plaintiffs share the requisite identity characteristics to merit class action status, they must also share the requisite characteristics to have their claim precluded by the Pennsylvania Court's decision.

[19] In sum, §1404(a) was briefed as follows: Defendant's Initial Brief at pp. 12-14 (Dkt. No. 13); Plaintiff's Opposition Brief at pp 11 (Dkt. No. 32); Defendant's Reply Opposition Brief at pp 6-7 (Dkt. No. 48); and Plaintiff's Sur-Reply at p.3 (Dkt. No. 53)

venue"); *Scholastic, Inc. v. Stouffer*, 2000 U.S. Dist. LEXIS 11516, at *24 (S.D.N.Y. Aug. 14, 2000) (reply brief to motion to dismiss formally arguing transfer of the case is treated by Court as motion to transfer). The procedural history in this matter is unusual: Plaintiff first filed her Complaint in the United States Court for the District of Delaware, and Defendant filed its responsive motion in that court as well. (*See* Dkt. Nos. 1 (Complaint); 12 (Motion)). Defendant argued, as the second brief point in its moving brief, that the matter should be transferred from the Delaware court pursuant to 28 U.S.C. § 1404(a). (Dkt. No. 13 at 12-14).

After that brief was filed but before Plaintiff filed opposition, the parties stipulated to transfer venue to this Court to consider all issues. (Dkt. No. 22). The Plaintiff then filed opposition, in which she argued that Defendant's application to transfer was moot as a result of the stipulation. (Dkt. No. 32 at 11). In reply, and in light of the transfer to this Court, Defendant further argued in favor of transfer to Pennsylvania due to the existence of a mandatory and exclusive forum-selection clause requiring a portion of the purported class to litigate their claims in Pennsylvania. Defendant also noted the existence of the *Brown v. Agway* case pending at that time in Pennsylvania (Dkt. Nos. 48 (Reply); 48-1, Ex. A, ¶ 13 (venue "shall lie exclusively in the State of Pennsylvania")). There is no question that the application to transfer to Pennsylvania has been fully briefed, because Plaintiff subsequently filed a sur-reply largely devoted to opposing the transfer to Pennsylvania. (Dkt. No. 53 at 3-6).

If this case continues, reconsideration of this transfer issue is critical at this procedural moment, as it will determine the course and scope of discovery and future proceedings. Defendant has properly sought enforcement of its forum selection clause as to the Pennsylvania portion of the purported class (either by having this Court recognize the then-pending Brown action as the proper forum for Pennsylvania claimants, or by transfer of any purported class of

9

Pennsylvania plaintiffs to a Pennsylvania court), and "forum selection clauses do not lose 'their force in the context of a class action.'" *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840, 857 (D. Md. 2013) (quoting *Wu v. Pearson Educ., Inc.*, 277 F.R.D. 255, 265 (S.D.N.Y. 2011)). The Court has broad discretion to sever and transfer the Pennsylvania portion of the class. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988) ("The decision whether to grant a severance motion is committed to the sound discretion of the trial court.").

Because Agway's motion to transfer was raised and fully briefed by the parties, but was not fully analyzed by the Court, the Court should grant Agway's motion to reconsider this issue

## CONCLUSION

**WHEREFORE,** Defendant respectfully requests that this Court alter and/or reconsider the MDO to address the matters set forth herein.

Dated: November 2, 2018

Respectfully submitted,

BOND, SCHOENECK & KING PLLC

By: */s Sharon M. Porcellio*
    Sharon M. Porcellio
    Bar Roll No. 102382
    Brendan M. Sheehan
Avant Building, Suite 900
200 Delaware Avenue
Buffalo, New York 14202
Telephone: (716) 416-7000
E-mail: sporcellio@bsk.com
E-mail: bsheehan@bsk.com

10

                BEVAN, MOSCA & GIUDITTA, P.C.
                   William K. Mosca, Jr., Esq.
                   John D. Coyle, Esq.
                   222 Mount Airy Road, Suite 200
                   Basking Ridge, NJ  07920
                   Telephone: (908) 753-8300
                   E-mail: wmosca@bmg.law
                   E-mail: jcoyle@bmg.law

                *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2018, I caused the foregoing Memorandum of Law in Support of Defendant's Motion to Reconsider Court Order and all related papers to be electronically filed with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Sharon M. Porcellio, Esq.*
Sharon M. Porcellio, Esq. (102382)