**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

NAOMI GONZALES,

            Plaintiff,

v.

AGWAY ENERGY SERVICES, LLC,

            Defendant.

No. 5:18-cv-00235 (MAD/ATB)

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

## **TABLE OF CONTENTS**

Table of Authorities…………………………………………………………………………ii

Preliminary Statement.......................................................................................................... 1

Relevant Procedural History ............................................................................................... 3

Argument ............................................................................................................................. 5

I.        Standard ............................................................................................................... 5

II.       This Court Has Subject Matter Jurisdiction Under CAFA. ................................ 6

III.      Plaintiff Was Not Required To Provide Pre-Suit Notice To Defendant. ........... 9

IV.      The Voluntary Payment Doctrine Is Inapplicable. ........................................... 11

V.        This Action Cannot Be Transferred To Pennsylvania. ..................................... 12

VI.      The *Brown* Action Is Not Controlling. ............................................................. 15

VII.     Defendant's Conduct Is Sanctionable. .............................................................. 18

Conclusion ......................................................................................................................... 21

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Amgen Inc. v. Connecticut Ret. Plans and Tr. Funds*,
  568 U.S. 455 (2013)................................................................................ 16

*Bowen v. Niagara Mohawk Power Corp.*,
  590 N.Y.S.2d 628 (4th Dept. 1992)............................................................ 9

*Brown v. Agway Energy Services, LLC*,
  2018 WL 4362490 (W.D. Pa. Sept. 13, 2018)........................................ 3, 14, 15, 16

*Bruno v. City of Schenectady*,
  2014 WL 2707962 (N.D.N.Y. June 16, 2014)............................................. 3

*Choice Money Transfer, Inc. v. Societe Intl. de Change, Arimec, LLC*,
  2017 WL 6507108 (S.D.N.Y. Dec. 18, 2017)........................................... 11

*Cooper v. Federal Reserve Bank of Richmond*,
  467 U.S. 867 (1984)................................................................................ 16

*D.H. Blair & Co., Inc. v. Gottdiener*,
  462 F.3d 95 (2d Cir. 2006)....................................................................... 14

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)................................................................................. 9

*Eisemann v. Greene*,
  204 F.3d 393 (2d Cir. 2000)..................................................................... 18

*F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*,
  417 U.S. 116 (1974)................................................................................ 18

*Farina v. Niagara Mohawk Power Corp.*,
  438 N.Y.S.2d 645 (3d Dept. 1981) ............................................................ 9

*Fink v. Time Warner Cable*,
  810 F. Supp. 2d 633 (S.D.N.Y. 2011)...................................................... 11

*Flood v. Just Energy Mktg. Corp.*,
  2017 WL 280820 (S.D.N.Y. Jan. 20, 2017) ........................................... 9, 10

*In re Agency for Deposit Ins. Rehab., Bankr. and Liquidation of Banks v. Superintendent of Banks of New York*,
  313 B.R. 561 (S.D.N.Y. 2004)................................................................... 6

*In re Edny Cathode Ray Tube Antitrust Cases*,
  2017 WL 4351503 (E.D.N.Y. Sept. 29, 2017) ........................................... 6

*Langan v. Johnson & Johnson Consumer Companies, Inc.*,
  897 F.3d 88 (2d Cir. 2018)...................................................................... 17

*Mahadeo v. New York City Campaign Fin. Bd.*,
514 Fed. Appx. 53 (2d Cir. 2013) ........................................................................... 14

*McCracken v. Verisma Sys., Inc.*,
131 F. Supp. 3d 38 (W.D.N.Y. 2015) ..................................................................... 11

*Norcon Power Partners, L.P. v. Niagara Mohawk Power Corp.*,
163 F.3d 153 (2d Cir. 1998)........................................................................... 2, 9, 18

*Norcon Power Partners, L.P. v. Niagara Mohawk Power Corp.*,
705 N.E.2d 656 (N.Y. 1998)................................................................................ 9, 18

*Osterhout v. Crane Co.*,
2016 WL 6310765 (N.D.N.Y. Oct. 27, 2016) ........................................................ 15

*Partell v. Fid. Nat. Title Ins. Services*,
2012 WL 5288754 (W.D.N.Y. Oct. 24, 2012) ....................................................... 12

*Sequa Corp. v. GBJ Corp.*,
156 F.3d 136 (2d Cir. 1998)...................................................................................... 5

*Shrader v. CSX Transp., Inc.*,
70 F.3d 255 (2d Cir. 1995) ........................................................................................ 5

*Smith v. Bayer Corp.*,
564 U.S. 299 (2011) ..................................................................................... 3, 16, 19

*Spagnola v. Chubb Corp.*,
574 F.3d 64 (2d Cir. 2009)............................................................. 2, 11, 12, 19

*Stand. Fire Ins. Co. v. Knowles*,
568 U.S. 588 (2013) ................................................................................................ 16

*Sterling Power Partners, L.P. v. Niagara Mohawk Power Corp.*,
657 N.Y.S.2d 407 (1st Dept. 1997) ......................................................................... 9

*Sunderland v. Suffolk County, New York*,
2018 WL 4471635 (E.D.N.Y. Sept. 18, 2018) ................................................. 13, 14

*Tardibuono-Quigley v. HSBC Mortg. Corp. (USA)*,
2017 WL 1216925 (S.D.N.Y. Mar. 30, 2017) ....................................................... 12

*U.S. v. Consol. Edison Co. of New York, Inc.*,
590 F. Supp. 266 (S.D.N.Y. 1984)............................................................................ 9

*Upstate New York Engineers Health Fund by Harrigan v. DiPizio Constr. Co., Inc.*,
2017 WL 5713213 (N.D.N.Y. Nov. 28, 2017) ......................................................... 5

*View 360 Sols. LLC v. Google, Inc.*,
2013 WL 12130430 (N.D.N.Y. Aug. 13, 2013) ....................................................... 3

*Williams v. Preeminent Protective Services, Inc.*,
81 F. Supp. 3d 265 (E.D.N.Y. 2015) ...................................................................... 13

*Wurtz v. Rawlings Co., LLC,*
  2014 WL 4961422 (E.D.N.Y. Oct. 3, 2014) .................................................................. 11, 12

**Statutes**

28 U.S.C. § 1332 ............................................................................................... 1, 6, 7, 8, 10

28 U.S.C. § 1391 ...................................................................................................... 5, 8, 14

28 U.S.C. § 1927 ................................................................................................................ 17

N.Y. Gen. Bus. Law § 349-d ............................................................................................ 10

N.Y. U.C.C. § 2-607(3)(a) ...................................................................................... 2, 9, 18

**Rules**

Fed. R. Civ. P. 10(c) ........................................................................................................... 1

Fed. R. Civ. P. 21 ...................................................................................................... 14, 15

## PRELIMIMARY STATEMENT

Plaintiff Naomi Gonzales ("Plaintiff") respectfully submits this memorandum of law in opposition to motion of defendant Agway Energy Services, LLC ("Defendant") for reconsideration of the Court's prior decision on Defendant's motion to dismiss (the October 22, 2018 Memorandum-Decision and Order (ECF No. 81) (the "Order")).  This motion should be denied.  Defendant's arguments are facially meritless and ignore clear and unambiguous terms of statutes, as well as controlling precedents that are dispositive of the issues Defendant raises.

It is well settled that Defendant's motion should be denied unless it can identify controlling authorities or facts that the Court overlooked.  Of course, the underlying motion is for a Rule 12(b)(6) dismissal and, thus, there can be no new facts,  and Defendant fails to cite to a single controlling authority with respect to any of its positions.  Indeed, it often does not cite *any* authorities supporting its positions.  This failure to provide controlling authorities, by itself, is a sufficient basis on which to deny the motion.

Defendant argues that the Court "overlooked" certain arguments made in Defendant's papers in support of its motion to dismiss.  This Court did not "overlook" those arguments.  Rather, based on the obvious lack of merit of those arguments, the Court likely did not feel the need to address every single point raised by Defendant in its motion papers.  Now, Defendant rehashes those same meritless arguments.[1]

First, Defendant argues the action is subject to one or more of the exceptions to jurisdiction under the Class Action Fairness Act ("CAFA") in 28 U.S.C. §§ 1332(d)(3) and (d)(4).  Those exceptions apply to putative classes with a significant percentage of members who

---

[1] In addition to the reasons for the rejection of these arguments set forth herein, pursuant to Fed. R. Civ. P. 10(c), Plaintiff incorporates by reference the arguments made in her prior papers in opposition to Defendant's motion to dismiss.  *See* ECF Nos. 32, 33, 53, 76.

are "citizens of the State in which the action was originally filed."  This action was originally filed in the District of Delaware (and later transferred to this Court).  Because the putative class members are citizens of New York and Pennsylvania (and not Delaware), there is no colorable, much less meritorious, argument that the CAFA exceptions are applicable to this action.

Second, Defendant argues that Plaintiff's claims must be dismissed because she was required to provide pre-suit notice under Uniform Commercial Code ("UCC") § 2-607(3)(a).  Without citation to any controlling authority, Defendant argues that the UCC applies because electricity should be considered a good and not a service.  However, the Second Circuit has held that electricity is a service and not a good, and that the UCC is inapplicable.  *Norcon Power Partners, L.P. v. Niagara Mohawk Power Corp.*, 163 F.3d 153, 155 (2d Cir. 1998) ("[T]he UCC does not apply to sale of electricity which is a service under New York law.").

Third, Defendant argues that Plaintiff's claims are barred under the voluntary payment doctrine.  Again, Defendant cites no controlling precedent supporting its position.  Indeed, controlling precedent makes clear that this affirmative defense cannot be resolved on a motion to dismiss where Plaintiff alleges that she was deceived as to the true facts underlying Defendant's monthly charges for electricity services.  *See Spagnola v. Chubb Corp.*, 574 F.3d 64, 72-74 (2d Cir. 2009).

Fourth, Defendant asks the Court to transfer this action (or a portion thereof) to Pennsylvania.  Defendant *never* sought such relief in its original moving papers in support of its motion to dismiss.  For this reason, the Court ruled that such a motion was never properly before it.  *See* Order at 6.  A motion for reconsideration cannot remedy such a procedural infirmity.  Even if the request was properly before the Court, Defendant cites no controlling authority mandating a transfer to Pennsylvania.  Moreover, despite Defendant's suggestion to the contrary, the fact that a subsequently-filed copycat action was filed in Pennsylvania (and later dismissed)

is not a basis on which the present action may be transferred.

To that end, without citation to any controlling authority, Defendant argues that the dismissal of that copycat Pennsylvania action at the pleadings stage by a district court in another circuit (*see Brown v. Agway Energy Services, LLC*, 2018 WL 4362490 (W.D. Pa. Sept. 13, 2018)) is somehow binding on this Court, Plaintiff, and the putative class alleged in this action, and precludes the claims of all putative class members who reside in Pennsylvania.  However, controlling Supreme Court precedent says the opposite.  A decision in a putative class action is not binding on any unnamed putative class members until a class is certified because, prior to class certification, unnamed putative class members are not parties to that action.  *See Smith v. Bayer Corp.*, 564 U.S. 299, 315 (2011).

This motion for reconsideration is frivolous, and Defendant should be sanctioned for requiring Plaintiff and the Court to waste time, effort, and resources on this application.  Moreover, this burden was exacerbated by Defendant's failure to comply with L.R. 7.1(b)(2).  Had there been a pre-motion meet and confer effort or a conference before the Court, this baseless motion might have been avoided.[2]  Such behavior should not be permitted.

### RELEVANT PROCEDURAL HISTORY

Plaintiff originally filed this class action on December 6, 2017 in the District of Delaware, the state in which Defendant is incorporated.  *See* ECF No. 1.  Plaintiff's complaint alleges that, through a common scheme, Defendant harmed consumers in both New York and

---

[2] A motion for reconsideration is subject to L.R. 7.1(b)(2).  *See Bruno v. City of Schenectady*, 2014 WL 2707962, at *3 (N.D.N.Y. June 16, 2014) (denying reconsideration of motion to dismiss and "respectfully find[ing] Plaintiff's motion for reconsideration to be nondispositive in nature, because the relief requested is simply reconsideration of a decision, not the litigation of a new dispositive motion").  Moreover, that branch of Defendant's motion seeking reconsideration of a request to transfer is certainly non-dispositive.  *See View 360 Sols. LLC v. Google, Inc.*, 2013 WL 12130430, at *3 (N.D.N.Y. Aug. 13, 2013) ("Courts in this District view orders on motions to transfer venue as non-dispositive.").

Pennsylvania through a deceptive variable pricing scheme in which those consumers were charged exorbitant rates that had no relation to market conditions.  *Id*. ¶ 1.  The complaint alleges a putative class consisting of "all Agway *New York and Pennsylvania* customers charged a variable rate for residential electricity services by Agway from November 2011 to the present."  *Id*. ¶ 42 (emphasis added).

On January 29, 2018, Defendant filed a motion to dismiss.  *See* ECF Nos. 12, 13.  Although the notice of motion did not identify a transfer of the action as requested relief, in its opening brief, Defendant specifically requested that this action be transferred to New York on *forum non conveniens* grounds.  *See* ECF No. 12; ECF No. 13 at 12-14.  Significantly, that brief never requested that the action (or any portion thereof) be transferred to Pennsylvania.  Indeed, Defendant asserted that "New York is the locus of all relevant and significant contacts public (and private) with this litigation."  *See* ECF No. 13 at 14.

Thereafter, the parties agreed to transfer this action to the Northern District of New York and submitted a stipulation to transfer the action that was so ordered on February 23, 2018.  *See* ECF Nos. 19, 22.  Plaintiff filed its papers in opposition to the motion to dismiss on March 19, 2018.  *See* ECF Nos. 32-33.  In its opposition brief, Plaintiff noted that, as a result of the transfer, that portion of Defendant's motion seeking a transfer was now moot.  *See* ECF No. 32 at 11.  Nevertheless, in Defendant's reply papers, for the first time, Defendant argued that this action (or a portion thereof) should be transferred to Pennsylvania.  *See* ECF No. 48 at 6-7.

By Memorandum-Decision and Order dated October 22, 2018 (ECF No. 81), the Court dismissed Plaintiff's claims for breach of implied covenant of good faith and fair dealing and unjust enrichment, but denied Defendant's motion to dismiss with respect to Plaintiff's claims for violation of General Business Law § 349 and breach of contract.  The Court specifically found that, regardless of any forum selection provision in any putative class member's agreement

with Defendant, the Court has subject matter jurisdiction over this action under CAFA, and that venue is proper under 28 U.S.C. § 1391.  *See* Order at 4-6.  The Court further found that Plaintiff (a New York resident) may assert claims on behalf of putative class members from both New York and Pennsylvania.  *Id*. at 5.  The Court also found that there was no motion to transfer to Pennsylvania that was properly before the Court.  *Id*. at 6.

On November 2, 2018, Defendant filed a motion for reconsideration of its prior motion to dismiss.  *See* ECF No. 85.  In violation of L.R. 7.1(b)(2), Defendant did not meet and confer with Plaintiff prior to filing the motion for reconsideration, nor did it make any good faith effort to resolve or reduce the parties' differences relating to the issues raised in the motion.  In further violation of the rule, Defendant did not seek a pre-motion conference prior to filing the motion.

## ARGUMENT

## I.   STANDARD

With respect to a motion for reconsideration, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Id*.  Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).  "'Accordingly, earlier decisions in a case 'may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'"  *Upstate New York Engineers Health Fund by Harrigan v. DiPizio Constr. Co., Inc*., 2017 WL 5713213, at *1

(N.D.N.Y. Nov. 28, 2017) (D'Agostino, J.) (quoting *In re Edny Cathode Ray Tube Antitrust Cases*, 2017 WL 4351503, *1 (E.D.N.Y. Sept. 29, 2017)).

Defendant asserts that the Court "overlooked" various arguments made in support of its motion to dismiss. However, while the Order on the motion to dismiss did not directly address ever one of Defendant's meritless arguments, the fact that a decision does not address a particular argument does not mean that the Court overlooked the argument. *See, e.g.*, *In re Agency for Deposit Ins. Rehab., Bankr. and Liquidation of Banks v. Superintendent of Banks of New York*, 313 B.R. 561, 563 (S.D.N.Y. 2004), *aff'd sub nom.*, *In re Deposit Ins. Agency*, 482 F.3d 612 (2d Cir. 2007) ("[T]he Court did not overlook these issues: it simply found them so lacking in merit as not to warrant discussion").

Even if the Court did overlook one or more arguments that were made by Defendant in support of its motion to dismiss, those arguments are without merit. There is no clear error or manifest injustice sufficient for the grant of a motion for reconsideration, much less the reversal of the denial of the motion to dismiss. Nor has there been any intervening change of controlling law, or any new evidence. Indeed, Defendant does not cite *any* controlling authorities that support its positions. Accordingly, the motion must be denied.

## II.     THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER CAFA.

Under CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(a). The Court found that Plaintiff has met these requirements and there is subject matter jurisdiction to hear Plaintiff's claims. Order at 3-4. Defendant does not dispute that Plaintiff has met these requirements.

Nevertheless, Defendant argues that the Court should decline jurisdiction under

exceptions set forth in 28 U.S.C. § 1332(d)(3), § 1332(d)(4)(A), or § 1332(d)(4)(B).  As set forth

in Plaintiff's papers in opposition to the motion to dismiss, by their express terms, these

provisions are inapplicable to this case.  *See* ECF No. 53 at 1-3.  Notably, Defendant does not

cite to any authority that supports the proposition that any of these provisions are applicable,

much less controlling authority.

28 U.S.C. § 1332(d)(3) provides that "[a] district court may, in the interests of justice and

looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2)

over a class action in which greater than one-third but less than two-thirds of the members of all

proposed plaintiff classes in the aggregate and the primary defendants are citizens of *the State in*

*which the action was originally filed* based on consideration of [six enumerated factors]"

(emphasis added).  This action was originally filed in the District of Delaware.  Defendant does

not contend that greater than one-third of the putative class members are citizens of Delaware.

Therefore, this provision is not applicable to this action.[3]

Similarly, 28 U.S.C. § 1332(d)(4)(A) provides that: "[a] district court shall decline to

exercise jurisdiction under paragraph (2) . . . over a class action in which . . . greater than two-

thirds of the members of all proposed plaintiff classes in the aggregate are citizens of *the State in*

*which the action was originally filed*; . . . ."  28 U.S.C. § 1332(d)(4)(A)(I) (emphasis added).

Therefore, this provision is also not applicable.  The same is also true of 28 U.S.C. §

1332(d)(4)(B), which provides that: "[a] district court shall decline to exercise jurisdiction under

paragraph (2) . . . over a class action in which . . . two-thirds or more of the members of all

proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of *the State*

---

[3] Even if this provision was applicable, Defendant has not conducted an analysis of the
enumerated factors in 28 U.S.C. § 1332(d)(3) sufficient to demonstrate that the Court should
exercise its discretion to decline jurisdiction.

*in which the action was originally filed.*  28 U.S.C. § 1332(d)(4)(B) (emphasis added).

Despite the clear and unambiguous requirements of these provisions, Defendant insists that the Court should still decline jurisdiction.  In a footnote -- without citation to any legal authority, much less controlling authority -- Defendant asserts that: "Because this case was never brought properly in the District of Delaware federal court (it lacked subject matter jurisdiction and also was improperly venued), the state where the action is originally filed must be deemed to be New York."  Def. Mem. at 4 n.6.  Defendant (which is incorporated in Delaware) provides no explanation for this statement.  As set forth above, federal courts (whether located in New York or Delaware) have subject matter jurisdiction over this action under CAFA.[4]  Venue would also be proper in the District of Delaware.  *See* 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located").[5]

---

[4] In its original motion to dismiss, Defendant asserted -- without citation to any legal authority, much less controlling authority -- that, because Plaintiff is a citizen of New York and Defendant maintains its principal place of business in New York, the parties are non-diverse and, therefore, there is no federal subject matter jurisdiction.  *See* ECF No. 13 at 11-12.  If this was not a class action, Defendant might be correct, but this is a class action, so there is no merit to this argument.  *Cf.* 28 U.S.C. § 1332(a) (establishing diversity subject matter jurisdiction requirements for non-class actions) and 28 U.S.C. § 1332(d)(2) (establishing subject matter jurisdiction requirements for class actions).  This Court has already rejected this argument.  *See* Order at 4 ("At this time, the allegation that some class member maintains diversity with Defendant is sufficient to establish minimal diversity under CAFA.").

[5] In its motion to dismiss, Defendant only argued that the action should be transferred to New York on *forum non conveniens* grounds.  It never argued that venue could not lie in the District of Delaware under 28 U.S.C. § 1391.  Rather, 28 U.S.C. § 1391 makes clear that this action could have been brought in both the District of Delaware and the Northern District of New York.  Defendant is incorporated in Delaware and maintains its principal place of business in New York.  *See* Complaint (ECF No. 1) ¶ 6.  Under 28 U.S.C. § 1391(b)(1), "A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."  To that end, "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  28 U.S.C. § 1391(c)(2).  An

III.     **PLAINTIFF WAS NOT REQUIRED TO**
         **PROVIDE PRE-SUIT NOTICE TO DEFENDANT.**

Defendant argues -- without citation to any controlling authority -- that Plaintiff was required to provide pre-suit notice to Defendant under UCC § 2-607(3)(a).  Defendant is wrong. In fact, controlling authority dictates that, because electricity is considered to be a service and not a good under New York law, the UCC is not applicable to contracts for electricity.  Both the New York Court of Appeals and the Second Circuit have come to this conclusion.  *See Norcon Power Partners, L.P. v. Niagara Mohawk Power Corp.*, 705 N.E.2d 656, 662 (N.Y. 1998) (recognizing that the UCC does not apply to electricity); *Norcon Power Partners, L.P. v. Niagara Mohawk Power Corp.*, 163 F.3d 153, 155 (2d Cir. 1998) ("[T]he UCC does not apply to sale of electricity which is a service under New York law.").  *Accord*, *Flood v. Just Energy Mktg. Corp.*, 2017 WL 280820, at *6 (S.D.N.Y. Jan. 20, 2017), *aff'd*, 904 F.3d 219 (2d Cir. 2018) ("The law in New York . . . is clear that the sale of electricity is a service, not a good."); *U.S. v. Consol. Edison Co. of New York, Inc.*, 590 F. Supp. 266, 269 (S.D.N.Y. 1984) ("In New York, electricity is not considered 'goods' and the U.C.C. therefore is not directly applicable to contracts involving the provision of electricity."); *Sterling Power Partners, L.P. v. Niagara Mohawk Power Corp.*, 657 N.Y.S.2d 407, 407 (1st Dept. 1997) ("The motion court correctly determined that the transaction was not a sale of goods falling within the coverage of Article 2 of the Uniform Commercial Code"); *Bowen v. Niagara Mohawk Power Corp.*, 590 N.Y.S.2d 628, 631 (4th Dept. 1992) ("[T]he provision of electricity is a service, not the sale of a product"); *Farina v. Niagara Mohawk Power Corp.*, 438 N.Y.S.2d 645, 647 (3d Dept. 1981) ("[W]e are

---

entity is subject to the general personal jurisdiction of the states in which it is incorporated and in which it maintains its principal place of business.  *See Daimler AG v. Bauman*, 571 U.S. 117, 137-39 (2014).  For these reasons, venue would be appropriate in both the District of Delaware and the Northern District of New York.

unable to conclude that it was intended that electricity be included within the definition of 'goods.'").

In addition to longstanding precedent in state and federal courts, New York's Public Service Commission ("NYPSC") reinforces the conclusion that electricity is a service and not a good.  As set forth in *Flood*, NYPSC's Energy Services Company Consumers Bill of Rights (which was codified into law) evinces New York's unequivocal stance on the nature of electricity:

> The Energy Services Company Consumers Bill of Rights, a consumer-protection law targeting abuses in the energy services market, further supports this interpretation.  *See* N.Y. Gen. Bus. Law § 349-d.  That law defines "energy *services*" to mean "electricity and/or natural gas"; an "energy services company" to mean "an entity eligible to sell energy *services* to end-use customers using the transmission or distribution system of a utility"; a "customer" to mean "any person who is sold or offered an energy *services* contract"; and "door-to-door sales" to mean "the sale of energy *services* in which the [company or company's representative] personally solicits the sale."  *Id.* § 349-d(1) (emphases added). Accordingly, plaintiff's argument to the contrary [that electricity is a good] does not withstand scrutiny.

*Flood*, 2017 WL 280820, at *6 (emphasis added).  Indeed, Defendant's customer agreements, by their own terms, provide for the provision of a "service" (and not a good).  *See* ECF No. 14-1 ¶ 1.  Those agreements repeatedly refers to Defendant as an "energy service" provider.  *Id.* Indeed, they explicitly enroll Defendant's customers in its "energy service" and, more specifically, its "Variable Rate service."  *Id.* [6]

## IV.   THE VOLUNTARY PAYMENT DOCTRINE IS INAPPLICABLE.

Defendant argues -- without citation to any controlling authority -- that Plaintiff's claims must be dismissed under the voluntary payment doctrine.  Again, Defendant is wrong.  The voluntary payment doctrine precludes a plaintiff from recovering payments "made with full

---

[6] Notably, Defendant's legal name is "Agway Energy *Services*, LLC" (emphasis added).

knowledge of the facts" and with a "lack of diligence" in determining his contractual rights and

obligations. *Spagnola v. Chubb Corp.*, 574 F.3d 64, 72 (2d Cir. 2009). "The doctrine does not

apply, however, when a plaintiff made payments under a mistake of fact or law regarding the

plaintiff's contractual duty to pay." *Id.* (reversing dismissal where plaintiff alleged that he was

misled regarding the basis for the amounts charged by defendant). "When '[i]ssues of disclosure

[and] notice' are 'contested,' *summary judgment* is not appropriate." *Choice Money Transfer,*

*Inc. v. Societe Intl. de Change, Arimec, LLC*, 2017 WL 6507108, at *6 (S.D.N.Y. Dec. 18, 2017)

(emphasis added) (quoting *Fink v. Time Warner Cable*, 810 F. Supp. 2d 633, 649 (S.D.N.Y.

2011)). [7]

Here, Plaintiff pleads that she did not have full possession of the facts -- that Defendant

was not charging her a rate commensurate with its wholesale costs and market factors, but was

instead engaging in price gouging. Complaint ¶¶ 18-41. Plaintiff was not in full possession of

the relevant facts because of Defendant's deceptive conduct. *Id.* That is more than sufficient to

survive a motion to dismiss. As an example, in *McCracken v. Verisma Sys., Inc.*, 131 F. Supp.

3d 38, 50 (W.D.N.Y. 2015), under substantially similar circumstances, a motion to dismiss was

denied where, just as alleged in the present case, plaintiffs "allege[d] that they lacked full

knowledge of the facts regarding the actual costs to" defendant in providing services, and that

they "were materially misled by [defendant's] omissions in failing to disclose it was going to

charge them an amount greater than its actual costs incurred in" providing services. *Accord,*

*Wurtz v. Rawlings Co., LLC*, 2014 WL 4961422, at *7 (E.D.N.Y. Oct. 3, 2014) (denying motion

to dismiss where "nothing on the face of the complaint suggests that Wurtz paid Rawlings with

---

[7] Defendant does cite to an unreported Orange County Supreme Court decision, but that trial court decision is certainly not controlling. *See Buermeyer v. Suburban Propane, L.P.*, Index No. 5367-2011 (Sup. Ct., Orange County Jan. 3, 2012).

full knowledge of the facts and a lack of diligence in determining her contractual obligations");

*Partell v. Fid. Nat. Title Ins. Services*, 2012 WL 5288754, at *8 (W.D.N.Y. Oct. 24, 2012)

(denying motion to dismiss where there was "nothing in the pleadings to suggest that the Partells

knew that the correct rate was actually half of the rate they were charged, but paid it regardless").

Moreover, the voluntary payment doctrine is just an affirmative defense. *Spagnola*, 574

F.3d at 73. Plaintiff is not required to plead facts sufficient to demonstrate the absence of an

affirmative defense as the burden of proof to demonstrate the applicability of the voluntary

payment doctrine is on Defendant. *Id*; s*ee also Tardibuono-Quigley v. HSBC Mortg. Corp.

(USA)*, 2017 WL 1216925, at *19 (S.D.N.Y. Mar. 30, 2017) ("The voluntary payment doctrine is

generally considered to be an affirmative defense, and a plaintiff is "not required to preemptively

plead facts refuting [it].") (quoting *Spagnola*, 574 F.3d at 73); *Wurtz*, 2014 WL 4961422, at *6-7

("The voluntary payment doctrine is an affirmative defense, and, therefore, its applicability must

be apparent on the face of the complaint to warrant dismissal under Rule 12(b)(6).").

## V.      THIS ACTION CANNOT BE TRANSFERRED TO PENNSYLVANIA.

Defendant never brought a motion to transfer this action to Pennsylvania and cannot seek

such relief through a motion for reconsideration. Even if a motion for such relief was properly

before the Court, Defendant cites no controlling authority mandating a second transfer of this

action. Accordingly, this branch of the motion for reconsideration must also be denied.

At all times, Plaintiff has alleged that, through a common scheme, Defendant harmed

consumers in both New York and Pennsylvania. Indeed, the first paragraph of the complaint

states that: "This action seeks to redress the deceptive and bad faith pricing practices of Agway

Energy Services, LLC ('Agway' or 'Defendant') that has caused thousands of *New York and

Pennsylvania* consumers to pay considerably more for their electricity than they should

otherwise have paid." Complaint ¶ 1 (emphasis added). Plaintiff explicitly brings this action on

behalf of a class consisting of "all Agway *New York and Pennsylvania* customers charged a variable rate for residential electricity services by Agway from November 2011 to the present." *Id*. ¶ 42 (emphasis added).  At all times, Defendant had been aware that this action was being brought on behalf of consumers in both New York and Pennsylvania.  Defendant cannot dispute this point.

This action was originally filed in the District of Delaware.  In its opening brief in support of its motion to dismiss, Defendant argued that the action had to be transferred *to New York* on *forum non conveniens* grounds.  ECF No. 13 at 12-13.  Defendant specifically asserted that "New York is the locus of all relevant and significant contacts public (and private) with this litigation."  *Id.* at 14.  Defendant did not argue that this action (or any portion thereof) should be transferred to Pennsylvania.

After Defendant filed its opening brief, Plaintiff agreed to do precisely what Defendant requested and the parties stipulated to the transfer of the action to this Court.  *See* ECF No. 22. As a result, Defendant's motion (to the extent it sought a transfer) became moot.  Nevertheless, in its reply brief, for the first time, Defendant asserted that this action (or a portion thereof) must be transferred to Pennsylvania.  *See* ECF No. 48 at 6-7.[8]

For these reasons, no motion to transfer to Pennsylvania was ever properly before the Court and such relief cannot be sought through a motion for reconsideration.  *See Sunderland v. Suffolk County, New York*, 2018 WL 4471635, at *2 (E.D.N.Y. Sept. 18, 2018); s*ee also*

---

[8] Defendant never specified precisely what relief it wanted from the Court, or by what procedural mechanism the Court should transfer Plaintiff's claims to the extent they relate to putative class members in Pennsylvania.  Moreover, Defendant never actually sought a transfer in its original notice of motion.  *See* ECF No. 12.  That is yet another basis for the denial of a request to transfer.  *See Williams v. Preeminent Protective Services, Inc*., 81 F. Supp. 3d 265, 273 (E.D.N.Y. 2015) ("In a cursory paragraph at the end of their initial memorandum of law, defendants ask that this case be transferred . . . The Court will not entertain that request, as it is not contained in defendants' notice of motion and is unsupported by any citation to authority.").

*Mahadeo v. New York City Campaign Fin. Bd.*, 514 Fed. Appx. 53, 55 (2d Cir. 2013) ("A party may not use a motion for reconsideration to advance new issues or theories of relief that were not previously presented to the court"). The Court addressed this issue in the Order and specifically found that there was no motion to transfer before it. *See* Order at 6. The issue of the transfer was not overlooked. Rather, Defendants arguments were explicitly rejected.

Indeed, in Defendant's reply papers in support of the motion to dismiss, the basis for Defendant's request to transfer the action to Pennsylvania was that Pennsylvania customers supposedly entered into contracts with Pennsylvania forum selection clauses. ECF No. 48 at 6. Defendant specifically argued that the forum selection clauses rendered venue improper in New York and deprived the Court of jurisdiction over the action. *Id.* The Court did not overlook those arguments. In actuality, the Court found that "a forum-selection clause has no bearing on whether this Court has subject matter jurisdiction over this case or whether venue is statutorily proper under 28 U.S.C. § 1391." Order at 6. Even if the Court did somehow "overlook" Defendant's arguments, Defendant has not provided any controlling authority mandating any transfer to Pennsylvania.[9]

Additionally, in its motion for reconsideration, for the first time, Defendant requests that the Court sever that portion of the action pertaining to putative Pennsylvania class members pursuant to Fed. R. Civ. P. 21. *See* Def. Mem. at 10. Relief cannot be sought for the first time on a motion for reconsideration. *See Sunderland*, 2018 WL 4471635, at *2. Indeed, other than a

---

[9] *Brown v. Agway Energy Services, LLC*, 2018 WL 4362490 (W.D. Pa. Sept. 13, 2018) is certainly not controlling authority. Moreover, the existence of the *Brown* action, which has been dismissed, is not a basis for a transfer. *Brown* is a copycat case that was filed *after* the present action. As the Second Circuit explained in *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, "[t]he first-filed rule states that, in determining the proper venue, '[w]here there are two competing lawsuits, the first suit should have priority.'" 599 F.3d 102, 112 (2d Cir. 2010) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)).

single sentence stating that, in general, a court has discretion to sever certain claims, Defendant

presents no legal arguments explaining why relief under Rule 21 is appropriate (even if this were

not a motion for reconsideration).  To that end, again, Defendant does not cite any controlling

authority for the proposition this Court must somehow sever Plaintiff's claims to the extent they

are brought on behalf of putative class members who reside in Pennsylvania.  Indeed, after

requesting that this action be transferred to New York, Defendant's request that this action be

transferred a second time to a different venue smacks of the most blatant sort of forum shopping.

## VI.     THE *BROWN* ACTION IS NOT CONTROLLING.

Defendant is under the misconception that *Brown v. Agway Energy Services, LLC*, 2018

WL 4362490 (W.D. Pa. Sept. 13, 2018) is somehow controlling or binding on this Court or on

Plaintiff.  *Brown*, a district court decision from another circuit, is not controlling authority.  *See*

*Osterhout v. Crane Co*., 2016 WL 6310765, at *2 (N.D.N.Y. Oct. 27, 2016) (D'Agostino, J.)

(denying motion for reconsideration, noting that, although defendant "correctly sets forth the

standard governing motions for reconsideration, it is apparently unaware of the fact that the

District Court for the Northern District of New York is not within the confines of or bound by

the decisions of the District of South Carolina or the Northern District of Alabama.  As such, the

well-reasoned decisions from those district courts are not 'controlling decisions' that the Court

overlooked in denying the motion for summary judgment and, therefore, not a basis for the Court

to grant reconsideration.").[10]

In *Brown*, claims were brought against Defendant on behalf of a class of Pennsylvania

customers.  Those claims were dismissed at the pleading stage under Rule 12(b)(6).  *Brown*,

---

[10] Even if the Court were to consider the holding in *Brown*, that case is readily distinguishable
from the present action for the multiple reasons set forth in Plaintiff's prior submissions.  *See*
ECF No. 76.

2018 WL 4362490, at *1.  No class was ever certified.  That action is presently on appeal.  Based on *Brown*, Defendant now makes the extraordinary assertion that the claims of putative Pennsylvania class members in the present action have been decided and are now precluded.  *See* Def. Mem. at 7-8.  Defendant asks this Court to declare that the *Brown* action somehow deprives this Court of jurisdiction or venue to decide claims to the extent they are asserted on behalf of putative Pennsylvania class members; and "that this matter effectively has been adjudicated as to the putative Pennsylvania class."  *Id*.  Again, this is relief that was not been previously sought and may not be sought for the first time on a motion for reconsideration.  Moreover, again, Defendant does provide any controlling authority demonstrating its entitlement to this new relief.

To the contrary, the Supreme Court has made clear that decisions in a putative class action are not binding on unnamed putative class members of *uncertified* classes because they are not parties to that action until a class is certified.  *See Smith v. Bayer Corp*., 564 U.S. 299, 315 (2011); *see also Stand. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013) ("[A] plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified"); *Amgen Inc. v. Connecticut Ret. Plans and Tr. Funds*, 568 U.S. 455, 477 (2013) ("And if certification is denied for failure to prove materiality, nonnamed class members would not be bound by that determination. They would be free to renew the fray, perhaps in another forum, perhaps with a stronger showing of materiality.") (internal citation omitted).  No class was ever certified in *Brown*.  Therefore, even if the dismissal is upheld on appeal, *Brown* had no preclusive effect on Plaintiff or any putative class member who was not a named plaintiff in *Brown*. [11]

---

[11] Defendant cites *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 870 (1984), which involved a *certified* class, but nevertheless held that a judgment in a class action did not preclude class members' subsequent individual actions.

Additionally, it is settled Second Circuit law that a single named plaintiff may bring a class action on behalf of a putative class with members from multiple states, even if the members' individual claims may be subject to the laws of different states.  Indeed, the Second Circuit recently held that a plaintiff can have standing to bring a multi-state class action under such circumstances.  *See Langan v. Johnson & Johnson Consumer Companies, Inc.*, 897 F.3d 88, 93 (2d Cir. 2018) ("[W]hether a plaintiff can bring a class action under the state laws of multiple states is a question of predominance under Rule 23(b)(3), not a question of standing under Article III").  Consistent with *Langan*, this Court found that Plaintiff may bring a multi-state class, even if some claims of some putative class members may be subject to Pennsylvania law.  *See* Order at 5.  Accordingly, Defendant is wrong when it argues that claims brought on behalf of putative class members from Pennsylvania must be brought by a named plaintiff from Pennsylvania.

For all these reasons, Defendant's motion for reconsideration should be denied.

## VII.   <u>DEFENDANT'S CONDUCT IS SANCTIONABLE.</u>

This motion is frivolous.  It includes legal arguments that are objectively meritless.  Moreover, despite the fact that a motion for reconsideration requires controlling authority, Defendant never cites to any controlling authority and often does not cite to *any* authority supporting its positions.  As a result, Plaintiff has been forced to needlessly exert time, effort, and resources to oppose this motion.  This Court is also forced to needlessly exert time, effort, and resources in deciding this motion.  For these reasons, Defendant should be sanctioned.

Under 28 U.S.C. § 1927,  "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Further,

"[u]nder its inherent powers to supervise and control its own proceedings, a district court has the authority to award attorney's fees to the prevailing party when the losing party 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)). L.R. 7.1(i) also provides that "[a] party who presents vexatious or frivolous motion papers or fails to comply with this Rule is subject to discipline as the Court deems appropriate, including sanctions and the imposition of costs and attorney's fees to the opposing party."

The clear and unambiguous provisions of CAFA dispositively state that this Court has subject matter jurisdiction, and that none of the exceptions to CAFA jurisdiction in 28 U.S.C. §§ 1332(d)(3) and (d)(4) are applicable. In a footnote, Defendant actually acknowledges that those exceptions would only apply if a large percentage of the putative class members reside in "the State in which the action was originally filed" -- namely, Delaware. *See* Def. Mem. at 4 n.6. Yet, without citation to any supporting authority (much less controlling authority), Defendant asks the Court to ignore the clear and unambiguous provisions of CAFA or hold that this action should be deemed to have been originally filed in New York. On their face, these arguments are frivolous.

With respect to its assertion that pre-suit notice is required under UCC § 2-607(3)(a), Defendant argues -- again, without citation to controlling authority -- that electricity should be deemed a good and not a service. Yet, controlling authority from the New York Court of Appeals and the Second Circuit dictate that electricity is a service, the UCC is inapplicable, and pre-suit notice is not required. *See Norcon*, 705 N.E.2d at 662; *Norcon*, 163 F.3d at 155. Indeed, through the briefing of the motion to dismiss, Defendant was clearly aware of this controlling precedent, and yet it makes no effort on this motion for reconsideration to even name, much less address, *Norcon*. *See* ECF No. 32 at 15. This argument is also frivolous.

Defendant also cites no controlling authority with respect to its voluntary payment doctrine arguments.  In fact, controlling precedent makes clear that this affirmative defense cannot be resolved on a motion to dismiss where Plaintiff alleges that she was deceived as the true facts underlying Defendant's monthly charges.  *See Spagnola*, 574 F.3d at 72-74.  Again, Defendant's argument is without merit and frivolous.

With respect to Defendant's request that this action be transferred to Pennsylvania, Defendant *never* sought such relief in its original moving papers in support of its motion to dismiss.  For this reason, the Court ruled that such a motion was not properly before it.  Order at 6.  A motion for reconsideration cannot remedy such a procedural infirmity.  Even if the request was properly before the Court, Defendant cites no controlling authority mandating a transfer to Pennsylvania.  The Court has also already ruled that jurisdiction and venue are proper in the Northern District of New York, regardless of the existence of any forum selection clause.  *Id.* Further, under controlling authority, the prior pendency of the *Brown* action in Pennsylvania cannot be a basis for a transfer because the present action was filed first and should be given priority over the later-filed *Brown* copycat action.  *See N.Y. Marine*, 599 F.3d at 112. Defendant's arguments pertaining to a transfer are also without merit and frivolous.

Finally, *Brown*, a district court decision from another circuit, is not controlling authority sufficient for the grant of a motion for reconsideration.  Regardless, there is no merit to Defendant's assertions that *Brown* somehow controls and precludes the claims of putative class members in the present action who reside in Pennsylvania.  Indeed, controlling Supreme Court precedent makes clear that these arguments have no merit.  *See Smith*, 564 U.S. at 315.

Defendant's papers ignore clear and unambiguous statutory language, ignore controlling Second Circuit and Supreme Court precedent, and ignore basic principles of federal civil procedure.  Neither Plaintiff, nor the Court, should have to be burdened by such a baseless

motion.  Accordingly, pursuant to Local Rule 7.1(b)(2), on November 15, 2018, Plaintiff

provided a draft of this opposition to the motion for reconsideration to Defendant's counsel and

requested a meet and confer regarding Plaintiff's anticipated motion for sanctions.  By letter

dated November 16, 2018, Defendant responded by disputing that it engaged in sanctionable

conduct.  On November 19, 2018, the parties held a meet and confer.  The parties could not

resolve their differences and Defendant refused to withdraw the pending motion for

reconsideration.  For these reasons, together with this memorandum of law, Plaintiff is

contemporaneously filing a letter with the Court seeking a pre-motion conference in accordance

with Judge D'Agostino's Individual Rules of Practice 2.A.i and Local Rule 7.1(b)(2) in advance

of an anticipated motion for sanctions.

## **<u>CONCLUSION</u>**

For all the aforementioned reasons, Plaintiff respectfully requests that the Court deny

Defendant's motion for reconsideration in its entirety and grant such other relief as the Court

deems just and proper.


Dated:  White Plains, New York
         November 19, 2018

                                    <u>s/ Todd S. Garber</u>
                                    Todd S. Garber (Bar Number 519821)
                                    D. Greg Blankinship (Bar Number 519819)
                                    Chantal Khalil (Bar Number 700101)
                                    **FINKELSTEIN, BLANKINSHIP,**
                                    **FREI-PEARSON & GARBER, LLP**
                                    445 Hamilton Avenue, Suite 605
                                    White Plains, New York 10601
                                    Tel: (914) 298-3281
                                    Fax: (914) 824-1561
                                    tgarber@fbfglaw.com
                                    gblankinship@fbfglaw.com
                                    ckhalil@fbfglaw.com

                                    *Attorneys for Plaintiff*