UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NAOMI GONZALES,

                              **Plaintiff,**

  vs.                                                       5:18-cv-235
                                                                (MAD/ATB)

AGWAY ENERGY SERVICES, LLC,

                              **Defendant.**
_____

**APPEARANCES:**                                          **OF COUNSEL:**

**FINKELSTEIN, BLANKINSHIP,**              **D. GREG BLANKINSHIP, ESQ.**
**FREI-PEARSON & GARBER, LLP**            **TODD S. GARBER, ESQ.**
445 Hamilton Avenue, Suite 605               **CHANTAL KHALIL, ESQ.**
White Plains, New York 10601
Attorneys for the Plaintiff and
the Putative Class

**BOND, SCHOENECK & KING, PLLC**       **SHARON M. PROCELLIO, ESQ.**
Avant Building, Suite 900                          **BRENDAN M. SHEEHAN, ESQ.**
200 Delaware Avenue
Buffalo, New York 14202
Attorneys for the Defendant

**BEVAN, MOSCA & GIUDITTA, P.C.**         **WILLIAM K. MOSCA, JR., ESQ.**
222 Mount Airy Road, Suite 200             **KENNETH J. SHEEHAN, ESQ.**
Basking Ridge, New Jersey 07920          **JOHN D. COYLE, ESQ.**
Attorneys for the Defendant

**BARNES & THORNBURG LLP**                **THOMAS E. HANSON, JR., ESQ.**
1000 N. West Street, Suite 1500
Wilmington, Delaware 19801
Attorneys for the Defendant

**Mae A. D'Agostino, U.S. District Judge:**

# MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff Naomi Gonzales brought this putative class action against Defendant Agway Energy Services, LLC ("Agway") on December 6, 2017, in the District of Delaware. *See* Dkt. No. 1. The case was transferred to this court on February 26, 2018, by stipulation of the parties. *See* Dkt. No. 23. Agway moves for reconsideration. Of the Court's October 22, 2018 Memorandum-Decision and Order granting in part and denying in part Agway's motion to dismiss.

The Court refers to its decision on the merits for the relevant factual background. *See* Dkt. No. 81.

## II. DISCUSSION

"[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Relief under Rule 60 is considered "extraordinary judicial relief[.]" *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). For that reason, the motion will generally be denied unless the moving party can show that the court overlooked facts or controlling law that "might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257 (citations omitted). The Second Circuit has warned "that a Rule 60 motion 'may not be used as a substitute for appeal' and that a claim based on legal error alone is 'inadequate.'" *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (quotation and other citation omitted).

Agway argues that this Court was in error because it did not address the arguments (1) that the U.C.C.'s notice requirements for the sale of goods applies, (2) that the voluntary payment doctrine warrants dismissal, (3) that another action in the Western District of Pennsylvania precluded the litigation of this case, and (4) that the CAFA exceptions mandate dismissal.

Plaintiff is correct that the Court, in deciding the motion to dismiss, found the "unaddressed" remainder of Agway's arguments to be so obviously lacking in merit as to not warrant explicit treatment. *See* Dkt. No. 84 at 3. Agway also argues that the Court ruled incorrectly on its argument for venue transfer when it found that the issue had not been fully briefed.

The Second Circuit has explicitly held that "the UCC does not apply to sale of electricity which is a service [and thus not a good] under New York law." *Norcon Power Partners, L.P. v. Niagara Mohawk Power Corp.*, 163 F.3d 153, 155 (2d Cir. 1998) (citing *Bowen v. Niagara Mohawk Power Corp.*, 183 A.D.2d 293, 295 (4th Dep't 1992)).[1] It is beyond question that the notice requirements of the UCC have no place here.

Likewise, the voluntary payment doctrine only "bars recovery of payments voluntary made with full knowledge of the facts, **and in the absence of fraud** or mistake of material fact or law." *Dillon v. U-A Columbia Cablevision of Westchester, Inc.*, 100 N.Y.2d 525, 526 (2003) (emphasis added). Plaintiff's GBL claims are rooted—very obviously—in fraud.

Defendant's transfer argument has likewise been disposed of, whether fully briefed or not. The Court did indeed find that the issue had not been independently briefed and is puzzled by counsel's statement that there was a pending § 1404 motion to transfer this action to Pennsylvania at the time the Court issued its decision. Counsel argued for a transfer to a federal court in Pennsylvania for the first time in its reply memorandum of law in further support of its motion to dismiss. *See* Dkt. No. 48 at 11. The arguments made in the opening briefs involved "transfer" to a New York state court, only. The idea that such an argument automatically applies to a transfer to an entirely different court based on subsequent reply briefing is without merit.

---

[1] And indeed, upon certification of a related issue, the New York Court of Appeals *contrasted* the provision of electricity with a contract for the sale of goods. *Id.*

3

However, even the case and statute upon which Agway relied in its opening brief requesting transfer do not permit this Court to transfer this action. *See* Dkt. No. 13 at 22 (citing 28 U.S.C. § 1404(a); *Atlantic Marine Const. Co., Inc. v. United States Dist. Ct. for the Western Dist. of Tx.*, 571 U.S. 49 (2013)). Because this action was initiated in a federal district court, the only remedy available would be dismissal pursuant to the doctrine of forum *non conveniens*. *See Buffalo Biodiesel, Inc. v. Schneiderman*, No. 17-cv-154, 2017 WL 4326103, *3 (W.D.N.Y. Sept. 5, 2017) ("'Since *Pope [v. Atlantic Coast Line Railway Co.*, 345 U.S. 379, 73 S. Ct. 749, 97 L. Ed. 1094 (1953)], it has been well-settled that the federal statute concerning transfer of venue, 28 U.S.C. § 1404, only permits transfers between certain federal courts, and does not allow for transfers between federal and state courts'") (quotation omitted); *see also E. Sav. Bank, FSB v. Estate of Kirk ex rel. Kirk*, 821 F. Supp. 2d 543, 546 n.1 (E.D.N.Y. 2011) ("[T]he federal change of venue statute, 28 U.S.C. § 1404(a), does not vest [the federal court] with any authority to transfer this case to the [New York State] Surrogate's Court"). As such, it goes without saying that the Court did not err in declining to transfer this case to a New York state court as requested in Agway's opening brief when it had no authority to do so.

Additionally, even assuming Agway had moved for dismissal pursuant to forum *non conveniens*, such a motion would almost certainly be denied. The forum selection clause at issue provides as follows:

> Venue for any lawsuit brought to enforce any term or condition of this Agreement or to construe the terms hereof shall lie exclusively in the State of New York. This Agreement shall be construed under and shall be governed by the laws of the State of New York without regard to application of its conflicts of laws and principles.

Dkt. No. 13 at 21. Because this language does not specify state or federal court, it would almost certainly be construed to permit suit in either state or federal court. *See Yakin v. Tyler Hill Camp,*

4

*Inc.*, 566 F.3d 72, 76 (2d Cir. 2009); *see also Harrington v. Crater*, No. 17-cv-2343, 2017 WL 4621618, *2 (E.D.N.Y. Oct. 7, 2017).  As such, to the extent that the Court failed to address Agway's frivolous arguments for transfer to a New York state court, or for the unarticulated request for dismissal pursuant to the forum selection clause, the Court now denies those requests.

Finally, the Court finds that it also properly denied Agway's request for transfer of the purported class of Pennsylvania customers to a case pending in Pennsylvania.  While transfer may ultimately be the appropriate course of action, Agway's request for transfer of only the Pennsylvania class members was made for the first time in its reply brief.  The law in the Second Circuit is clear that arguments or requests for relief raised for the first time in reply briefs need not be considered.  *See ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 100 n.16 (2d Cir. 2007) ("[W]e decline to consider an argument raised for the first time in a reply brief"); *see also Sacchi v. Verizon Online LLC*, No. 14-cv-423, 2015 WL 1729796, *1 n.1 (S.D.N.Y. Apr. 14, 2015) ("Generally, a court does not consider issues raised in a reply brief for the first time because if a party raises a new argument in a reply brief the opposing party may not have an adequate opportunity to respond to it") (citations omitted).

A.  **CAFA Exceptions**

"A district court shall decline to exercise jurisdiction" under CAFA if (1) "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" or (2) "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."  28 U.S.C. § 1332(2)(4).  It is incumbent upon the party contesting jurisdiction under CAFA to make a showing that an exception applies.  *See generally*, *Hart v. Rick's NY Cabaret Intern., Inc.*, 967 F. Supp. 2d 955, 963 (S.D.N.Y. 2014).  Agway has

offered no admissible evidence that the Pennsylvania class does not make up at least one-third of the proposed class.

Because of this failure, the Court has—as it stated in its previous decision—subject matter jurisdiction over this action under CAFA. This Court, like other courts in this circuit, adopts the Seventh Circuit's conclusion that the Court will retain subject matter jurisdiction "even when the claims upon which jurisdiction was originally premised are dropped." *See In Touch Concepts, Inc. v. Cellco P'ship*, 949 F. Supp. 2d 447, 463 (S.D.N.Y. 2013). A conclusion that jurisdiction over a class action does not depend on certification "vindicates the general principle that jurisdiction once properly invoked is not lost by developments after a suit is filed." *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010); *see also* Kevin M. Clermont, *Jurisdictional Fact*, 91 Cornell L. Rev. 973, 1015 (2006) (discussing retention of jurisdiction after denial of class certification).

**B.**     ***Brown v. Agway* Decision**

Decisions in putative class actions are not binding upon unnamed putative class members before those classes are certified. *Smith v. Bayer Corp.*, 564 U.S. 299, 215 (2011). "Neither a proposed class action nor a rejected class action may bind non-parties." *Id*. "What does have this effect is a class action approved under Rule 23." *Id*. The action in the Western District of Pennsylvania was never that.

Further, the reasoning there is not applicable to the case here. The court in that action reasoned that the alleged rate discrepancy rose only to 46%, and further noted that "[i]n cases where the [ESCO's] rates were multiple times higher, the rate structure would naturally be more suspect, which is why many of those cases also included a claim for breach of the covenant of good faith and fair dealing." *Brown v. Agway*, 328 F. Supp. 3d 464 (W.D. Pa. 2018). This Court

6

held that the much larger disparity here is properly litigated as a breach of contract claim. And although well-reasoned, the *Brown* action is not binding upon this Court.

C.     **Recent Second Circuit Decision**

The Second Circuit recently affirmed the dismissal of a similar action on summary judgment. *See Richards v. Direct Energy Services, LLC*, No. 17-1003-cv (slip copy) (2d Cir. Feb. 4, 2019). The Court finds that at the pleadings stage, the cases are very different. The plaintiff in *Richards* dealt with claims that were implausible because the amount of overcharge did not support the plaintiff's theory that the ESCO did not exercise its discretion to set pricing in good faith. *Id*. at 19. The plaintiff there offered "no evidence to suggest that it did not." *Id*. On a motion to dismiss, the pleadings, and not the evidence, are the object of attention. Here, Plaintiff has offered allegations of wildly fluctuating rates in support of her theory that Agway acted in bad faith in exercising its contractually granted discretion. Again, the "argument does not turn, as Defendant contends, on whether the rates were 'higher rates than [Plaintiff] would have paid to the incumbent utility, Central Hudson.'" Dkt. No. 81 at 9. "Rather, Plaintiff asserts that Defendant failed to charge rates that were calculated according to the agreed upon factors." *Id*.

The evidence may ultimately show that Agway complied with its contractual obligations and based its pricing on the enumerated factors and exercised its discretion in a good faith manner, but at this stage, the Court cannot conclude that Plaintiff's claims are implausible.

## IV. CONCLUSION

Upon careful review of the record, the parties' submissions, and the applicable law, the Court hereby

**ORDERS** that Defendant's motion for reconsideration is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**

Dated: February 25, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge