# BOND SCHOENECK & KING

Avant Building - Suite 900 | 200 Delaware Avenue | Buffalo, NY 14202-2107 | bsk.com

SHARON M. PORCELLIO, ESQ.
sporcellio@bsk.com
P: 716-416-7044
F: 716-416-7344

March 8, 2019

Hon. Andrew T. Baxter
U.S. Magistrate Judge
United States District Court
Northern District of New York
100 South Clinton Street
Syracuse, New York 13261

Re: *Naomi Gonzales v. Agway Energy Services, LLC*
Civil Action No. 5:18-CV-235 MAD/ATB

Dear Judge Baxter:

This correspondence follows up on the venue issue the parties discussed during your March 5 status call.[1] During that call we discussed the proper venue for the Pennsylvania claims that Plaintiff attempts to raise in this matter. Defendant continues to assert that any Pennsylvania claims should be brought before a Pennsylvania court as required by the terms of the Agway customer contract with Pennsylvania customers. As you know, in its recent Memorandum Decision and Order[2] (denying Defendant's Motion for Reconsideration), the Court found that Defendants had yet to raise the venue issue by way of a proper sec. 1404 motion, and indicated that "transfer may ultimately be the appropriate course of action…"[3] We advised that Defendants would file a separate transfer motion as set forth in the Court's Order, and we discussed where that motion should be addressed.

A sec. 1404 transfer motion is a non-dispositive motion, and as such, should be made before the Magistrate Judge. <u>Defenshield Inc. v. First Choice Armor & Equip.</u>, No. 5:10-cv-1140, 2012 U.S. Dist. LEXIS 44276, at *31 n.5 (N.D.N.Y. Mar. 29, 2012) (C.J. Suddaby) ("A motion to transfer venue under 28 U.S.C. § 1404(a) is non-dispositive in nature."). Consistent with these authorities, Magistrate Judge David Peebles has repeatedly held that "a venue transfer is regarded as a non-dispositive matter which falls within the scope of [a Magistrate Judge's] non-consensual jurisdiction." <u>See, e.g.</u>, <u>Myers v. Doe</u>, No. 9:04-CV-0270, 2006 U.S. Dist. LEXIS 85328, at *5 n.2 (N.D.N.Y. Nov. 22, 2006). You have also recognized this principal in at least one ruling.[4] In light of these authorities, Defendant intends to file its sec. 1404 motion with you.

---

[1] 28 U.S.C. sec. 1404(a) addresses the requirements for proper venue of federal claims.
[2] Case 5:18-cv-00235-MAD-ATB, Document 95, Filed 02/25/19.
[3] *Id.* at p. 5.
[4] <u>Sanders v. Setty</u>, No. 5:17-cv-1027, 2017 U.S. Dist. LEXIS 155558, at *12 (N.D.N.Y. Sept. 21, 2017)(noting that "a transfer is generally non-dispositive").

Hon. Andrew T. Baxter
March 8, 2019
Page 2

Local Rule 7.1(b)(2) provides the mechanism for raising a non-dispositive motion:

> 2. Non-Dispositive Motions. Prior to making any non-dispositive motion before the assigned Magistrate Judge, the parties must make good faith efforts among themselves to resolve or reduce all differences relating to the non-dispositive issue. If, after conferring, the parties are unable to arrive at a mutually satisfactory resolution, the party seeking relief must then request a court conference with the assigned Magistrate Judge. A court conference is a prerequisite to filing a non-dispositive motion before the assigned Magistrate Judge. In the Notice of Motion, the moving party is required to set forth the date that the court conference with the Magistrate Judge was held regarding the issues being presented in the motion. Failure to include this information in the Notice of Motion may result in the Court rejecting the motion papers… Unless the Court orders otherwise, the moving party must file all motion papers with the Court and serve them upon the other parties not less than THIRTY-ONE DAYS prior to the return date of the motion. The party opposing the motion must file its Opposition papers with the Court and serve them upon the other parties not less than SEVENTEEN DAYS prior to the return date of the motion. Reply papers and adjournments are not permitted without the Court's prior permission. Permission to file a reply does not exist simply because CM/ECF generates a deadline for a reply on a nondispositive motion.

Defendant believes that it has adequately addressed this issue with Plaintiff, and Plaintiff will not agree voluntarily to have the Pennsylvania claims transferred to a Pennsylvania Court. Defendant also believes that this issue was discussed at length with Your Honor during our status call on March 5, and that such discussion should serve as the required pre-motion filing status conference. To that end, Defendant respectfully requests that Your Honor deem the March 5 status call as the pre-motion court conference required by Local Rule 7.1(b)(2). If Your Honor agrees, Defendant proposes that: (i) Defendant file its sec. 1404 venue motion on or before March 21, (ii) such motion be made returnable on April 25, and (iii) Plaintiff's deadline to file responsive papers be set as April 8. Your Honor has scheduled April 23 as the next status conference date.

If Your Honor believes that another pre-motion status call is necessary or would be useful prior to Defendant filing its venue motion, please advise us at your earliest convenience. Otherwise, we respectfully request that Your Honor confirm the above-proposed briefing and motion schedule. Thank you and regards,

Hon. Andrew T. Baxter
March 8, 2019
Page 3

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

*s/Sharon M. Porcellio*

Sharon M. Porcellio

SMP/es

cc: All Attorneys of Record (*via ECF*)

1325517.1