IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAOMI GONZALES,<br><br>       Plaintiff,<br><br>vs.<br><br>AGWAY ENERGY SERVICES, LLC,<br><br>       Defendant. | Civil Action No.: 5:18-cv-00235 (MAD)(ATB)<br><br>**ANSWER TO COMPLAINT AND<br>AFFIRMATIVE DEFENSES** |

Defendant Agway Energy Services, LLC ("Agway") hereby files its Answer to the putative Class-Action Complaint filed by Naomi Gonzales ("Plaintiff"), as follows:

### NATURE OF THIS CASE

1. Denied.

2. Denied.

3. Denied.

4. The allegations in this paragraph are assertions of law to which no answer is required. To the extent a response is required, Agway denies the allegations.

### PARTIES

5. Denied.

6. Admitted.

7. The allegations in this paragraph are assertions of law to which no answer is required.

8. Denied.

### JURISDICTION

9. Inasmuch as the legal allegations in this paragraph relate to the United States District Court for the District of Delaware, they are inapplicable. Agway does not contest that

this Court has personal jurisdiction over it.

10. Denied.

11. Agway lacks knowledge as to the truth or falsehood of the allegations contained in this paragraph.

12. Inasmuch as the legal allegations in this paragraph relate to the United States District Court for the District of Delaware, they are inapplicable. Agway denies that this court is the proper venue for a putative class of Pennsylvania customers.

## OPERATIVE FACTS

13. Agway lacks knowledge as to the truth or falsehood of the allegations contained in this paragraph.

14. Agway lacks knowledge as to the truth or falsehood of the allegations contained in this paragraph.

15. Admitted in part and denied in part. Agway admits the allegations except it denies that the only difference to the consumer is which company sets the price for the customer's energy supply; *inter alia*, Agway customers also receive protection through Agway's EnergyGuard™ program.

16. Admitted.

17. Denied.

18. Agway admits that it provided a Customer Agreement, welcome letter, and additional introductory materials to Ms. Gonzales, states further that those materials informed Ms. Gonzales that savings were <u>not</u> guaranteed, and denies all other allegations or characterizations in paragraph 18.

19. The allegations in this paragraph are assertions of law to which no answer is

required.

20. Agway directs Plaintiff to the specific terms of the Agreement, which are not quoted in full here, and thus, denies the allegations as an imprecise summary of the terms of the Agreement.

21. Agway directs Plaintiff to the specific terms of the Agreement, which are not quoted in full here, and thus, denies the allegations as an imprecise summary of the terms of the Agreement. Agway further denies that the terms of the cited Agreement for Pennsylvania customers would apply to a Pennsylvania customer who enrolled for service at the same time as Ms. Gonzales enrolled.

22. Agway denies the allegations in paragraph 22 and directs Plaintiff to Agway's response to paragraph 18.

23. Agway lacks knowledge or information sufficient to identify the Central Hudson corresponding rate as set forth, and denies that the price set forth in the Complaint, or charged by Central Hudson, is a "reasonable representation of a market-based rate." All other allegations are denied.

24. Agway lacks knowledge or information sufficient to identify the Central Hudson corresponding rate as set forth, and thus, leaves Plaintiff to her proofs.

25. Denied.

26. Agway lacks knowledge or information sufficient to identify the Central Hudson corresponding rate as set forth, and thus, leaves Plaintiff to her proofs.

27. Denied.

28. Denied.

29. Denied.

30. Agway lacks knowledge or information sufficient to identify the Central Hudson corresponding rate as set forth, and thus, leaves Plaintiff to her proofs.

31. Agway lacks knowledge or information sufficient to identify the Central Hudson corresponding rate as set forth, and thus, leaves Plaintiff to her proofs.

32. Agway lacks knowledge or information sufficient to identify the Central Hudson corresponding rate as set forth, and thus, leaves Plaintiff to her proofs.

33. Agway lacks knowledge or information sufficient to identify the Central Hudson corresponding rate as set forth, and thus, leaves Plaintiff to her proofs.

34. Agway lacks knowledge or information sufficient to identify the Central Hudson corresponding rate as set forth, and thus, leaves Plaintiff to her proofs. All other allegations are denied.

35. Agway admits that the largest component of the supply cost for electricity is the wholesale cost of electricity, and denies the remaining allegations.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Agway denies the allegations contained in this paragraph and specifically denies that there is nothing to differentiate Agway from other ESCOs or local utilities and that such differences include, *inter alia*, that Agway customers also receive protection through Agway's EnergyGuard$^{TM}$ program

41. Denied.

## CLASS ACTION ALLEGATIONS

42. Inasmuch as these allegations are a statement of law to which no response is required, Agway does not respond. Agway further disputes that Ms. Gonzales is an appropriate class representative for the putative class overall and in particular of Pennsylvania representatives.

43. Inasmuch as these allegations are a statement of law to which no response is required, Agway does not respond.

44. Inasmuch as these allegations are a statement of law to which no response is required, Agway does not respond.

45. Inasmuch as these allegations are a statement of law to which no response is required, Agway does not respond. To the extent a response is required, Agway denies the allegations.

46. Inasmuch as these allegations are a statement of law to which no response is required, Agway does not respond. To the extent a response is required, Agway denies the allegations.

## FIRST CAUSE OF ACTION

47. Agway repeats and realleges its responses to the allegations contained in the paragraphs above as if fully set forth herein.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## SECOND CAUSE OF ACTION

59. Agway repeats and realleges its responses to the allegations contained in the paragraphs above as if fully set forth herein.

60. Inasmuch as these allegations are a statement of law to which no response is required, Agway does not respond.

61. Agway denies the allegations as a confusing misrepresentation, but Agway admits it is an "ESCO".

62. Denied.

63. Denied.

64. Denied.

65. Inasmuch as these allegations are a statement of law to which no response is required, Agway does not respond. To the extent a response is required, Agway denies the allegations.

## THIRD CAUSE OF ACTION

66. Agway repeats and realleges its responses to the allegations contained in the paragraphs above as if fully set forth herein.

67. Admitted, except to clarify that it is a putative class.

68. Agway admits it agreed to charge a variable rate for Plaintiff's electrical commodity supply after the expiration of the introductory period, but denies that the remaining allegations are an accurate recitation of the terms of the Agreement, and thus, directs Plaintiff to the Agreement for the terms therein.

69. Agway admits that Plaintiff and the putative class were charged a variable rate for their electrical commodity supply after the introductory period, but lacks knowledge or information sufficient at this time to respond as to whether all of the amounts charged for same were paid by the putative class.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

### FOURTH AND FIFTH CAUSES OF ACTION

74-83. These Causes of Action were dismissed, and thus, no response is required.

WHEREFORE, having fully answered, Defendant denies that Plaintiff is entitled to any of the requested relief, and request that this Court dismiss Plaintiff's Complaint with prejudice, and award the Defendant its attorney's fees, costs, and such other and further relief as this Court deems just and equitable.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred, in whole or in part, for failure to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The action cannot be maintained as a class action because, *inter alia:* (i) there are no common questions of law or fact sufficient to warrant a class action; (ii) Plaintiff's claims are not typical or representative of members of the class; (iii) individual issues will predominate over purported class issues; (iv) a class action is not superior to other means of obtaining recovery for Plaintiff or others.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's[1] alleged damages, if any, were not proximately caused by Agway.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of unclean hands, waiver, estoppel, and/or laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' purported claims for relief are barred for failure to satisfy the criteria for class certification in accordance with Fed. R. Civ. P. 23.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the regulatory safe harbor provisions from New York General Business Law §349.

## SEVENTH AFFIRMATIVE DEFENSE

At all times, Agway complied with New York General Business Law §349.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the voluntary payment doctrine.

## NINTH AFFIRMATIVE DEFENSE

---

[1] In the event that any class is certified in this action, Agway's affirmative defenses with respect to Plaintiff apply with full force and effect to all putative class members.

Plaintiff's claims are barred by the applicable statutes of limitations.

## TENTH AFFIRMATIVE DEFENSE

To the extent Ms. Gonzales, or any member of the putative class has suffered any damages, they failed to mitigate any such damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover attorneys' fees.

## TWELFTH AFFIRMATIVE DEFENSE

There is no basis upon which Plaintiffs or any member of the putative class can recover general, special, incidental, punitive, treble, or consequential damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff knowingly and voluntarily agreed to pay a variable rate for the supply of electricity from Agway, appreciating the nature of the risk of agreeing to pay for a variable rate for electricity, and voluntarily assumed the risk of agreeing to electricity prices that were based upon a variable rate.

## FOURTEENTH AFFIRMATIVE DEFENSE

Agway has fully performed any and all of its contractual and other duties, express and implied, to Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

If the Court has jurisdiction over Plaintiff's Complaint, the court should decline to exercise jurisdiction pursuant to the Class Action Fairness Act exceptions.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff knowingly, intentionally, and voluntarily, assumed the risk of the loss alleged in the Complaint and any damages, if any, incurred by Plaintiff, are the direct and proximate result of the risk assumed by Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged damages she sustained must be offset by the additional benefit of the value-added protections and services provided by Agway.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Agreements at issue and marketing materials were submitted to, and approved by, the New York Department of Public Service.

## NINETEENTH AFFIRMATIVE DEFENSE

This Court does not have subject matter jurisdiction over Plaintiff's complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed for failure to provide notice required by the U.C.C.

## TWENTY FIRST AFFIRMATIVE DEFENSE

This Court is not a proper venue with respect to any putative class members who are, or during the relevant period were, citizens or residents of Pennsylvania.

Dated: March 11, 2019

                          *s/Sharon M. Porcellio*
                          Sharon M. Porcellio, Esq.
                          Bar Roll No. 102382
                          Brendan M. Sheehan
                          BOND SCHOENECK & KING
                          Avant Building, Suite 900
                          200 Delaware Avenue
                          Buffalo, NY 14202-2107

                          William K. Mosca, Jr., Esq. (*pro hac vice*)
                          John D. Coyle, Esq. (*pro hac vice*)
                          BEVAN, MOSCA & GIUDITTA, P.C.
                          222 Mount Airy Road, Suite 200
                          Telephone: (908) 848-5922
                          Facsimile: (908) 848-6422
                          *Attorneys for Defendant Agway Energy Services, LLC*

1325496.1