**FBFG** | Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP

445 HAMILTON AVE, SUITE 605
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

March 13, 2019

**VIA ECF**
Hon. Mae A. D'Agostino, United States District Judge
James T. Foley U.S. Courthouse
445 Broadway, Courtroom 5
Albany, New York 12207

   **Re:**  *<u>Gonzales v. Agway Energy Services, LLC</u>*__, Case No. 5:18-cv-00235-MAD-ATB__

Dear Judge D'Agostino:

  We represent Plaintiff Naomi Gonzales ("Plaintiff") in the above-referenced action. Pursuant to Your Honor's Individual Rule 2.A.i, Plaintiff respectfully submits this letter in opposition to Defendant Agway Energy Services, LLC's ("Defendant") March 8, 2019 pre-motion letter (ECF No. 96). For the reasons stated in Plaintiff's prior briefings (*see* ECF No. 53 at 3-6, ECF No. 89 at 12-17) and below, the Court should refuse to entertain Defendant's belated venue arguments.

  First, Defendant's proposed motion to transfer venue is not timely. Pursuant to Your Honor's Pretrial Scheduling Order, Defendant's deadline to present a venue motion lapsed on August 6, 2018. ECF No. 75, ¶ 2.[1]

  Second, 28 U.S.C. § 1404(a) does not authorize transfer of part of a proposed class or absent class members' claims. Section 1404(a) *only* contemplates transfer of *an entire action*. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . ."). Moreover, the determination of proper venue focuses on the named plaintiff, not unnamed putative class members. *See U.S. ex rel. Sero v. Preiser*, 506 F.2d 1115, 1129 (2d

---

[1] Insofar as Magistrate Judge Baxter's Text Order (ECF No. 86) retroactively extended the deadline to file a venue motion, even with a six-month extension Defendant's deadline lapsed on February 6, 2019.

{00300180 }

Cir. 1974) ("Although the same statutory provisions determine venue for Rule 23 as for nonclass actions, 28 U.S.C. § 1391(a) . . . may be satisfied if only the named parties to a class action meet its requirements."); *Henrichs v. Nova Biomedical Corp.*, 2014 WL 2611825, at *2 (S.D. Tex. June 11, 2014) ("[T]he law is clear that in determining whether venue for a putative class action is proper, courts are to look only at the allegations pertaining to the named representatives.") (internal quotation marks omitted) (collecting cases); *Joseph v. Liberty Nat'l Life Ins. Co.*, 2008 WL 2026006, at *1 (S.D. Fla. May 9, 2008) ("[I]n considering venue, the inquiry must be focused only on the named Plaintiffs and not the potential class members."). "Otherwise, a nationwide class action could be transferred to any district in the country, thus abrogating the venue statute altogether." *In re Bozic*, 888 F.3d 1048, 1053 (9th Cir. 2018).

Third, transfer is foreclosed by the plain language of § 1404(a), which only permits a court to transfer an action to another district "where it might have been brought[.]" *See Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 430 (S.D.N.Y. 2018) (denying transfer where party failed to show that the action could have originally been filed in the proposed transferee district); *In re Bozic*, 888 F.3d at 1053-54 ("The phrase 'where it might have been brought' refers solely to districts where [the plaintiff] could have originally filed suit.") (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (explaining that the "transfer power is . . . expressly limited by the final clause of § 1404(a) restricting transfer to those federal districts in which the action 'might have been brought'")). Defendant is a limited liability company organized under Delaware law and with its principal place of business in Syracuse, New York. Plaintiff's individual claims arise out of Defendant's conduct in New York. As such, Plaintiff could only have filed the action in Delaware (where it was filed) or New York (where Plaintiff consented to transfer). *See, e.g.*, 28 U.S.C. § 1332(d)(10) (under the Class Action Fairness Act, a

limited liability company is a citizen of the state(s) where it has its principal place of business and under whose laws it is organized); *In re Bozic*, 888 F.3d at 1053 (quoting 2 Newberg on Class Actions § 6:36 (5th ed.) ("The analysis of where a substantial part of the events took place, in a class action, looks to the events concerning the named plaintiffs' claims, not all of the class members' claims.")).

Finally, arguments concerning putative class members preceding class certification are improper. *Curtis v. Wheaton Franciscan Servs., Inc.*, No. 16-4232, 2016 WL 6432579, at *7 (N.D. Ill. Oct. 31, 2016); *accord Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013) ("[A] nonnamed class member is [not] a party to the class-action litigation before the class is certified."); *Saleh v. Titan Corp.*, 353 F. Supp. 2d 1087, 1091 (S.D. Cal. 2004) ("[P]utative class members are not parties to an action prior to class certification.") (citing *Zepeda v. U.S. I.N.S.*, 753 F.2d 719 (9th Cir. 1983)). "Given the putative class members' nonparty status at this stage, they will not be considered on the present motions to transfer." *Curtis*, 2016 WL 6432579, at *7; *accord Justiniano v. First Student Mgmt. LLC*, No. 16-02729, 2017 WL 1592564, at *6-*7 (E.D.N.Y. Apr. 26, 2017) (holding that putative class members constitute non-parties prior to class certification and are therefore not relevant to venue determinations); *In re Broadcast.com, Inc.*, No. 00-18, 2000 WL 35586773, at *7 (E.D. Tex. Aug. 31, 2000) ("[T]he court has certified no class; accordingly, the fact whether absent class members may be bound by a forum selection clause is irrelevant at this stage of the proceedings[.]").

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's request.

Respectfully submitted,

*s/ Todd S. Garber*
Todd S. Garber