UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAOMI GONZALES, | : |
| Plaintiff, | : |
| -against- | : Case No. 5:18-cv-00235-MAD-ATB |
| AGWAY ENERGY SERVICES, LLC, | : |
| Defendant. | : |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUBSTITUTE PLAINTIFF**

# TABLE OF CONTENTS

**Page(s)**

Table Of Authorities..................................................................................................................ii

Introduction………......................................................................................................................1

Relevant Facts And Procedral History........................................................................................1

Argument....................................................................................................................................4

I.     Legal Standard................................................................................................4

II.    This Motion For Substitution is Timely..........................................................4

III.   Plaintiff's Claims Have Not Been Exitinguised.............................................5

IV.   Mr. Martinez May
Properly Substitute Ms. Gonzales..................................................................7

V.    *Adler v. Bank of America* Is Particularly Instructive............................................9

Conclusion.................................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                    **Page(s)**

*Adler v. Bank of Am., N.A.*,
   No. 13-4866, 2015 WL 2330171 (S.D.N.Y. Mar. 24, 2015) ............................................ *passim*

*Allen ex rel. Allen v. Devine*,
   No. 09-668, 2011 WL 5117619 (E.D.N.Y. Oct. 25, 2011) ....................................................... 6

*Barrett v. U.S.*,
   689 F.2d 324 (2d Cir. 1982) ..................................................................................................... 5

*Baudin v. Res. Mktg. Corp., LLC*,
   No. 19-386, 2020 WL 4732083 (N.D.N.Y. Aug. 13, 2020) ...................................................... 9

*Divone v. Sec'y of Dep't of Health & Human Servs.*,
   No. 84-4950, 1989 WL 12643 (E.D.N.Y. Feb. 8, 1989) ........................................................... 8

*Garcia v. City of New York*,
   No. 08-2152, 2009 WL 261365 (E.D.N.Y. Feb. 4, 2009) ......................................................... 7

*Gonzales v. Agway Energy Servs., LLC*,
   No. 18-235, 2018 WL 5118509 (N.D.N.Y. Oct. 22, 2018) ....................................................... 2

*Gonzales v. Agway Energy Servs., LLC*,
   No. 18-235, 2019 WL 910669 (N.D.N.Y. Feb. 25, 2019) ......................................................... 2

*Herrera-Castro v. Trabajamos Cmty. Head Start, Inc.*,
   No. 15-9286, 2017 WL 549584 (S.D.N.Y. Jan. 30, 2017) ........................................................ 7

*Heslin v. County of Greene*,
   14 N.Y.3d 67 (2010) .................................................................................................................. 5

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
   689 F.3d 229 (2d Cir. 2012) ..................................................................................................... 9

*Johnson v. Morgenthau*,
   160 F.3d 897 (2d Cir. 1998) ..................................................................................................... 5

*Karoon v. Franklin, Weinrib, Rudell & Vassallo, P.C.*,
   No. 09-6362, 2010 WL 2143671 (S.D.N.Y. May 27, 2010) ..................................................... 6

*Pastorello v. City of New York*,
   No. 95-470, 2000 WL 1538518 (S.D.N.Y. Oct. 18, 2000) ..................................................... 12

*Perlow v. Commissioner of Social Sec.*,
  No. 10-1661, 2010 WL 4699871 (E.D.N.Y. Nov. 10, 2010) .................................................. 5, 7

*Postell v. Rochester City Sch. Dist.*,
  No. 11-6550, 2017 WL 745863 (W.D.N.Y. Feb. 27, 2017) ....................................................... 4

*Richards v. Johnson & Johnson, Inc.*,
  No. 17-00178, 2018 WL 4214357 (N.D.N.Y. Mar. 30, 2018) ................................................ 6, 7

*Roe v. City of New York*,
  No. 00-9062, 2003 WL 22715832 (S.D.N.Y. Nov. 19, 2003) ....................................... 4, 5, 6, 8

*Saylor v. Bastedo*,
  623 F.2d 230 (2d Cir. 1980) ...................................................................................................... 4

*Weinstein v. Hohenstein*,
  69 N.Y.2d 1017 (1987) ............................................................................................................. 6

**Statutes**

N.Y. Est. Powers & Trusts Law § 11-3 ...................................................................................... 5, 7

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................................ 9

Fed. R. Civ. P. 25 .................................................................................................................. *passim*

**Other Authorities**

C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1165 (2d ed. 1986) ..... 10, 11

# INTRODUCTION

Antonio Martinez ("Mr. Martinez"), in his capacity as executor of the estate of the deceased plaintiff, Naomi Gonzales ("Ms. Gonzales" or "Plaintiff"), respectfully submits this memorandum of law in support of his motion, pursuant to Rule 25(a) of the Federal Rules of Civil Procedure, to be substituted in as the named plaintiff in this action in place of Ms. Gonzales.

Under New York law, Ms. Gonzales' claims have not been extinguished and survive her death. Those claims may now be brought by Mr. Martinez, her son who has been appointed the executor of Ms. Gonzales' estate. Further, this motion is timely and has been made within 90 days of service of the notice of Ms. Gonzales' death. Accordingly, all requirements for a substitution under Rule 25(a) have been satisfied.

# RELEVANT FACTS AND PROCEDURAL HISTORY

On December 6, 2017, Plaintiff Naomi Gonzales initiated this class action against defendant Agway Energy Services, LLC ("Defendant") to redress Agway Energy's deceptive and bad faith pricing practices that have caused thousands of consumers to pay considerably more for electricity supply than they otherwise should have paid. *See* Complaint, ECF No. 1, ¶ 1. Ms. Gonzales alleged that Defendant, an independent energy service company (or "ESCO") that competes with utilities and provides electricity supply to end-users, exploits the deregulation of the energy markets by luring consumers into switching electricity suppliers with a teaser rate and false promises that it offers a market-based variable rate for electricity supply. *Id.* ¶ 2. Instead, Agway Energy charged thousands of customers exorbitant rates untethered to market costs. *Id*. Ms. Gonzales pleaded violations of sections 349 and 349-d (the energy services company consumers bill of rights) of New York's General Business Law ("GBL") , breach of

contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment, individually and on behalf of consumers in New York and Pennsylvania who were charged a variable rate for electricity by Agway Energy from November 2011 through the present. *Id*. ¶¶ 42-43, 47-83.

On January 29, 2018, Defendant filed a motion to dismiss, arguing that the Court lacked subject matter jurisdiction and that Plaintiff failed to state a claim. *See* ECF Nos. 12, 13. By Memorandum-Decision and Order dated October 22, 2018, the Court categorically denied Defendant's subject matter jurisdiction contentions, dismissed Plaintiff's breach of the implied covenant of good faith and fair dealing (as duplicative) and unjust enrichment claims, and concluded that Plaintiff plausible pleaded her breach of contract claim and violations of GBL §§ 349 and 349-d. *Gonzales v. Agway Energy Servs., LLC*, No. 18-235, 2018 WL 5118509, at *2-*5 (N.D.N.Y. Oct. 22, 2018).

Defendant filed a motion for reconsideration of its motion to dismiss on November 2, 2018. See ECF No. 85. On February 25, 2019, Judge D'Agostino issued a Memorandum-Decision and Order in which she categorically denied Defendant's motion, including what she identified as Agway Energy's "frivolous arguments," and reiterated that Plaintiff offered plausible allegations that the stark disparities between Agway Energy's "wildly fluctuating" rates and competitors' rates were sufficient to support her breach of contract and GBL claims. *Gonzales*, 2019 WL 910669 (N.D.N.Y. Feb. 25, 2019).

The parties have been engaged in discovery since approximately May 2018. Over the last 32 months, the parties: exchanged extensive requests for production, interrogatories, requests for admission, and written responses; Defendant produced and Plaintiff's counsel reviewed nearly 300,000 documents, spreadsheets, and emails; conducted a Rule 30(b)(6) deposition of

Defendant's corporate representative; conducted depositions of four fact witnesses; exchanged expert reports involving extensive data analysis; and conducted depositions of both parties' experts.

After litigating this action for almost three years, Ms. Gonzales passed away on October 16, 2020. Plaintiff's counsel learned of Ms. Gonzales' passing on November 4, 2020, and immediately informed Defendant's counsel on November 5, 2020. On November 6, 2020, the parties promptly submitted a letter to Magistrate Judge Baxter, notifying the Court of Ms. Gonzales' death. *See* ECF No. 115. During a telephone conference with Magistrate Judge Baxter held on November 18, 2020, Plaintiff's counsel notified the Court that they anticipated the filing of a motion for substitution. *See* November 18, 2020 Text Minute Entry. During that conference, the deadline for Plaintiff's motion for class certification was stayed. *Id*.

After procuring the requisite documentation, on January 25, 2021, movant Mr. Martinez petitioned the Orange County Surrogate's Court for appointment as the administrator of his mother's estate. *See* the Declaration of Todd S. Garber ("Garber Decl."), ¶ 2.[1] The Surrogate's Court clerk accepted the application and assigned it a file number of 2021-74. *Id.* ¶ 4. Ms. Gonzales' other children and heirs have consented to Mr. Martinez's appointment and have all signed waivers and consent in support of his appointment. *Id.* ¶ 2. The Surrogate's Court granted Mr. Martinez's application for appointment as the administrator of his mother's estate on February 3, 2021. *Id.* ¶ 4 and Ex. 1.

---

[1] Ms. Gonzales died intestate. *Id.* ¶ 3. Neither Mr. Martinez nor any of Ms. Gonzales' other heirs initiated formal estate proceedings on behalf of Ms. Gonzales prior to Mr. Martinez's decision to substitute her in this action because Ms. Gonzales did not own any assets necessitating probate. *Id.* Notwithstanding, in order to ensure the continuation of this action (which was a matter of great importance to Ms. Gonzales), Mr. Martinez initiated the probate process. *Id.*

3

# ARGUMENT

## I. LEGAL STANDARD

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides for substitution of parties in the event of the death of a party and provides as follows:

> *Substitution if the Claim Is Not Extinguished*. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the defendant's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). The Second Circuit has held that "[a] motion to substitute made within the prescribed time will ordinarily be granted, but under the permissive language of [Rule 25(a)(1)] . . . it may be denied by the court in the exercise of a sound discretion if . . . circumstances have arisen rendering it unfair to allow substitution." *Saylor v. Bastedo*, 623 F.2d 230, 236 (2d Cir. 1980); *cf. Adler v. Bank of Am., N.A.*, No. 13-4866, 2015 WL 2330171, at *2 (S.D.N.Y. Mar. 24, 2015) (quoting *Savior v. Bastedo*, 623 F.2d 230, 237 (2d Cir.1980) ("[I]t is difficult to imagine a case where discretion might properly be exercised to deny a motion to substitute for a deceased plaintiff made within the rule's time limits.")). When determining a motion to substitute a party, this Court must decide whether (1) the motion is timely; (2) the movant's claims have not been extinguished by the death; and (3) the movant proposes a proper party for substitution. *See Adler*, 2015 WL 2330171, at *1 (citing *Roe v. City of New York*, No. 00-9062, 2003 WL 22715832, at *1 (S.D.N.Y. Nov. 19, 2003)).

## II. THIS MOTION FOR SUBSTITUTION IS TIMELY.

Pursuant to Rule 25(a)(1), a motion to substitute is timely when it is made within 90 days of the statement of death. *See, e.g.*, *Postell v. Rochester City Sch. Dist.*, No. 11-6550, 2017 WL 745863, at *1 (W.D.N.Y. Feb. 27, 2017) ("[T]imeliness of a motion to substitute is [] governed .

4

. . by the 90-day limitation period set forth in Fed. R. Civ. Proc. 25(a)(1), which begins to run after the service of a statement noting the death."); *Adler*, 2015 WL 2330171, at *1 (holding that the "motion is timely," despite serving statement of death and motion to substitute a year after the plaintiff's death, because the statement and motion were "filed on the same day"); *Perlow v. Commissioner of Social Sec.*, No. 10-1661, 2010 WL 4699871, at * 1 (E.D.N.Y. Nov. 10, 2010) ("[S]ince the death certificate . . . and the motion for substitution were contemporaneously filed, the motion is timely.").

A statement of death was served on the Court and all parties using the Northern District of New York's CM/ECF system on November 6, 2020. ECF No. 115. This motion is being made within 90 days of service of the statement of death. Therefore, this motion is timely.

### III.     PLAINTIFF'S CLAIMS HAVE NOT BEEN EXTINGUISHED.

"The Second Circuit has held that a claim survives [an] injured party's death 'if applicable state law creates a right of survival.'" *Roe*, 2003 WL 22715832, at *2 (quoting *Barrett v. U.S.*, 689 F.2d 324, 331 (2d Cir. 1982)); *accord Johnson v. Morgenthau*, 160 F.3d 897, 898 (2d Cir. 1998) (same); *cf. Adler*, 2015 WL 2330171, at *1 (quoting N.Y. Est. Powers & Trusts Law ("EPTL") § 11-3.1). In New York, "all tort and contract actions that belonged to a decedent may now be maintained by the estate's personal representative." *Heslin v. County of Greene*, 14 N.Y.3d 67, 73 n.4 (2010) (citing EPTL §§ 11-3.1 and 11-3.2). EPTL § 11-3.1 provides that:

> Any action, other than an action for injury to person or property, may be maintained by and against a personal representative in all cases and in such manner as such action might have been maintained by or against his decedent.

Similarly, EPTL § 11-3.2(b) provides that:

> No cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed. For any injury an action may

5

be brought or continued by the personal representative of the decedent, but punitive damages shall not be awarded nor penalties adjudged in any such action brought to recover damages for personal injury where the death occurs on or before August thirty-first, nineteen hundred eighty-two.

In light of Judge D'Agostino's decision sustaining Ms. Gonzales' breach of contract and GBL §§ 349 and 349-d claims, as well as Judge D'Agostino's subsequent decision denying reconsideration of Defendant's motion to dismiss, Ms. Gonzales held the contract and consumer protection claims alleged in this action at the time of her death and those claims survive her death. Therefore, a duly appointed executor of her estate may continue to prosecute those claims. *See, e.g.*, *Karoon v. Franklin, Weinrib, Rudell & Vassallo, P.C.*, No. 09-6362, 2010 WL 2143671, at *7 (S.D.N.Y. May 27, 2010), *aff'd*, 426 F. App'x 20 (2d Cir. 2011) ("A decedent's executor or administrator can maintain a cause of action for breach of contract that the decedent would have had."); *Richards v. Johnson & Johnson, Inc.*, No. 17-00178, 2018 WL 4214357, at *9 & n.15 (N.D.N.Y. Mar. 30, 2018) (claims such as violation of GBL § 349, fraudulent misrepresentation, and fraudulent concealment, "[b]y statute," . . . survive the decedent's death to permit recovery by the decedent's estate"); *Adler*, 2015 WL 2330171, at *2 (holding that the deceased plaintiff's putative class action claims survived his death and granting executors' motion for substitution); *Allen ex rel. Allen v. Devine*, No. 09-668, 2011 WL 5117619, at *3 (E.D.N.Y. Oct. 25, 2011) ("Generally, actions in tort and in contract survive the death of a party."); *Weinstein v. Hohenstein*, 69 N.Y.2d 1017, 1019 (1987) (decedent's death did not bar her estate from maintaining an action relating to cooperative conversion); *cf. Roe*, 2003 WL 22715832, at *3 ("Becker need not personally meet the requirements of being a class representative in order to substitute for John B. in this litigation. Rule 25(a) provides a procedural device allowing for the substitution of a party in order for litigation on a decedent's behalf to continue.").

Accordingly, Ms. Gonzales' claims survive her death and may be prosecuted by the executor of her estate.

### IV. MR. MARTINEZ MAY PROPERLY SUBSTITUTE MS. GONZALES.

Under Rule 25, claims of deceased parties may be brought by "the decedent's successor or representative." Fed. R. Civ. P. 25(a); *accord Adler*, 2015 WL 2330171, at *2 ("A proper party for substitution is either a 'representative of the deceased party's estate' or a 'successor of the deceased party.'") (quoting *Garcia v. City of New York*, No. 08-2152, 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009)). "The personal representative brings survival claims on behalf of the estate . . ." *Richards*, 2018 WL 4214357, at *10. "A personal representative is 'a person who has received letters to administer the estate of a decedent.'" *Id.* (quoting EPTL § 1-2.13). "An 'executor' is one such type of personal representative: the term is defined as a 'person to whom letters testamentary have been issued.'" *Id.* (quoting Surr. Ct. Proc. Act § 103(20)). "Such letters must be issued by a court." *Id.* By contrast, a "successor," "is a 'distributee' of the decedent's estate if the estate has been distributed at the time the motion for substitution is made," without going through probate. *Garcia*, 2009 WL 261365, at *1 (collecting cases).

Additionally, "where the plaintiff died destitute," as is the case here, "a party who is seeking substitution as a successor and who is not also a representative of the plaintiff's estate need not show that the estate has been distributed before serving as a substitute, as there would not be any estate to distribute." *Herrera-Castro v. Trabajamos Cmty. Head Start, Inc.*, No. 15-9286, 2017 WL 549584, at *1 (S.D.N.Y. Jan. 30, 2017) (collecting cases). Under such circumstances, a "would be a distributee of the plaintiff's estate if there were any property to distribute" constitutes "a proper party for substitution." *Id.* (holding that next-of-kin was proper party for substitution where the deceased plaintiff did not possess sufficient assets to necessitate

7

probate); *accord Perlow v. Comm'r of Soc. Sec.*, No. 10-1661, 2010 WL 4699871, at *2 (E.D.N.Y. Nov. 10, 2010) ("[W]hen a plaintiff dies destitute, and his widow is not appointed the representative of his estate, the estate need not be distributed before his widow can serve as his substitute, as there is nothing to distribute.") (citing *Divone v. Sec'y of Dep't of Health & Human Servs.*, No. 84-4950, 1989 WL 12643, at *1 (E.D.N.Y. Feb. 8, 1989)); *Roe*, 2003 WL 22715832, at *3 (holding that the deceased plaintiff's parents were proper parties for substitution where the plaintiff died intestate, his personal belongings were disbursed among his parents and siblings, and no court appointed an executor or administrator for his estate).

Because Ms. Gonzales died intestate and did not have sufficient assets to necessitate probate, neither Mr. Martinez nor any of Ms. Gonzales' other heirs initiated formal estate proceedings on behalf of Ms. Gonzales prior to Mr. Martinez's decision to substitute her in this action. Garber Decl., ¶ 3. However, as described above, Mr. Martinez initiated such proceedings in order to ensure the continuation of the instant action. *Id.* Mr. Martinez submitted all of the requisite documentation necessary to be appointed as executor, including executed waivers and consent in support of his appointment by all of Ms. Gonzales' other children and heirs. *Id.* ¶ 2.

On February 3, 2021, the Orange County Surrogate's Court granted Mr. Martinez's petition and issued letters of administration appointing Mr. Martinez as executor of Ms. Gonzales' estate. Garber Decl., Ex. 1. Therefore, under Rule 25(a), Mr. Martinez may be substituted for Ms. Gonzales as the named plaintiff in this action.[2]

---

[2] Additionally, as Ms. Gonzales' son and next-of-kin, Mr. Martinez would be a distribute of plaintiff's estate if there were any property to distribute, and is therefore a proper party for substitution.

8

**V.**     ***Adler v. Bank of America* Is Particularly Instructive.**

Due to its many commonalities with the instant action, *Adler v. Bank of America* is particularly instructive with respect to all three of the Rule 25 considerations for substitution.

In *Adler*, the plaintiff died while his putative class action was in the same procedural posture as is the instant case: after surviving a motion to dismiss and during discovery, but before Mr. Adler was himself deposed. The defendant argued that the estate's executors (the deceased's children) were not suitable named plaintiffs to prosecute a putative class action. *Adler*, 2015 WL 2330171, at *2. Judge Briccetti rejected the defendant's contention, explaining, "this issue generally arises in the context of the typicality analysis at class certification under Fed. R. Civ. P. 23(a)(3). The Court sees no reason to decide now a question the parties will have a full opportunity to brief on the anticipated motion to certify. Any other course of action would be premature." *Id.* Judge Briccetti granted the co-executors' motion to substitute pursuant to Rule 25, finding that the request to substitute was timely, that the putative class action claims survived the plaintiff's death, and that the co-executors were proper parties for substitution. *Id.*

Thereafter, the action proceeded with discovery and eventually settled, making $5,700,000 available to class members. In granting preliminary and final approval of the settlement agreement, the court found that the settlement satisfied the Rule 23(a) and Rule 23(b)(3) standards for class certification[3] and certified the co-executors as class representatives. *See, e.g.*, Order and Judgment at ¶¶ 4-5, *Adler*, No. 13-4866 (July 20, 2016), ECF No. 119,

---

[3] Notably, when moving for approval of the class settlement, the movant is required to satisfy the same Rule 23 standards as are required in a contested class certification motion. *See, e.g.*, *Baudin v. Res. Mktg. Corp., LLC*, No. 19-386, 2020 WL 4732083, at *3 (N.D.N.Y. Aug. 13, 2020) (J., D'Agostino) ("Before approving a class settlement agreement, a district court must first determine whether the requirements for class certification in Rule 23(a) and (b) have been satisfied.") (quoting *In re Am. Int'l Grp., Inc. Sec. Litig. (In re AIG)*, 689 F.3d 229, 238 (2d Cir. 2012)).

attached as Ex. 2 to the Garber Decl.

In light of its parallels with the facts and circumstances here, *Adler* militates in favor of granting the motion to substitute.

## CONCLUSION

For all the aforementioned reasons, Mr. Martinez respectfully requests that the Court grant this motion and substitute him for Ms. Gonzales as the named plaintiff in this action, and grant such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
February 3, 2021

By: *s/ Todd S. Garber*
Todd S. Garber
Chantal Khalil
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, NY 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
tgarber@fbfglaw.com
ckhalil@fbfglaw.com

*Attorneys for Plaintiff*
*and the Putative Class*