# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENISE JAFFE and DANIEL ADLER, in their capacity as co-executors of Milton Adler's estate, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Civil Action No. 13-cv-4866 (VB) |
| DERECK WHITTENBURG and JACQUELINE WHITTENBURG, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Civil Action No. 14-cv-0947 (VB) |

## [PROPOSED] ORDER AND JUDGMENT

WHEREAS, this matter came before the Court for hearing on July 20, 2016 (the "Settlement Hearing"), on motion of plaintiffs in the above-captioned actions (the "Actions") to, among other things, determine (i) whether the terms and conditions set forth in the Stipulation and Agreement of Settlement dated as of January 29, 2016 (the "Settlement Agreement") and the settlement (the "Settlement") embodied therein, are fair, reasonable, and adequate and should be approved by the Court; (ii) whether a Judgment providing, among

other things for the dismissal with prejudice of the Actions against the Defendant as provided for in the Settlement Agreement, should be entered; and

WHEREAS, the Court, in its Order entered *March 4*, 2016 (the "Preliminary Approval Order") directed that (i) the Postcard Notice, substantially in the form attached as Exhibit 2 to the Preliminary Approval Order, be mailed by first class mail, postage pre-paid, within forty-five (45) following entry of the Preliminary Approval Order (the "Notice Date") to all putative Class Members at the address of each such Class Member as set forth in the Class Members E-File provided by Bank of America or whose address could otherwise be identified through such reasonable efforts of the Settlement Administrator as specified in the Settlement Agreement; (ii) a Class Notice and Proof of Claim, substantially in the form attached as Exhibits 1 and 3, respectively, to the Preliminary Approval Order, be posted within twenty (20) calendar days following the Notice Date on the Settlement Website, which Settlement Website the Settlement Administrator was directed to create within twenty (20) calendar days following the Notice Date; and

WHEREAS, each of the Postcard Notice and Class Notice (collectively, the "Settlement Notices") advised putative Class Members of (a) the dates for filing (i) a request to exclude themselves from the proposed Class; (ii) any objections to the Settlement, Class Counsel's application for an award of Class Counsel Fees or the Class Representatives' request for a Service Award; and (iii) a Proof of Claim; and (b) the manner and method of making each such filing or identified where such information could be obtained; and

WHEREAS, the provisions of the Preliminary Approval Order as to notice were complied with; and

WHEREAS, on July 13, 2016, the Class Representatives moved for final approval of the Settlement and for the award of a Service Award, as set forth in the Preliminary Approval Order; and

WHEREAS, on June 29, 2016, Class Counsel moved for an award of Class Counsel Fees, as set forth in the Preliminary Approval Order; and

WHEREAS, a Settlement Hearing was duly held before this Court on July 20, 2016, at which time all interested persons and entities were afforded the opportunity to be heard; and

WHEREAS, this Court has considered all matters submitted to it at the Settlement Hearing and all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.   The Settlement Agreement is incorporated by reference in this Judgment as though fully set forth herein. All capitalized terms used herein shall have the meanings set forth in the Settlement Agreement.

2.   The Court has jurisdiction over the subject matter of the Actions and over all parties to the Actions, including all Class Members and the Settlement Administrator.

3.   Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Actions are hereby finally certified as a class action on behalf of all persons and/or entities who were the mortgagor party to a residential mortgage on real property located in New York State serviced by Bank of America for which all authorized principal, interest and all other amounts due or otherwise owed by law was completely paid between July 12, 2010 and November 27, 2015, but Bank of America failed to

present a certificate of discharge or satisfaction of mortgage within 30 days to the recording officer of the county where the mortgage was recorded. Serviced means that Bank of America acted as (a) the entity to which payments under the residential mortgage were required to be made or (b) such entity's personal representative, agent, successor or assign. Excluded from the Class are: (i) individuals who are partners, associates, officers, directors, or employees of Bank of America; (ii) all judges or magistrates of the United States or any state and their spouses; (iii) all individuals who timely and properly request to be excluded from the class, i.e. opt out; (iv) all persons who have previously released Bank of America from claims covered by this Settlement; and (v) all persons who have already received payment from Bank of America for alleged violation of New York Real Property Actions and Proceedings Law § 1921 and/or New York Real property Law § 275 with respect to a loan on a Mortgaged Property (unless that person is a member of the Settlement Class by virtue of a different loan on his or her Mortgaged Property as to which he or she has received no such payment).

4.  The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Class is sufficiently definite; (b) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (c) there are questions of law and fact common to the Class; (d) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (e) the Class Representatives and Class Counsel have and will fairly and adequately represent the interests of the Class; (f) plaintiffs' interests do not conflict with the interests of the Class Members in the maintenance of the Actions; (g) the questions of law and fact common to the members of the Class predominate over any questions affecting only

individual members of the Class; and (h) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, plaintiffs Denise Jaffe, Daniel Adler, Dereck Whittenburg and Jacqueline Whittenburg are certified as the Class Representatives, and D. Gregory Blankinship and Todd S. Garber of the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber LLP are certified as Class Counsel.

6. The Actions are properly maintained as class actions pursuant to Federal Rule of Civil Procedure 23, and the Class Representatives and Class Counsel fairly and adequately have and will represent the interests of the Class.

7. Notice of the pendency of the Actions as a class action and of the proposed Settlement, as set forth in the Settlement Notices, was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Actions as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law in the United States. With Court approval, Epiq Class Action and Claims Solutions, Inc. was retained to assist in disseminating Notice accordance with the terms of the Settlement Agreement and the Court's Order granting Preliminary Approval of the Settlement. It is apparent from the Affidavit of Guy Thompson, submitted in connection with the Motion for Final Approval of Settlement, that the Notice was properly implemented and effective. (Dkt. 122, Ex. — ) in 13 cv 4866. Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

8. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Class Members, advising them of the Settlement and of their right to exclude themselves from the Class, to submit a Proof of Claim for a Claim Payment and to object to the Settlement, and a full and fair opportunity was accorded to all persons and entities who are Class Members to be heard with respect to the foregoing matters. Thus, it is hereby determined that all Class Members who did not timely and properly elect to exclude themselves by written communication postmarked or otherwise delivered on or before the date set forth in the Preliminary Approval Order and the Settlement Notices are bound by this Order and Judgment.

9. This Court finds that the persons and entities identified on the list filed under seal at Dkt. ___ timely filed a properly completed written request to exclude themselves from the Class, pursuant to the procedures set forth in the Preliminary Approval Order. Accordingly, all such persons and entities are hereby excluded from the Class, shall not be bound by the terms of this Order and Judgment and shall not be entitled to the receipt of any Claim Payment.

10. As a result of the Settlement Agreement, Class Members receive significant cash consideration. Based upon their investigation and pretrial discovery, Plaintiffs and Class Counsel have concluded that the terms and conditions of the Settlement and this Agreement are fair, reasonable and adequate after considering (i) the cash consideration that Class Members will receive from the Settlement, and (ii) the attendant risks of litigation, including in particular the risks of establishing liability and certifying the Class for trial purposes, In addition, Defendant will pay all costs of notice and administration. The period for submission of claim forms runs until _July 18, 2016_ (and until 10/13/16 for certain additional class members. (Doc #124 in #13 CV 4866).

11. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Settlement Agreement, and finds that Settlement, including but not limited to the terms of the Settlement Agreement governing the Claim Payments to be paid to Authorized Claimants and the procedures for submission of Proof of Claims, the review and determination of the validity of such Proof of Claims and the distribution of Claim Payments to Authorized Claimants, is, in all respects, fair, reasonable, and adequate, and in the best interests of the Class Members, including the Class Representatives. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's length negotiations between experienced counsel representing the interests of the Settling Parties, and that it was negotiated with the assistance of an experienced, independent mediator. After consideration of all relevant factors, the Court finds that the Settlement Agreement is not the product of fraud or over-reaching by, or collusion between, the negotiating parties, and taken as a whole, the proposed Settlement is fair, reasonable and adequate. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

12. The Actions and all claims asserted therein are dismissed with prejudice and without costs, as such costs are identified in 28 U.S.C. § 1920.

13. Upon the Effective Date, each Class Representative and Settlement Class Member, on behalf of themselves, and each of their respective heirs, estates, executors, trustees, guardians, wards, next friends, joint tenants, tenants-in-common, administrators, beneficiaries, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law (a) to have released, waived, discharged and dismissed each and every of the Settled Claims against the Released Parties; (b) shall forever be

enjoined from commencing, instituting or prosecuting any or all of the Settled Claims against any of the Released Parties; and (c) shall not institute, continue, maintain or assert, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Settled Claim.

14.   Upon the Effective Date, each of the Plaintiffs, individually and on behalf of their respective heirs, executors, trustees, administrators, beneficiaries, and assigns, and any other person claiming by, through or on behalf of them, (a) shall be deemed by operation of law to have released, waived, discharged and dismissed each and every of the Plaintiffs' Settled Claims against Bank of America; (b) shall forever be enjoined from commencing, instituting or prosecuting any or all of the Plaintiffs' Settled Claims against Bank of America; and (c) shall not institute, continue, maintain or assert, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from Bank of America in respect of any Plaintiffs' Settled Claim.

15.   Class Counsel is hereby awarded Class Counsel Fees of $1,500,000.00, and costs in the amount of $20,000.00, which sums the Court finds to be fair and reasonable. In making this award, the Court has considered and found that:

(a)   The Class Notice advised that Class Counsel would move for an award of Class Counsel Fees of up to $1,500,000.00 and costs of up $20,000.00, which the Defendant would not challenge, and no objections were filed against the terms of the proposed Settlement or the ceiling on the award of Class Counsel Fees disclosed in the Class Notice;

(b)    The Actions involve complex factual and legal issues, were actively prosecuted and, in the absence of the Settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(c)    D. Greg Blankinship, Todd S. Garber, and their firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP exhibited exemplary skill and prudence in pursuing the Actions on behalf of the Class Representatives and the Class;

(d)    The hourly rates charged by Class Counsel are reasonable;

(e)    Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class Representatives and the Class would recover less or nothing from the Defendant; and

(f)    The amount of the Class Counsel Fees awarded herein is consistent with awards in similar cases.

The Class Counsel Fees awarded herein shall be paid by Bank of America consistent with the terms of Section 8.5 of the Settlement Agreement.

16.    The Court finds that an award to the Class Representatives for their time and effort in representing the Class in the prosecution of the Actions is fair and reasonable, and thus awards each of the Class Representatives a Service Award in the amount of $5,000.00. The Service Award shall be paid by Bank of America consistent with the terms of Section 8.8 of the Settlement Agreement.

17.    Bank of America shall pay the Settlement Administrator, consistent with the terms of the engagement agreement to be entered with the Settlement Administrator.

18. This Order and Judgment, the Settlement Agreement, any of its terms and provisions, any of the negotiations or proceedings connected with it, and any of the documents or statements referred to therein:

(a) shall not be offered or received against the Defendant or any other Released Party as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by the Defendant or Released Parties with respect to the truth of any fact alleged by the Class Representatives or the validity of any claim that was or could have been asserted against the Defendant or Released Parties in these Actions or in any litigation, or of any liability, fault, misconduct or wrongdoing of any kind of the Defendant or Released Parties;

(b) shall not be offered or received against the Defendant or Released Parties as evidence of a presumption, concession or admission of any liability, fault, misconduct or wrongdoing by the Defendant or the Released Parties or against the Class Representatives or any Settlement Class Members as evidence of any infirmity in the claims of the Class Representatives or the other Settlement Class Members;

(c) shall not be offered or received against the Defendant or Released Parties, or against the Class Representatives or any other Settlement Class Members, as evidence of a presumption, concession or admission with respect to any liability, fault, misconduct or wrongdoing of any kind, or in any way referred to for any other reason as against the Defendant or Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement and this Order and Judgment; provided, however, that the Defendant or any of the other Released Parties may refer to this Order and Judgment and the Settlement Agreement to effectuate the protection from liability granted them thereunder;

(d)     shall not be construed against the Defendant or Released Parties, or against the Class Representatives or any other Settlement Class Members as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     shall not be construed against the Class Representatives or any other Settlement Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Complaints or Amended Complaints in these Actions would not have exceeded the aggregate of the Claim Payments to which Settlement Class Members are entitled under the terms of this Agreement.

19.     No Settlement Class Member shall have any claim against the Class Representatives, Class Counsel, the Defendant, the Released Parties, the Defendant's Counsel or the Settlement Administrator based on, arising out of, or related to the amount of the Claim Payment to be paid to Authorized Claimants, the procedures for submission of Proof of Claims, the review and determination of the validity of such Proof of Claims and the distribution of Claim Payments to Authorized Claimants that are set forth, made or effected substantially in accordance with the Settlement Agreement and the Settlement embodied therein or further order of the Court.

20.     The Court reserves jurisdiction, without affecting in any way the finality of this Order and Judgment, over (a) the implementation and enforcement of this Settlement; (b) enforcing and administering this Order and Judgment; (c) enforcing and administering the Settlement Agreement, including any releases executed in connection therewith; and (d) other matters related or ancillary to the foregoing.

21. In the event that the Settlement does not become Final in accordance with the terms of the Settlement Agreement, or is terminated pursuant to the Settlement Agreement, then this Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and shall be vacated to the extent provided by the Settlement Agreement and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement; and (b) the fact of the Settlement shall not be admissible in any trial of the Actions and the Settling Parties shall be deemed to have reverted to their respective status in the Actions immediately prior to October 22, 2015.

22. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

23. There is no just reason for delay in the entry of this Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: 7/20, 2016

*/s/ Vincent L. Briccetti*

HONORABLE VINCENT L. BRICCETTI
UNITED STATES DISTRICT COURT JUDGE
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

24. The Clerk instructed to close these cases: 13CV 4866 and 14CV 947).