**FBFG** | Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP

One North Broadway, Suite 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

August 10, 2021

**Via ECF**
Hon. Mae A. D'Agostino
United States District Judge
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

      Re:    *Gonzales v. Agway Energy Services, LLC*
              Case No. 5:18-cv-00235 (MAD/ATB)

Dear Judge D'Agostino:

      Nothing Defendant says in its response letter addresses the heart of Plaintiff's letter request. Nowhere did Plaintiff say that a Defendant is not permitted to make a motion to deny class certification. However, for ease of organization of the court and the parties, such a motion and schedule was not contemplated or provided for in the schedule in this action. The cases cited by Defendant do not hold otherwise as, contrary to Defendant's express representation, in neither case did Defendant file a motion to deny simultaneously with plaintiff's motion for class certification brought based upon a Court-ordered deadline. In Parker v. Time Warner Ent. Co., L.P., 331 F.3d 13, 15 (2d Cir. 2003) the "issues [arose] from decision of defendants' motion to deny class certification as a matter of law" with no motion for class certification from the plaintiffs. Similarly, in Tomassini v. FCA US LLC, 326 F.R.D. 375, 380 (N.D.N.Y. 2018) defendant filed its motion to deny certification on August 23, 2017, plaintiffs responded on September 22, 2017 and a reply was filed October 2, 2017. Plaintiff then filed motion to certify January 25, 2018.

      Defendant claims that Plaintiff's argument that this is an attempt to circumvent the page limit is illogical simply because the Court granted the parties extra pages. Defendant's argument is what is illogical. Defendant filed a 13 page motion to deny certification. These 13 pages should be part of the 40 pages Defendant has to oppose class certification. Moreover, Defendant has failed to address the other obvious pretext for its motion which is to attempt to get the last word through a de facto sur-reply on a motion where the burden is on Plaintiff. Nothing in Defendant's letter alters Plaintiff's position.

      We thank Your Honor for your consideration.



One North Broadway, Suite 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

Respectfully Submitted,

*s/ Todd S. Garber*
Todd S. Garber

CC: All Counsel via ECF