UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ANTONIO MARTINEZ,

    Plaintiff,

 -against-

AGWAY ENERGY SERVICES, LLC,

    Defendant.

Case No. 5:18-cv-00235-MAD-ATB

---

**PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................... 1

RELEVANT PROCEDURAL HISTORY ............................................................................. 3

ARGUMENT .......................................................................................................................... 4

    I.       The Motion To Strike Legal Standard Is Very High. ............................... 4

    II.      The Applicable Rules And Case Law Contradict Defendant's Motion. ................. 5

           A.      Plaintiff's Statement Of Additional
                  Material Facts Complies With Local Rule 56.1. ......................................... 5

           B.      The Factual Statements In Plaintiff's Statement Of Additional
                  Material Facts Are Appropriate And Should Not Be Stricken. ................... 7

                1.      Statement 16 ................................................................................. 7

                2.      Statements 17 And 34 ................................................................... 9

                3.      Statement 45 ............................................................................... 12

                4.      Statements 46–76 ......................................................................... 13

           C.      Even If Portions Of Plaintiff's Statement Of Additional
                  Material Facts Were Improper, This Motion Should Still Be Denied. ..... 15

CONCLUSION ..................................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arline v. Potter*,
404 F. Supp. 2d 521 (S.D.N.Y. 2005) ..........................................................................11

*Carmel Central School District v. V.P.*,
373 F. Supp. 2d 402 (S.D.N.Y.2005) ...........................................................................11

*Christians of California, Inc. v. Clive Christian New York, LLP*,
2014 WL 3407108 (S.D.N.Y. July 7, 2014) ...................................................................4

*Congregation Rabbinical Coll. of Tartikov, Inc.*,
138 F. Supp. 3d 352, 395 (S.D.N.Y. 2015) .................................................................12

*Egri v. Connecticut Yankee Atomic Power Co.*,
270 F. Supp. 2d 285 (D. Conn. 2002) ............................................................................6

*Holtz v. Rockefeller & Co., Inc.*,
258 F.3d 62 (2d Cir. 2001) ..........................................................................................15

*JD2 Envtl., Inc. v. Endurance Am. Ins. Co.*,
2017 WL 751157 (S.D.N.Y. Feb. 27, 2017) ................................................................12

*Madison Maidens, Inc. v. Am. Mfrs. Mut. Ins. Co.*,
2006 WL 1650689 (S.D.N.Y. June 15, 2006) ...............................................................5

*Mihalik v. Credit Agricole*,
2011 WL 3586060 (S.D.N.Y. July 29, 2011) ..............................................................15

*Morris v. Northrop Grumman Corp.*,
37 F. Supp. 2d 556 (E.D.N.Y. 1999) ...........................................................................15

*NAACP Legal Def. & Educ. Fund, Inc. v. U.S. Dept. of Hous. & Urban Dev.*,
2007 WL 4233008 (S.D.N.Y. Nov. 30, 2007) ...............................................................5

*New York ex rel. Spitzer v. St. Francis Hosp.*,
94 F. Supp. 2d 423 (S.D.N.Y. 2000) .............................................................................5

*Osier v. Broome County*,
47 F. Supp. 2d 311 (N.D.N.Y. 1999) .............................................................................6

*Pike v. Caldera*,
188 F.R.D. 519 (S.D. Ind. 1999) ...................................................................................6

*Riley v. Town of Bethlehem*,
    5 F. Supp. 2d 92 (N.D.N.Y. 1998) ............................................................................. 6

*Ross Univ. Sch. of Med., Ltd. v. Brooklyn–Queens Health Care, Inc.*,
    2012 WL 6091570 (E.D.N.Y. Dec. 7, 2012) ............................................................ 4, 15

*Russo v. New York Presbyterian Hosp.*,
    972 F. Supp. 2d 429 (E.D.N.Y. 2013) .......................................................................... 4

*ScentSational Techs., LLC v. PepsiCo, Inc.*,
    2017 WL 4403308 (S.D.N.Y. Oct. 2, 2017) ................................................................ 15

*Sheppard v. Beerman*,
    190 F. Supp. 2d 361 (E.D.N.Y. 2002) .......................................................................... 6

*Stubby Strip, LLC v. Food Mkt. Merchandising, Inc.*,
    2016 WL 5374116 (N.D.N.Y. Sept. 26, 2016) ............................................................. 4

*Union Carbide Corp. v. Montell N.V.*,
    179 F.R.D. 425 (S.D.N.Y. 1998) ......................................................................... 6, 7, 8

**Rules**

L.R. 7.1 ................................................................................................................................. 4

L.R. 56.1 ................................................................................................................. 3, 4, 8, 10

iii

**INTRODUCTION**

Plaintiff Antonio Martinez ("Plaintiff") respectfully submits this memorandum of law in opposition to Agway Energy Services, LLC's ("Agway" or "Defendant") motion to strike Plaintiff's Statement of Additional Material Facts (the "PSAMF").[1] In Defendant's reply memorandum of law in support of its motion for summary judgment, Defendant asks the Court to strike the PSAMF. There is no legal basis for the relief Defendant seeks. Accordingly, Defendant's motion should be denied.

Defendant filed a motion for summary judgment that is without merit. In response, Plaintiff submitted his PSAMF, which sets out facts material to the summary judgment motion and conclusively shows the existence of material issues of fact. The factual statements in the PSAMF are made in accordance with Local Rule 56.1 and are properly submitted in opposition to Defendant's summary judgment motion.

Hoping to avoid the inevitable conclusion that there are material issues of fact that preclude summary judgment, Defendant argues that almost half of the factual statements in the PSAMF should be stricken on various procedural grounds. For example, Defendant argues that these statements constitute a violation of page limits set by the Court. Not so. Virtually every fact in the PSAMF is also stated in Plaintiff's brief in opposition to the summary judgment motion (ECF No. 151). Despite Defendant's suggestion to the contrary, no additional factual or legal arguments are included in the PSAMF that are not included in the brief.

Defendant also asks that the Court strike certain statements in the PSAMF because they supposedly contain "multiple statements." What Defendant is actually attacking are either statements that include closely related facts that logically should be discussed jointly, or

---

[1] The PSAMF was filed as ECF No. 151-18 on the docket.

statements that include more than one sentence. There is no rule that requires that every minute fact appear in a separate statement, or that each statement only include one sentence. Nor does Defendant cite any authority explaining why such statements should be stricken.

Defendant also argues that some statements in the PSAMF "straddle[] the boundary between pure fact and advocacy," but provides no authority suggesting that such statements should be stricken. ECF No. 156 at 7. The statements in the PSAMF are factual in nature. Nevertheless, even if the Court were to find that certain statements (or portions thereof) crossed the boundary and are improper advocacy, courts in this Circuit routinely deny motions to strike statements of material facts and, instead, simply disregard factual assertions that do not comply with Local Rules when deciding summary judgment motions. Defendant has not cited a single authority supporting its assertion that one or more statements in the PSAMF should be stricken. Moreover, to the extent Defendant disputes a statement in the PSAMF, the appropriate course of action is to set out facts that dispute the statement (which Defendant often fails to do) -- not to seek to strike the statement.

Indeed, it appears that Defendant is utilizing legal objections to the statements in the PSAMF to avoid making admissions that will doom its summary judgment motion. In response to many of the statements in the PSAMF, Defendant simply denies the statement and interposes objections, but does not cite any factual support for the denial of the statement. *See* ECF No. 156-1 ¶¶ 17, 33, 38-41, 46-75 (referring to PSAMF ¶¶ 17, 34, 39-42, 47-76).[2] Such tactics are

---

[2] The paragraph numbering in the PSAMF **does not correspond** with the paragraph numbering in Defendant's response to the PSAMF (ECF No. 156-1). In these documents, paragraphs 1-31 refer to the same statements. However, Defendant inadvertently combined PSAMF paragraphs 32 and 33 into a single paragraph 32 in its response. From that point on, all paragraph numbers in Defendant's response are off by one. Paragraph 33 of the response refers to paragraph 34 of the PSAMF and so on, through paragraph 75 of the response that refers to paragraph 76 of the PSAMF. When citing to Defendant's response, Plaintiff will endeavor to make clear what PSAMF paragraph is implicated.

expressly prohibited under the Local Rules, which provide that: "Each denial shall set forth a specific citation to the record where the factual issue arises. <u>The Court may deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert.</u>" Local Rule 56.1(b) (emphasis in the original). Accordingly, each statement that Defendant denies without factual support should be deemed admitted.

If Defendant wanted to dispute any of Plaintiff's undisputed contrary evidence, Defendant had every opportunity to do so by responding to Plaintiff's statements in its reply papers. The fact that Defendant chose not to do so is telling. If Defendant had any basis to challenge Plaintiff's undisputed contrary evidence, it would have been a simple exercise to lay out any relevant facts with its reply papers. Implicitly conceding that it has no basis to challenge Plaintiff's undisputed contrary evidence, Defendant instead buried a pocket motion to strike within its summary judgment reply in the hopes that it could make an end-run around Plaintiff's evidence submitted in opposition to the summary judgment motion.

For all these reasons, Defendant's motion should be denied.

## **RELEVANT PROCEDURAL HISTORY**

On August 6, 2021, Defendant filed a motion for summary judgment or, in the alternative, to strike Plaintiff's expert witness, Dr. Frank Felder. ECF No. 137. Included with that motion was a purported Statement of Undisputed Facts Pursuant to L.R. 56.1(a). ECF No. 137-14. On September 27, 2021, Plaintiff filed papers in opposition to the summary judgment motion. ECF No. 151. Those papers included Plaintiff's Responses to Defendant's Statement of Undisputed Facts, in which Plaintiff appropriately admitted, denied, and/or objected to Defendant's purported undisputed facts. ECF No. 151-17. In addition, Plaintiff submitted the PSAMF in accordance with Local Rule 56.1. ECF No. 151-18.

On October 18, 2021, Defendant filed its reply papers in further support of the summary

3

judgment motion. ECF No. 156. Those papers included a response to the PSAMF. ECF No. 156-1. Those responses included admission, denials, and objections. *Id.* However, many of Defendant's denials are made with legal objections, but without citation to factual support. *See* ECF No. 156-1 ¶¶ 17, 33, 38-41, 46-75 (referring to PSAMF ¶¶ 17, 34, 39-42, 47-76).

In addition to such responses, in its reply memorandum of law, Defendant separately moves the Court to strike the PSAMF. ECF No. 156 at 4-7. Defendant did not submit a notice of motion pertaining to its request for this new relief as required by Local Rules 7.1 and 56.1. Nor did Defendant make any good faith effort to resolve or reduce any differences relating to the PSAMF or seek a conference with the Court before bringing its motion to strike, as required by Local Rule 7.1.[3]

## ARGUMENT

**I.** **The Motion To Strike Legal Standard Is Very High.**

When moving to strike statements of material facts submitted with respect to summary judgment motions, "the moving party bears a heavy burden, as courts generally disfavor motions to strike." *Russo v. New York Presbyterian Hosp.*, 972 F. Supp. 2d 429, 435 n.3 (E.D.N.Y. 2013); *see also Christians of California, Inc. v. Clive Christian New York, LLP*, 2014 WL 3407108, at *2 (S.D.N.Y. July 7, 2014) (denying motion to strike statement and observing, "[t]o the extent defendants' statement contains any *improper* argument, the Court does not find that its inclusion (or defendants' Rule 56.1 statement as a whole) comes close to contravening the requirements or purposes of Rule 56.1 such that it should be struck") (emphasis in original); *Ross Univ. Sch. of Med., Ltd. v. Brooklyn–Queens Health Care, Inc.*, 2012 WL 6091570, at *6

---

[3] These procedural errors, alone, are sufficient for the denial of this motion to strike. *See Stubby Strip, LLC v. Food Mkt. Merchandising, Inc.*, 2016 WL 5374116, at *3 (N.D.N.Y. Sept. 26, 2016).

4

(E.D.N.Y. Dec. 7, 2012) ("[C]ourts in this Circuit frequently deny motions to strike paragraphs in Rule 56.1 statements, and simply disregard any improper assertions.").

II.   **The Applicable Rules And Case Law Contradict Defendant's Motion.**

   A.   **Plaintiff's Statement Of Additional Material Facts Complies With Local Rule 56.1.**

Local Rule 56.1(b) provides that "the opposing party's Response may set forth any assertions that the opposing party contends are in dispute in a short and concise Statement of Additional Material Facts in Dispute, containing separately numbered paragraphs, followed by a specific citation to the record where the fact is established." There is no rule that limits the length of an opposing party's statement of additional material facts. Indeed, such a rule would be illogical, as the non-moving party has no control over which or how many facts the movant will claim to be undisputed, nor any control over the amount of evidence that exists disputing each supposedly undisputed fact or claim. Plaintiff's statements in the PSAMF set out facts relevant to Defendant's legal and factual assertions regarding its entitlement to summary judgment, or relevant to Plaintiff's legal and factual assertions regarding why the summary judgment motion should be denied. Every statement in the PSAMF is supported by citations to admissible evidence. Plaintiff has adhered to Local Rule 56.1 and there is no reason to strike the PSAMF, in whole or in part. *See New York ex rel. Spitzer v. St. Francis Hosp.*, 94 F. Supp. 2d 423, 429-30 (S.D.N.Y. 2000) (denying motion to strike where the plaintiff "support[ed] its refutations of defendants' statements with citations to the record").

The "purpose of Rule 56.1 statements is to identify the relevant evidence supporting the material facts, and 'to assist the court in determining which facts are genuinely undisputed.'" *NAACP Legal Def. & Educ. Fund, Inc. v. U.S. Dept. of Hous. & Urban Dev.*, 2007 WL 4233008, at *1 n.1 (S.D.N.Y. Nov. 30, 2007) (quoting *Madison Maidens, Inc. v. Am. Mfrs. Mut. Ins. Co.*,

2006 WL 1650689, at *2 (S.D.N.Y. June 15, 2006)). The PSAMF and Plaintiff's other papers in opposition to the summary judgment motion establish, at a minimum, that there are genuine issues to be tried on all of Plaintiff's claims and that the summary judgment motion should be denied.

The cases cited in Defendant's reply brief are inapposite. In *Osier v. Broome County*, 47 F. Supp. 2d 311, 317 (N.D.N.Y. 1999), the plaintiff submitted "purported facts without any indication where those facts can be located in the record"; nevertheless, the statement was not stricken. In contrast, here, Plaintiff provides citations for all statements in the PSAMF. In *Egri v. Connecticut Yankee Atomic Power Co.*, 270 F. Supp. 2d 285, 291 (D. Conn. 2002), again, the plaintiff submitted a statement of material facts without citations, but the statement was not stricken. Similarly, in *Riley v. Town of Bethlehem*, 5 F. Supp. 2d 92, 93 (N.D.N.Y. 1998), both parties submitted statements of undisputed facts that did not contain citations, but the statements were not stricken. *In Sheppard v. Beerman*, 190 F. Supp. 2d 361, 363 n.1 (E.D.N.Y. 2002), *aff'd,* 317 F.3d 351 (2d Cir. 2003), the court found that the statement was not "short and concise" where it was 43 pages long, but it was still accepted and considered by the court. In *Pike v. Caldera*, 188 F.R.D. 519, 526 (S.D. Ind. 1999), motions to strike were denied.

Defendant also cites *Union Carbide Corp. v. Montell N.V.*, 179 F.R.D. 425, 428 (S.D.N.Y. 1998), but there, the plaintiff violated local rules by submitting an additional statement of facts. Further, that statement was "supported by fifteen volumes containing 459 exhibits" and was "basically a compendium of the arguments plaintiff plans to make at trial, rather than a short and concise statement of facts." *Id*. For those reasons, the court only considered those portions of the statement and exhibits thereto that were cited in plaintiff's memorandum of law. *Id*. at 428 & n.5. In contrast, here, all statements in the PSAMF specifically relate to either the motion for summary judgment or the motion to strike Dr. Felder's

6

expert report and they are cited in Plaintiff's memorandum of law. Further, Defendant incorrectly states that the *Union Carbide* court held that the lengthy statement of facts violated brief page limits. In actuality, the court found that the defendant violated page limits by filing seven separate motions for summary judgment, each aimed at different claims. *Id*. at 426.

    **B. The Factual Statements In Plaintiff's Statement Of Additional Material Facts Are Appropriate And Should Not Be Stricken.**

Defendant proclaims that "nearly all" of the factual statements in the PSAMF are improper (ECF No. 156 at 5) and asks this Court to strike 34 of the 76 separate statements of material fact in the PSAMF. None should be stricken.

    **1. <u>Statement 16</u>**

Statement 16 says: "Defendant charged uncompetitive rates not justified by its costs, market related factors, or its profit margin. Instead, it charged exorbitant rates and overcharged its customers by at least $36 million." PSAMF ¶ 16 (citing the expert report of Dr. Felder ("Felder Report") (Declaration of Todd Garber ("Garber Decl.") Ex. 1, ECF No. 151-2) at 17). This is a statement of fact. Using available records and math, Dr. Felder calculated that Defendant charged its customers at least $36,213,434 more than what they would have been charged, had they received their electricity from local utilities. *See* Felder Report at 15-17. Notably, Defendant does not dispute the accuracy of the underlying records relied on by Dr. Felder. Nevertheless, Defendant argues that this statement should be stricken based on nothing more than the conclusory assertion that "[t]his is the exact form of prohibited argument that cannot in good faith be said to be an 'undisputed' statement of fact." ECF No. 156 at 5. Defendant's reply brief provides no further specificity as to why this statement should be stricken.

In Defendant's response to the PSAMF, Defendant further "objects to this Statement [16]

7

as violating L.R. 56.1(b) inasmuch as it contains multiple statements and is improper argument, not fact, that should be in the brief. . . . [and] Plaintiff's inclusion of argument here is an intentional violation of page limitation under L.R.7.1(a)(1)." ECF No. 156-1 ¶ 16. There is no prohibition in the local rules against a statement consisting of two sentences (instead of one) or consisting of related points being discussed together in a single statement. Nor does Defendant cite any authority for this proposition.[4]

Statement 16 is also not a violation of any page limits. Indeed, the substance (and often almost exact quotations) of virtually all statements in the PSAMF can be found in Plaintiff's opposition brief with citation to the PSAMF. *See* ECF No. 151. Despite Defendant's suggestion to the contrary, the PSAMF does not contain any new legal or factual arguments that are not included in Plaintiff's opposition brief.[5] Nor does Defendant cite any case law supporting the proposition that the use of statements of material facts may constitute a violation of brief page limits.[6]

---

[4] In its response to the PSAMF, Defendant makes this same baseless objection regarding "multiple statements" with respect to many of the statements in the PSAMF. *See* ECF No. 156-1 ¶¶ 14-17, 25-29, 33 (referring to PSAMF ¶¶ 14-17, 25-29, 34). Further demonstrating the baselessness of this objection, Defendant uses the "multiple statements" objection with respect to statements like: "The contract says nothing about the EnergyGuard service and does not provide that Defendant may charge any amounts for this service" and "Neither the EnergyGuard brochure nor the cover letter disclose that this service will be provided at an additional cost or what that cost would be." *See* ECF No. 156-1 ¶¶ 14-15 (referring to PSAMF ¶¶ 14-15). There is no practical reason to split such statements into multiple sentences or paragraphs.

[5] Moreover, Defendant combined two separate motions for relief in its moving papers, a motion for summary judgment and a motion to strike Dr. Felder's testimony. If Plaintiff really needed additional space for legal argument, Plaintiff could have simply responded to each of the two motions with a separate brief.

[6] As stated above, *Union Carbide* does not help Defendant. There, the defendant violated page limits -- not by filing a lengthy statement of facts -- but by filing seven separate motions for summary judgment, each aimed at different claims, instead of the complaint as a whole. *Union Carbide*, 179 F.R.D. at 426.

## 2. Statements 17 And 34

Defendant asks the Court to strike Statement 17, but does not mention this statement anywhere else in its reply brief or explain why the statement should be stricken. ECF No. 156 at 5-7. Accordingly, no such relief should be granted. Conversely, Defendant discusses Statement 34, but does not ask the Court to strike it. *Id*. Statement 34 says:

> While, the PSC says that "Agway provided detailed evidence demonstrating that EnergyGuard provides a unique benefit that may be reasonably comparable to its costs," the PSC Order notably omits stating that Agway provided any "objective" evidence; rather, it merely states that Agway provided detailed evidence that EnergyGuard "may be reasonably comparable to its costs."

PSAMF ¶ 34 (citing the New York Public Service Commission Order Adopting Changes to the Retail Access Energy Market and Establishing Further Process dated December 12, 2019 ("PSC Order") (Garber Decl. Ex. 5, ECF No. 151-6) at 54). This statement quotes the PSC Order and makes factual assertions as to what this quote says and what this quote does not say. It is a fact that the PSC Order contains this language. It is also a fact that the PSC did not characterize the referenced evidence as "objective." *See* PSC Report at 54.

For the same reasons discussed above, there is no basis for any objection premised on a supposed evasion of page limits. Indeed, Plaintiff's brief in opposition to the summary judgment motion contains virtually identical language as that in Statement 34. *See* ECF No. 151 at 7-8 (citing PSAMF ¶ 34). Given that this point also appears in the brief, the inclusion of the same factual statement in the PSAMF cannot be construed as an evasion of page limits.

Further, it is odd that Defendant would seek to strike this statement, given that Defendant's own statement of material facts extensively quotes or discusses the content of the PSC Order in order to advance arguments why it is entitled to summary judgment. *See* ECF No. 137-14 ¶¶ 7-8, 11-25. Statement 34 is no different from statements in Defendant's statement of

material facts that discuss what the PSC Order permits and what it does not permit. *Cf.* ECF No. 137-14 ¶ 19 ("After four years of proceedings and 4,223 pages of testimony, through Reset Order 2, the PSC made a final determination: as of the effective date of Reset Order 2, no ESCOs other than Agway is permitted to offer a non-green energy variable rate product that <u>exceeds</u> the utility price to compare.") (emphasis in the original); *id*. ¶ 20 ("Additionally, no ESCO other than Agway is permitted to offer a 'value-added' product to any New York Consumers."); *id*. ¶ 21 ("Agway is the one exception to those rules in Reset Order 2: Agway is permitted to provide its variable-rate electricity commodity with EnergyGuard as a value-added product."). If Statement 34 must be stricken, so must these and other statements submitted by Defendant.[7]

> Additionally, in its response to Statement 34 in the PSAMF, Defendant states:
>
> Denied. Agway objects to this Statement as violating L.R. 56.1(b) inasmuch as it contains multiple statements and is improper argument, not fact, that should be in the brief. Agway further objects as Plaintiff's inclusion of argument here is an intentional violation of page limitation under L.R.7.1(a)(1).

ECF No. 156-1 ¶ 33 (referring to PSAMF ¶ 34). While Defendant purports to deny this statement, other than its baseless objections, Defendant provides no factual support for a denial. Local Rule 56.1(b) provides that "[e]ach denial shall set forth a specific citation to the record where the factual issue arises. <u>The Court may deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert</u>"

---

[7] In fact, Defendant's own reply papers demonstrate that the above-quoted statements of material fact submitted by Defendant are false. Attached as Exhibit L to the Reply Declaration of John D. Coyle ("Coyle Decl."), is a PSC document discussing the fact that, after the PSC Order was issued, the PSC issued another order authorizing other ESCOs to provide "home warranty product bundles as an additional energy-related value-added product[s]" like EnergyGuard. *See* Coyle Decl. Ex. L at 7. Indeed, this subsequent order specifically "[a]ddress[ed] ESCO Petitions Requesting Authorization to Provide Additional Products and Services." *Id*.

(emphasis in the original).⁸  Because Defendant provides no factual support for its denial, this statement should be deemed admitted.

Similarly, Defendant denies other statements in the PSAMF with objections, but no factual support. *See* ECF No. 156-1 ¶¶ 17, 33, 38-41, 46-75 (referring to PSAMF ¶¶ 17, 34, 39-42, 47-76). These statements should also be deemed admitted. Notably, Defendant commonly utilizes such non-fact-based denials to avoid making critical admissions. As examples, Defendant does not seek to strike Statements 39-42, but responded to those statements with the same non-fact-based denial. *See* ECF No. 156-1 ¶¶ 38-41 (referring to PSAMF ¶¶ 39-42). The crux of Defendant's summary judgment argument is that the PSC Order somehow precludes Plaintiff's claims. As explained in Plaintiff's opposition brief, nothing in the PSC Order permits the conduct alleged in the complaint. *See* ECF No. 151 at 6-10. Central to Plaintiff's arguments on this point are the following facts included in the PSAMF:

- "The PSC Order does not permit Defendant to charge any rate it wants, no matter how exorbitant.";

- "The PSC Order does not permit Defendant to violate the terms of its contracts with customers.";

- "The PSC Order does not permit Defendant to market and sell its products to customers in a deceptive manner."; and

- "The PSC Order does not exclude Defendant from the requirements of GBL § 349- d, to which all ESCOs are subject."

PSAMF ¶¶ 39-42 (citations omitted). These are material facts that preclude summary judgment.

---

⁸ *Accord*, *Carmel Central School District v. V.P.*, 373 F. Supp. 2d 402, 410 (S.D.N.Y. 2005) (it is appropriate to strike statements that are not supported by citations to the record and "to deem admitted all facts in a [party's] Rule 56.1 Statement that are not controverted by proper and compliant Rule 56.1 counter-statements."); *see also Arline v. Potter*, 404 F. Supp. 2d 521, 526-27 (S.D.N.Y. 2005) (the opposing party's mere self-serving assertions that evidence presented by movant is circumspect and that it should be placed under the scrutiny of jury was not sufficient to satisfy the Rule 56.1 requirement).

However, in order to avoid admissions that will doom its summary judgment motion, Defendant denies these statements with objections, but no facts. ECF No. 156-1 ¶¶ 38-41 (referring to PSAMF ¶¶ 39-42). Such conduct can never entitle a movant to summary judgment.

### 3. Statement 45

Defendant also takes issue with Statement 45. This statement says: "EnergyGuard's actual economic value is *de minimus*, particularly in comparison to its outrageous margins and resulting exorbitant variable rates. Based on Defendant's average actual annual EnergyGuard cost per customer ($2.13) and average cost for repairs, the probability that any customer will use the EnergyGuard service is 0.29%." PSAMF ¶ 45. Based on data from Defendant, Dr. Felder calculates the actual annual EnergyGuard cost per customer and the probability that any customer will use the EnergyGuard service. *See* Felder Rebuttal Report (Garber Decl. Ex. 2, ECF No. 151-3) ¶¶ 106-107. This is a factual statement. This is math, not legal argument. Moreover, based on these calculations, the factual conclusion that EnergyGuard's economic value is *de minimus* is plain.[9] Additionally, while Defendant, again, suggests that this statement is an evasion of page limits, Plaintiff makes this exact point in its opposition brief and, therefore, was not evading page limits by adding new arguments to the PSAMF.[10]

---

[9] To the extent the Court takes issue with adjectives like "outrageous" or "exorbitant," the remainder of the statement is factual in nature and the statement should not be stricken. *See JD2 Envtl., Inc. v. Endurance Am. Ins. Co.*, 2017 WL 751157, at *1 (S.D.N.Y. Feb. 27, 2017) (choosing to disregard argumentative portions of statement of material facts rather than striking statement in its entirety); *Congregation Rabbinical Coll. of Tartikov, Inc.*, 138 F. Supp. 3d 352, 395 (S.D.N.Y. 2015) (disregarding argumentative or redundant portions of 998–paragraph statement, rather than striking the statement in its entirety).

[10] *See* ECF No. 151 at 19-20 ("Dr. Felder also definitively demonstrates that EnergyGuard's actual economic value is *de minimus*, particularly in comparison to its outrageous margins and resulting exorbitant variable rates. Based on Agway's average actual annual EnergyGuard cost per customer ($2.13) and average cost for repairs, Dr. Felder concludes that the probability that any customer will use the EnergyGuard service is 0.29%") (citing PSAMF ¶ 45).

### 4. Statements 46-76

Defendant also asks the Court to strike Statements 46-76. To begin, it makes no sense that Defendant seeks to strike Statement 46 where Defendant admits this statement and does not interpose any objections. *See* ECF No 151-6 ¶ 45 (referring to PSAMF ¶ 46).

Defendant argues that Statements 46-76 constitute an evasion of page limits. Not so. These same factual statements are also made in Plaintiff's brief. The PSAMF is not a collection of new factual or legal assertions that were not made in the brief. Despite Defendant's suggestion to the contrary, the PSAMF simply is not "additional argument." ECF No. 156 at 6. There is nothing "additional" in the PSAMF, other than citations to the same factual assertions made in the brief.[11]

Further, Defendant erroneously argues that Statements 46-76 specifically are an evasion of page limits with respect to Defendant's motion to strike Dr. Felder's testimony. For strategic reasons of its own, Defendant combined two motions (for summary judgment and to strike Dr. Felder's testimony) into one brief. If there was any concern about meeting page limits, Plaintiff could have simply filed two separate briefs, responding to each motion. Also, Statements 46, 51-54, and 69-76 have nothing to do with the motion to strike Dr. Felder's testimony. They only pertain to the summary judgment motion. *See* ECF No. 151 at 15-20.

Moreover, although Defendant asks this Court to strike these 31 statements, Defendant only discusses a handful of them. Defendant notes that Statements 47-50 discuss Dr. Felder's background and expertise and falsely implies that this information was thrown into the PSAMF

---

[11] Because the parties' briefs combined arguments regarding both the summary judgment motion and the motion to strike Dr. Felder's testimony, to maintain uniformity, Plaintiff used the same method of citation to the PSAMF with respect to both portions of the opposition brief pertaining to the summary judgment motion and to the motion to strike. There was certainly nothing nefarious about such a citation methodology.

instead of taking up precious pages in the brief. In fact, the same detailed discussion of Dr. Felder's background appears in the brief -- almost word-for-word. *See* ECF No. 151 at 28-30.

Defendant takes issue with Statement 51 because it is supposedly disputed and, therefore, should not be in a statement of undisputed facts. To the extent Defendant disputes this statement, per Local Rule 56.1(b), the appropriate course of action is to cite facts refuting the statement. However, in its response to Statement 51, Defendant denies the statement and interposes objections, but does not cite any factual support for its denial. *See* ECF No. 151-6 ¶ 50 (referring to PSAMF ¶ 51). Therefore, this statement should be deemed admitted -- as should all other statements that Defendant denied without citation to any facts.

Defendant also addresses Statements 70 and 71 that relate to Dr. Aron's report. Defendant argues that they impermissibly, "argue[] in favor of Dr. Felder's opinions and against the weight that should be given to" Dr. Aron. ECF No. 156 at 6. These statements set out facts, including that Dr. Aron failed to implement a "scientific analysis, with defined criteria and a methodology, to determine whether Agway's rates are in fact 'competitive,'" but rather, "assert[ed] that Agway's rates are 'consistent' and 'within the range of variable rates,' without ever defining those terms or what it would mean for rates to be 'inconsistent' or 'not within the range of variable rates.'" PSAMF ¶ 71. Defendant complains that these statements "straddle[] the boundary between pure fact and advocacy," but provides no authority suggesting that such statements should be stricken. ECF No. 156 at 7.

Defendant does not specify why Statements 46, 52-69, or 72-76 should be stricken -- other than the baseless general refrain that all 31 paragraphs constitute an evasion of page limits.[12] Ultimately, these, and all other PSAMF statements referenced in Defendant's reply

---

[12] Notably, on the date the Court directed Plaintiff to file his motion for class certification,

14

brief should not be stricken.

### C. Even If Portions Of Plaintiff's Statement Of Additional Material Facts Were Improper, This Motion Should Still Be Denied.

Even assuming, *arguendo*, that any aspect of the PSAMF is improper, Defendant's requested relief is still inappropriate. Instead, the appropriate relief would be to simply disregard any such portions when deciding the summary judgment motion. It is well-established that "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001). Accordingly, courts in this Circuit routinely deny motions to strike statements of material facts, and, instead, disregard factual assertions that do not comply with Local Rules. *See, e.g., Mihalik v. Credit Agricole*, 2011 WL 3586060 at *4 (S.D.N.Y. July 29, 2011) ("[F]ollowing the practice of several other courts in this district, this Court will disregard any statements that lack support or are otherwise inadmissible."); *Ross Univ. Sch. of Med., Ltd. v. Brooklyn–Queens Health Care, Inc.*, 2012 WL 6091570, at *6 (E.D.N.Y. Dec. 7, 2012) ("[C]ourts in this Circuit frequently deny motions to strike paragraphs in Rule 56.1 statements, and simply disregard any improper assertions."); *see also ScentSational Techs., LLC v. PepsiCo, Inc.*, 2017 WL 4403308, at *7 (S.D.N.Y. Oct. 2, 2017) (denying motion to strike and stating "[t]he Court will consider the facts contained in Plaintiff's Rule 56.1 Statement to the extent they are not conclusory and are supported by the record"); *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 569 (E.D.N.Y. 1999) ("[R]ather than scrutinizing each line … and discussing whether they contain conclusory allegations, legal arguments, or hearsay … the Court, in its analysis of the motion for

---

Defendant filed a separate motion for denial of class certification. ECF No. 138. Defendant filed that motion without prior leave of the Court. That motion appears far closer to an effort to evade page limits than anything in the PSAMF as it allowed Defendant to file three briefs on class certification issues, instead of the expected single opposition brief.

summary judgment, will only consider relevant evidence that is admissible."). Such practices by the courts provide defendants with all the assurances they need, and would do so in the instant case as well.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that Defendant's motion to strike Plaintiff's statements of material fact be denied in its entirety.

Dated: White Plains, New York
November 1, 2021

By: *s/ Todd S. Garber*
Todd S. Garber
D. Greg Blankinship
Chantal Khalil
**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, NY 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
tgarber@fbfglaw.com
gblankinship@fbfglaw.com
ckhalil@fbfglaw.com

*Attorneys for Plaintiff
and the Putative Class*